STATE OF ALABAMA
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101

RECEIVED
2005 AUG 11  P 12: 14

STATE OF ALABAMA
GEORGE A. BRUMFIELD

VERSUS                     CA:2:05cv768-A

BURL CAIN & STATE OF ALABAMA
WARDEN, LOUISIANA STATE PRISON
CURRENT CUSTODIAL RESPONDENT ET AL.,
& ALABAMA DETAINER, ALABAMA DEPARTMENT
OF CORRECTIONS

"Habers Corpus Application"
**MOTION TO CORRECT AN ILLEGAL SENTENCE
AND MOTION FOR EVIDENTIARY HEARING**

TUSCALOUSA COUNTY CASE NO:
6TH JUDICIAL COURT CC-81-1

AFFIXED TO THIS MOTION:
OFFICIAL FORMA PAUPERIS APPLICATION
FOR UNITED STATES DISTRICT COURT OF ALABAMA

Respectfully Submitted:
George Brumfield, Pro Se Litigant
#89824, Camp C Bear 4
Louisiana State Penitentiary
Angola, Louisiana 70712

State of Alabama
George A. Brumfield

versus

Burl Cain & State of Alabama
Warden, Louisiana State Prison
Current Custodial Respondent et al
& Alabama Detainer, Alabama
Department of Corrections

State of Alabama
United States District Court
P.O. Box 711
Montgomery, Alabama 36101

Docket No. CC-81-1-Ala.

## Motion to Correct an Illegal Sentence and Motion for Evidentiary Hearing

To the Honorable Judges presiding in and for the United States District Court in and for the State of Alabama:

NOW COMES George Brumfield, Petitioner herein, related to the petition as Defendant in Case no. CC-81-1 under the authorities supported in compliance with the Rules of the Supreme Court of Alabama and the Criminal Code of Procedure of the State of Alabama and all state laws and statutes passed by the Legislative system in the State of Alabama.

Petitioner is before this Court as a Pro Se and indigent prisoner in the custody of the Warden and the State of Louisiana based on an out of state detainer, of said state of Alabama and Alabama Department of Corrections with Louisiana being the current custodial Respondent of said prisoner.

Petitioner filed a motion with District Circuit Court. Motion was denied by the Honorable Judge Thomas S. Wilson on October 20, 2004.

Petitioner then filed Motion with respective Court of Criminal Appeals in January 2005. The Honorable Court returned my writ and Motion on February 7, 2005. I wrote the respective Clerk of Court. He said I only had 42 days to appeal District Circuit Court Order of October 20, 2004. He said I had to file before December 3, 2004. Letters from Clerk affixed to this application.

Petitioner then filed a Writ of Mandamus and Application to the Alabama Supreme Court, State

-1-

of Alabama with complete files and Motions to District Circuit Court, and Alabama Court of Criminal Appeals (attached) with all correspondence to said courts attached.

Alabama Supreme Court denied the Writ of Mandamus on June 21, 2005.

Petitioner, defendant George Brumfield, Alabama Case no. CC-81-1, has showed good faith and jurisprudence and went through all state Court levels of law and has now exhausted all state Court remedies.

This is why he's entering the Federal District Courts with this Motion to be addressed by United States Federal Judges.

## STATEMENT OF THE CASE

Petitioner was charged by the State of Alabama for the crime of rape, which is a felony in the State of Alabama.

(1) Arraignment proceedings were held in open Court in the Sixth Judicial District Circuit Court before the Honorable Judge Baird, presiding for the State of Alabama on January 20, 1981 for cases CC-81-1 and CC-81-2. Both cases concerning Petitioner, defendant George Brumfield. Petitioner's attorney, Michael C. Cornwell was present that day in Court also.

The Honorable Judge Baird presiding for the State of Alabama handled both cases (CC-81-1 & CC-81-2) that day in Court for arraignment proceedings. These cases are enclosed as official Court papers duly signed by Court Judge Baird, defendant-petitioner and Court appointed attorney Mr. Michael C. Cornwell all signed by parties present at this arraignment proceedings on January 21, 1981.

(2) the Honorable Judge Baird stated at the arraignment proceedings in open Court and made this arraignment part of due process of law for defendant - Petitioner George A. Brumfield and legal counsel Mr. Michael C. Cornwell at the time. The Honorable Judge Baird not only stated the

-2-

following words in case CC-81-1 but also in case CC-81-2, not once but twice on the courts records on January 20, 1981.

Judge Baird stated in both cases:

"You have been indicted in this case by the Grand Jury of Tuscaloosa County Alabama of the charge of rape which is a felony offense. If you plead guilty to said crime, or if the jury finds you guilty of said crime, the law provides for punishment in the penitentiary for not less than 10 years nor more than 99 years or life up to 20,000 for such offense."

Judge Baird after stating this asked Court appointed counsel, Mr. Cornwell and Defendant/Petitioner Mr. Brumfield, did they both understand the charge and state statute he just read off in open Court. Counsel, Mr. Cornwell and Defendant/Petitioner Mr. Brumfield both told the Honorable Judge Baird they understood.

He then asked Defendant/Petitioner Mr. Brumfield how he plead to said charges. Defendant/Petitioner Mr. Brumfield plead not guilty. The Honorable Judge Baird went through this whole process not once, but twice with cases CC-81-1 and CC-81-2.

The Honorable Judge Baird remanded both case to jury trial dates.

Judge Baird officially signed the Court arraignment papers and had Mr. Michael C. Cornwell, Court appointed Attorney and Defendant/Petitioner Mr. Brumfield also sign these Court papers on January 20, 1981, making these papers official Court papers dutifully recorded in open Court and part of due process of law.

These became official court records for January 20, 1981, a binding contract. Judge Baird remanded both cases to trial.

The Honorable Judge Baird in and for the Sixth Judicial District Court, Tuscaloosa County, Alabama was arraignment Judge. But Trial Court Judge was the Honorable Judge Claude Harris, also a Sixth Judicial District Court Judge. The Honorable Judge Claude Harris would handle both trial and

-3-

cases CC-81-1 and CC-81-2 in his Court room and official Court.

Case no. CC-81-2 went to trial before a jury of peers. Defendant/Petitioner Brumfield was found guilty by a twelve member jury and recommended by jury for a sentence of 20 years. Judge Harris imposed the 20 year sentence on Petitioner which was legal.

Defendant/Petitioner then proceeded to trial in case CC-81-1 in November of 1981 before the Honorable Judge Harris. Defendant/Petitioner was once again tried before a twelve member jury panel. The jury found Defendant/Petitioner Brumfield guilty and recommended 150 years, signed by the jury foreman, Mr. Douglas S. Garret.

The Honorable Judge Claude Harris accepted the verdict and sentenced Defendant/Petitioner Mr. Brumfield to the recommended 150 year sentence.

This is the illegal sentence complained of herein recommended by the jury members and imposed by the Court.

The jury was not advised by Trial Court of the state law and state statutes regarding sentencing for the crime of rape or a Class A felony.

Judge Baird the Arraignment Judge stated state law that rape carried not less than ten years nor more than 99 years up to life with 20,000 fine.

150 years clearly stepped out of the binding agreement and state statutes at arraignment proceedings set forth by the Honorable Judge Baird for Sixth Judicial District Court.

Judge Baird, the Arraignment Judge, he himself stated not only to me, Defendant/Petitioner George A. Brumfield, but also to my Attorney, Legal Counsel Mr. Michael Cornwell, the charge and state law statute I was being charged with and tried under.

He made this official on January 20, 1981 and affixed his signature to said Court documents, not only in Case CC-81-1 but also case CC-81-2.

-4-

So Judge Baird made this official record and set guide lines for trial by affixing his signature to these official 6th Judicial Court Records.

Trial Court Judge Claude Harris did not abide with official Court records or papers and he did not instruct the jury panel in case CC-81-1 to these facts.

If he had, they would of said 99 years or life even. But not 150 years. They would of stayed in Court's instructions and trial Court Judge Claude Harris could not change his counterpart, the Honorable Judge Baird's ruling anyway.

So this 150 year sentence is illegal and has to be overturned and remanded back to the 6th Judicial District Court.

## MEMORANDUM OF LAW

Lester Wilson Reed v. State of Alabama, 1 Div. 418, June 30, 1987, 512 So.2d 804 *805. Reed used Deacon, supra, at 1005-1006 (quoting from Watkins v. State, 36 Ala.App. 711, 63 So.2d 293 (1953) (emphasis added), quote:

> "There was no guidance or explanation given whatsoever to the jury regarding the purpose of the admission of these five incidents.
> "Because what occurred in this case is exactly what the Supreme Court condemned in Deacon, supra, we hold that an election should have been compelled. For this reason, the appellant's conviction is due to be and is reversed and remanded. See also Coffer v. State, 440 So.2d 1121 (Ala. 1983) and Grissett v. State, 507 So.2d 969 (Ala. Crim. App. 1986) aff'd, Ex Parte State, 507 So.2d 972 (Ala. 1987).

This case, Reed v. State, was basically overturned because of failing to charge the 12 men and women jury panel thoroughly and properly.

Tryllus Brown Hannon v. State (Ala.) CR-95-0713, Court of Criminal Appeals of Alabama, April 19, 1986. The Court of Criminal Appeals, Long, J., held that prisoners failure to raise claim at trial Court exceeded its jurisdiction when imposing sentence. Opinion after remand, Ala. Cr.App. 682 So.2d 504.

-5-

1. Criminal law key 998(3).
Prisoner's failure to raise claim at trial that trial Court exceeded its jurisdiction in imposing prison sentence, which was in excess of statutory maximum did not procedurally bar prisoner from raising such claim in subsequent post conviction relief petition. Rules Crim. Proc. Rule 32.

2. Criminal law key 1208.3(1).
When Court imposes sentence in excess of that authorized by statute, it exceeds its jurisdiction and sentence is consequently void.

3. Criminal law key 998(3).
Claim of lack of jurisdiction to render judgment or to impose sentence is not precluded as basis for post conviction relief even though question could have been but was not raised at trial or on appeal. Rules Crim. Proc. Rule 32.

**Long, Judge, states in case <u>Thyllus Brown Hannon v. State</u>, CR-95-0713; 1-2, "When the Court imposes sentence in excess of that authorized by statute, it exceeds its jurisdiction and the sentence is consequently void." <u>Ferguson v. State</u>, 565 So.2d 1171, 1173 (Ala. Crim.App. 1990).**

3. In it's response to the Appellant's petition, the state did not specifically refute the appellant's allegations, but instead asserted that the appellants claim was procedurally barred. The trial Court denied the appellant's petition by simply saying stating the appellant's claim could have been, but was not raised at trial. However,

(A) Claim of lack of jurisdiction to render judgment or to impose sentence is not precluded as a basis for relief by rule 20.2 (now rule 32) even though the question of jurisdiction could have been, was not raised at trial or on appeal. Lancaster v. State, 638 So.2d 1370, 1373 (Ala. Cr. App. 1993); quoting Ferguson, supra, at 1173. The appellant has alleged facts that if true, entitles him to relief. Court remanded with instructions to said Court.

The above case was overturned basically because by law, if said trial steps out of its

boundaries and periodically sentences Petitioner to more time than state statute carries for said crimes, trial Court has absolutely stepped outside of its jurisdiction by state law.

Also, Criminal Code of Proc. Rule 32, states you can not bar Petitioner for Petitioner's failure to raise claim at appeal or post conviction relief. By Court's judgment

## CONCLUSION

This sentence of 150 years is null and void clearly violating due process and law and Petitioner's constitutional rights because the sentence and conviction is null and void it should be remanded back to trial Court as such, because jury set time limit and Court and judge concurred.

## PRAYER

This Honorable Federal Court will see that Petitioner / Defendant has supplied the Federal Courts and judges with absolute proof from Court documents and records in cases CC-81-1 and CC-81-2.

That case no. CC-81-1 be completely overturned the 150 year sentence due to judicial error, and that Case no. CC-81-2 with the sentence of twenty (20) years has been served day for day and has been satisfied as Petitioner / Defendant has served well over twenty years now.

## CERTIFICATE OF SERVICE

I, George Brumfield hereby certify that the foregoing is true and correct to the best of my knowledge and belief and has been served on counsel of all parties.

Respectfully Submitted;

George Brumfield #88824
Camp C Bear 4
Louisiana State Prison
Angola, Louisiana 70712

cc: file copy