VS.

George Brunfield

DEFENDANT.

TUSCALOOSA COUNTY, ALABAMA

CASE NO. CC 81-1

You have been indicted in this case by the Grand Jury of Tuscaloosa County, Alabama, on the charge of

Rape

which is a felony offense. If you plead guilty to said crime, or if the jury finds that you are guilty of said crime, the law provides for punishment by imprisonment in the penitentiary for not less than 10 yrs _____ nor more than

99 yrs or life up to $20000 _____ for such offense.

Under the Constitution of the United States and of the State of Alabama, you have a right or privilege not to be compelled to give evidence against yourself. In the trial of your case before the jury, you have the right to take the witness stand and to testify on your own behalf, if you so desire, but no one can require you to testify. If you testify, you can be cross-examined by the state. If you do not testify, no one can even comment to the jury as to your failure to testify. You have the right to remain absolutely silent, but anything that you voluntarily say, with knowledge of your rights, may be used against you. Your conversations with your attorney are confidential and cannot, and will not, be disclosed by your attorney.

You have the right to stand on your plea of not guilty, and the right to a public trial before a duly selected jury. In a jury trial, the jury would determine whether you are guilty or whether you are innocent, based upon the evidence in the case.

In the trial of your case your attorney could subpoena witnesses on your behalf, make legal objections to matters that he felt were objectionable, cross-examine the witnesses of the state, examine your own witnesses, and argue the matter before the jury. He would be bound to do everything that he could honorably and reasonably do to see that you obtain a fair and impartial trial. You have the right to have witnesses subpoenaed to testify as to pertinent facts in your favor.

In the trial of your case you will come into court clothed with a presumption that you are not guilty and this presumption will follow you throughout the course of the trial until the evidence produced by the state convinces each juror beyond a reasonable doubt of your guilt. The burden of proof is upon the State of Alabama to convince each and every juror from the evidence in the case that you are guilty beyond a reasonable doubt before the jury would be authorized to find you guilty. If the state does not meet such burden of proof, it will be the jury's duty to find you not guilty. You will have no burden of proof whatsoever in your trial.

To the charges set forth in the indictment you have the right to enter a plea of guilty, not guilty, not guilty by reason of insanity or any other special plea. You will enter a plea of guilty only if you are actually guilty of said crime and if you do not desire a jury trial. If you plead guilty there will be no jury trial, as has been heretofore explained to you.

Your attorney will go over these rights with you, but if you have any questions about any of them, please ask the undersigned Judge and he will be happy to make further explanation thereof to you.

This the 20th day of January, 1981.

_____
Circuit Judge of the Sixth Judicial Circuit of Alabama.

FILED
Record No. P
JAN 20 1981

## PLEA OF NOT GUILTY

Comes the defendant in the above-styled cause and states to the Court that on this date he has read, or has had read to him, the matters and things hereinabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or abused or offered any inducement or reward to get him to plead not guilty, and desires to plead not guilty. and Not Guilty By Reason of Insanity

This the 20 day of Jan, 1981.

_____
Defendant.

Comes the attorney for the above-styled defendant and certifies that on this date the above and foregoing rights were read by the defendant in my presence, or were read to him by me, that I discussed such rights with the defendant, in detail, that a written copy of the above rights was given to the defendant for him to keep, use and study, and that I concur in the plea of not guilty.

This the 20 day of Jan, 1981.

_____
Attorney for Defendant.

## PLEA OF GUILTY

Comes the defendant in the above-styled cause and states to the Court that on this date he has read, or has had read to him, the matters and things hereinabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or abused or offered any inducement or reward to get him to plead guilty. Defendant further states to the court that he is guilty as charged, in this case, and desires to plead guilty.

This the _____ day of _____, 19___.

_____
Defendant.

Comes the attorney for the above-styled defendant and certifies that on this date the above and foregoing rights were read by the defendant in my presence, or were read to him by me, that I discussed such rights with the defendant, in detail, that a written copy of the above rights was given to the defendant for him to keep, use and study, and that I concur in the plea of guilty.

This the _____ day of _____, 19___.

_____
Attorney for Defendant.

ARRAIGNMENT CC-81-1

**EXPLANATION OF RIGHTS**

STATE OF ALABAMA
VS.

George Brumfield
_____
DEFENDANT.

IN THE CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA

CASE NO. CC 81.2

You have been indicted in this case by the Grand Jury of Tuscaloosa County, Alabama, on the charge of

Rape

which is a felony offense. If you plead guilty to said crime, or if the jury finds that you are guilty of said crime, the law provides for punishment by imprisonment in the penitentiary for not less than 10 yrs nor more than 99 yrs or life & up to $20,000 for such offense.

Under the Constitution of the United States and of the State of Alabama, you have a right or privilege not to be compelled to give evidence against yourself. In the trial of your case before the jury, you have the right to take the witness stand and to testify on your own behalf, if you so desire, but no one can require you to testify. If you testify, you can be cross-examined by the state. If you do not testify, no one can even comment to the jury as to your failure to testify. You have the right to remain absolutely silent, but anything that you voluntarily say, with knowledge of your rights, may be used against you. Your conversations with your attorney are confidential and cannot, and will not, be disclosed by your attorney.

You have the right to stand on your plea of not guilty, and the right to a public trial before a duly selected jury. In a jury trial, the jury would determine whether you are guilty or whether you are innocent, based upon the evidence in the case.

In the trial of your case your attorney could subpoena witnesses on your behalf, make legal objections to matters that he felt were objectionable, cross-examine the witnesses of the state, examine your own witnesses, and argue the matter before the jury. He would be bound to do everything that he could honorably and reasonably do to see that you obtain a fair and impartial trial. You have the right to have witnesses subpoenaed to testify as to pertinent facts in your favor.

In the trial of your case you will come into court clothed with a presumption that you are not guilty and this presumption of innocence will follow you throughout the course of the trial until the evidence produced by the state convinces you beyond a reasonable doubt of your guilt. The burden of proof is upon the State of Alabama to convince each and every juror from the evidence in the case that you are guilty beyond a reasonable doubt before the jury would be authorized to find you guilty. If the state does not meet such burden of proof, it will be the jury's duty to find you not guilty. You will have no burden of proof whatsoever in your trial.

To the charges set forth in the indictment you have the right to enter a plea of guilty, not guilty, not guilty by reason of insanity or any other special plea. You will enter a plea of guilty only if you are actually guilty of said crime and if you do not desire a jury trial. If you plead guilty there is no jury trial, as has been heretofore explained to you.

Your attorney will go over these rights with you, but if you have any questions about any of them, please ask the undersigned Judge and he will be happy to make further explanation thereof to you.

This the 20th day of January, 1981

_____
Circuit Judge of the Sixth Judicial Circuit of Alabama.

FILED
Record No. P_____
JAN 20 1981

## PLEA OF NOT GUILTY

Comes the defendant in the above-styled cause and states to the Court that on this date he has read, or has had read to him, the matters and things hereinabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or abused, or offered any inducement or reward to get him to plead not guilty, and desires to plead not guilty. and Not Guilty By Reason of Insanity

This the 20 day of Jan, 1981

George A. Brumfield
_____
Defendant.

Comes the attorney for the above-styled defendant and certifies that on this date the above and foregoing rights were read by the defendant in my presence, or were read to him by me, that I discussed such rights with the defendant, in detail, that a written copy of the above rights was given to the defendant for him to keep, use and study, and that I concur in the plea of not guilty.

This the 20 day of Jan, 1981

Michael C. Cornwell
_____
Attorney for Defendant.

## PLEA OF GUILTY

Comes the defendant in the above-styled cause and states to the Court that on this date he has read, or has had read to him, the matters and things hereinabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or abused or offered any inducement or reward to get him to plead guilty. Defendant further states to the court that he is guilty as charged, in this case, and desires to plead guilty.

This the _____ day of _____, 19___.

_____
Defendant.

Comes the attorney for the above-styled defendant and certifies that on this date the above and foregoing rights were read by the defendant in my presence, or were read to him by me, that I discussed such rights with the defendant, in detail, that a written copy of the above rights was given to the defendant for him to keep, use and study, and that I concur in the plea of guilty.

This the _____ day of _____, 19___.

_____
Attorney for Defendant.

ARRAIGNMENT CC 81-2                    CC 81-2

COPY OF INDICMENT AND WRIT OF ARREST

ALABAMA CASE NUMBER CC 81-1

*AND ARRAIGNMENT AND Court Papers!*

PLEASE TAKE NOTICE TO DAY AND DATE AND YEAR ON PAPERS.

CASE CC-81-1

No. G.J. 243 .............. Page......

# THE STATE OF ALABAMA

TUSCALOOSA COUNTY

## CIRCUIT COURT

THE STATE OF ALABAMA

vs.

GEORGE BRUMFIELD

M/M

## WRIT OF ARREST

Issued ........ July 2 ......., 19 79.

Doris T. Turner, Clerk, Circuit Court.

Defendant lives at

_Doris T. Turner_

FOR THE STATE SUMMON

NOT FOUND in Tuscaloosa County this 19

15 day of ........... W. WALKER, Sheriff.

BRUMFIELD, Tuscaloosa Co., Ala.

by ................................ D. S

FINGERPRINT FEE $1.00

Bail of the Defendant in this case has been
fixed by this presiding Judge, in open Court,
at $10,000.00 ....................... Dollars,
this ........ day of ........., 19 ....
Doris T. Turner, Clerk, Circuit Court.

Received, this ............ day of
.........................., 19 81
B/B Walker .................... Sheriff.

I have executed the within writ, this
....... day of ......................., 19 81
by arresting the within named Defendant and

Defendant made bond

Defendant was placed in Jail

............................................ Sheriff.

............................................ Deputy Sheriff.

CC-81-1

**WRIT OF ARREST**

**THE STATE OF ALABAMA,**
**TUSCALOOSA COUNTY.**

No. G.J. 242    Tuscaloosa County Circuit Court

July    Term, 19 79

**TO ANY SHERIFF OF THE STATE OF ALABAMA—Greeting:**

An indictment having been found at the ............ January ............ Term, 19 79, of the

Tuscaloosa County Circuit Court for said County, against    GEORGE BRUMFIELD

for the offense of    RAPE

You are therefore commanded forthwith to arrest the said Defendant and commit ... him ...... to jail,

unless he ... give bond, to answer such indictment at the present term of the Tuscaloosa County Circuit

Court, to be holden for said County; and from term to term until discharged by due course of law, and

make return of this writ according to law.

Witness my hand, this ...... 2nd .... day of ...... July ............, 19 79

Doris T. Turner

Doris T. Turner, Clerk, Circuit Court

CC-5

835    R 8-(1)

G. J. No. 242        No. CC-81-1

THE STATE OF ALABAMA.
TUSCALOOSA COUNTY.

## CIRCUIT COURT

January_____Term, 19_79

~~THE STATE~~
vs.

GEORGE BRUMFIELD

## INDICTMENT

RAPE

No Prosecutor.

### WITNESSES:

Warren Miller, SO/HU
R. ley Fields, SO/HU
Wayne Murphy, SO/HU
Sandra Stimpson, 3516 12th Ave. F.,
   Apt. 8-C, City

---

## A TRUE BILL

Foreman Grand Jury

Presented to the Judge Presiding in open
Court by the Foreman of the Grand Jury, in
the presence of_____16_____other Grand
Jurors, and filed in open Court this_____

JUN 29 1979

Clerk

It is ordered and adjudged by the Court
that bail in this case be fixed at
$ 10000 00

This    JUN 29 1979

Judge Presiding

834

C. P. 81-1

CC-81

| INDICTMENT | Form No. 2 |
|---|---|

THE STATE OF ALABAMA.
TUSCALOOSA COUNTY.

CIRCUIT COURT

January _____ Term, 19 79

1. The Grand Jury of said County charge that before the finding of this Indictment ___GEORGE
BRUMFIELD,

whose name is otherwise unknown to the Grand Jury, forcibly ravished
Sandra Stimpson, a woman,

against the peace and dignity of the State of Alabama.

WAYNE WILLIAMS
District Attorney
Sixth Judicial Circuit

STATE OF ALABAMA                                          IN THE CIRCUIT COURT OF

VS.

George Brumfield                                    TUSCALOOSA COUNTY, ALABAMA
                        DEFENDANT.
                                                    CASE NO. CC 81.01

You have been indicted in this case by the Grand Jury of Tuscaloosa County, Alabama, on the charge of

Rape

which is a felony offense. If you plead guilty to said crime, or if the jury finds that you are guilty of said crime, the law provides for punishment by imprisonment in the penitentiary for not less than 10 years _____ nor more than 99 years or life up to # 20000 _____ for such offense.

Under the Constitution of the United States and of the State of Alabama, you have a right or privilege not to be compelled to give evidence against yourself. In the trial of your case before the jury, you have the right to take the witness stand and to testify on your own behalf, if you so desire, but no one can require you to testify. If you testify, you can be cross-examined by the state. If you do not testify, no one can even comment to the jury as to your failure to testify. You have the right to remain absolutely silent, but anything that you voluntarily say, with knowledge of your rights, may be used against you. Your conversations with your attorney are confidential and cannot, and will not, be disclosed by your attorney.

You have the right to stand on your plea of not guilty, and the right to a public trial before a duly selected jury. In a jury trial, the jury would determine whether you are guilty or whether you are innocent, based upon the evidence in the case.

In the trial of your case your attorney could subpoena witnesses on your behalf, make legal objections to matters that he felt were objectionable, cross-examine the witnesses of the state, examine your own witnesses, and argue the matter before the jury. He would be bound to do everything that he could honorably and reasonably do to see that you obtain a fair and impartial trial. You have the right to have witnesses subpoenaed to testify as to pertinent facts in your favor.

In the trial of your case you will come into court clothed with a presumption that you are not guilty and this presumption of innocence will follow you throughout the course of the trial until the evidence produced by the state convinces each juror beyond a reasonable doubt of your guilt. The burden of proof is upon the State of Alabama to convince each and every juror from the evidence in the case that you are guilty beyond a reasonable doubt before the jury would be authorized to find you guilty. If the state does not meet such burden of proof, it will be the jury's duty to find you not guilty. You will have no burden of proof whatsoever in your trial.

To the charges set forth in the indictment you have the right to enter a plea of guilty, not guilty, not guilty by reason of insanity or any other special plea. You will enter a plea of guilty only if you are actually guilty of said crime and if you do not desire a jury trial. If you plead guilty there will be no jury trial, as has been heretofore explained to you.

Your attorney will go over these rights with you, but if you have any questions about any of them, please ask the undersigned Judge and he will be happy to make further explanation thereof to you.

This the 20th day of January 1981 _____
                                                    _____
                                                    Circuit Judge of the Sixth Judicial Circuit of Alabama.

FILED
Record No. _____ P. _____
JAN 20 1981

## PLEA OF NOT GUILTY

Comes the defendant in the above-styled cause and states to the Court that on this date he has read, or has had read to him, the matters and things hereinabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or abused or offered any inducement or reward to get him to plead not guilty, and desires to plead not guilty. And Not Guilty by Reason of Insanity

This the 20 day of Jan 1981
                                                    _____
                                                    Defendant.

Comes the attorney for the above-styled defendant and certifies that on this date the above and foregoing rights were read by the defendant in my presence, or were read to him by me, that I discussed such rights with the defendant, in detail, that a written copy of the above rights was given to the defendant for him to keep, use and study, and that I concur in the plea of not guilty.

This the 20 day of Jan 1981
                                                    _____
                                                    Attorney for Defendant.

## PLEA OF GUILTY

Comes the defendant in the above-styled cause and states to the Court that on this date he has read, or has had read to him, the matters and things hereinabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or abused or offered any inducement or reward to get him to plead guilty. Defendant further states to the court that he is guilty as charged, in this case, and desires to plead guilty.

This the _____ day of _____ 19 ____
                                                    _____
                                                    Defendant.

Comes the attorney for the above-styled defendant and certifies that on this date the above and foregoing rights were read by the defendant in my presence, or were read to him by me, that I discussed such rights with the defendant, in detail, that a written copy of the above rights was given to the defendant for him to keep, use and study, and that I concur in the plea of guilty.

This the _____ day of _____ 19 ____
                                                    _____
                                                    Attorney for Defendant.

| State of Alabama<br>Unified Judicial System<br><br>Form C-6  Rev 8/77 | **CASE ACTION SUMMARY**<br>**(CRIMINAL)** | Case Number<br><br>CC  81  1<br>ID   YR    Number |
|---|---|---|

IN THE ___CIRCUIT___ COURT OF ___TUSCALOOSA___ COUNTY

**STATE OF ALABAMA**
vs.

| Distinguishing Features: | | |
|---|---|---|

Date of Birth

| Defendant<br><br>GEORGE BRUMFIELD<br><br>W/M  D.O.B. | Address<br><br>Tuscaloosa County Jail<br><br>Zip |
|---|---|

| SSAN | | | | | |
|---|---|---|---|---|---|
| Sex | Race | | Eyes | Hair | Height |
| M | W | | | | |

Date War/Cap. Issued  7/2/79 | Date Committed to
Date Initial Appearance | Date Released on B

| Employer | Address |
|---|---|

Date War/Cap. Issued 7/2/79 | Date Committed to 1/8/81

Date Initial Appearance | Date Released on B

| Case Number<br>CC  81  1 | ☒ Jury<br>☐ Non-Jury | Date Arrested<br>1/8/81 | ☒ Incarcerated<br>☐ On Bond |
|---|---|---|---|

Charges  ☐ Msd.  ☒ Fel.  ☐ App.

Prosecutor
CHARLES FREEMAN | Judge ID

RAPE

Attorney
*Public Defender*
*Arden Hollingsworth-Appt*

NOTE: BRUCE MADDOX IS
SPECIAL PROSECUTOR

| Bond Amount<br>$10,000.00 | Bond Type & Suret |
|---|---|
| Dt. Prelim. Hearing | |
| Dt. Y.O. Applic. | Dt. Probation Appli |
| Grand Jury No.<br>242 | Dt. Indictment<br>6/29/79 |
| Dt. Arraignment | Plea |

| Arresting Officer:<br>D.D. Adams & Wayne Murphy | ☐ Municipal ☒ County<br>☐ State ☐ Conservation |
|---|---|
| Complainant:<br>Sandra Stimpson | Address<br>3516-12th Avenue East, |

| Dt. Trial | Dt. Sentenced |
|---|---|
| Dt. Appeal Filed | Appeal Bond Amt. |

Additional Information And Remarks:    Apt. 8C, Tuscaloosa, Al.
6-25-81- Defendant transferred to Bryce Hospital from
7-31-81 Defendant transferred from Bryce Hospital back
to Tusc. Co. Jail.
11/6/81 Transcript mailed to Bd. of Correction
11/6/81 Letter of Transmittal & Notice of Appeal mailed to Court of Criminal Appeals + Attorney Ge

Disposition Class: A
Offense date: 7-15-77
7-19-84 Revised Transcript
mailed to Bd. of Correction

| DATE | ACTIONS, JUDGMENTS, CASE NOTES  Minute Book No. 186 |
|---|---|
| JAN 2 0 1981 | Defendant and his attorney knowingly and voluntarily waives arraignment and enters his plea of not guilty. See forms in file.  *JOB Bun Q* |
| FEB  4 1981 | for trial.  Arraign. Bryce transfer pending Jac |
| FEB 26 1981 | Cont'd on Def. Motion for cause Jac |
| 3/12/81 | For trial - CNJ |
| MAY  5 1981 | Cont'd awaiting report from Bryce. Jac |
| -/25/81 | Defendant ordered evaluated at Bryce Hospital - Ch |
| 9/4/8 | Motion for change of venue hear by Aft. considering the evidence mited argument. Den Cld it is |

| Date | ACTIONS, JUDGMENTS, CASE NOTES |
|------|-------------------------------|

**1/4/71** — This Court then explained to defendant that defendant had a right to appeal to the Court of Criminal Appeals of Alabama if he elected to do so.

Defendant then made known to the Court that defendant did not desire to appeal. The State is hereby ordered to proceed in forma pauperis.

_Judge Presiding_

**11/4/71** — Public defender's office appointed to represent defendant as opposed.

**2/11/85** — Defendant having advised the Court of his intention of filing for writ of Habeas Corpus. Arden Hollingsworth is appointed to represent defendant, defendant being found to be indigent & said attorney is authorized to copy Court records & trace same down to defendant.

_Thomas Steele_

ate of Alabama
Jnified Judicial System
Dept. of Court Mgmt.

Form C-7 Rev. 8/77

**CASE ACTION SUMMARY**

Case Number

CC 81 1

ID   YR   Number

Style:

Page Number 3 of ___ Page

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|------|-------------------------------|

Defendant heretofore having been indicted and arraigned upon an indict

ment on a charge of ___Rape___

_____, and heretofore having plead not guilty

thereto, issue joined on said plea. Thereupon comes a jury of good and lawfu

men, to-wit, __Douglas S. Garrett_____, and eleven others, who

being duly empaneled, sworn and charged by the Court according to law, before

whom the trial of this cause was entered upon and continued from day to day

and from time to time, said Defendant, __George Brumfield_____ being

in open Court at each and every stage and during all the proceedings in this

cause, now on this the __4th__ day of __November__, 19__81__, said jurors upon

their oaths do say:

"We, the jury, find the defendant guilty of Rape as charged
in the indictment, and fix his punishment at One Hundred
Fifty (150) Years in the State Penitentiary.
          __Douglas S. Garrett__
               Foreman."

The Court therefore adjudges the Defendant guilty of ___Rape___

_____. The Defendant being in open Court

and being asked by the Court if he has anything to say why the sentence of law

should not be pronounced upon him says nothing. It is therefore considered by

the Court and it is the judgment and sentence of the Court that this Defendant

be imprisoned in the penitentiary of the State of Alabama for period of __One__

__Hundred Fifty (150) Years__, as punishment for his crime in the manner

and form provided by law.

This the __4th__ day of __November__, 19__81__.

_____
Circuit Judge

AP 12-3 Letter of Transmittal of Notice of Appeal to the Court of Criminal Appeals by Trial Clerk

## LETTER OF TRANSMITTAL OF NOTICE OF APPEAL TO
## THE COURT OF CRIMINAL APPEALS BY
### TRIAL CLERK

Case No. CC 81-1

GEORGE BRUMFIELD
    Appellant

Offense ___RAPE___

V.

Sentence ___ONE HUNDRED-FIFTY (150) YEA___

STATE OF ALABAMA
    Appellee

Notice of Appeal ___NOVEMBER 4, 1981___
          Date Filed

Judgement Entry ___NOVEMBER 4, 1981___
          Date Entered

[ X ]   Oral notice of appeal has been given prior to or on the date of entry of the judgment of conviction in this cause.

[    ]   Written notice of appeal has been filed on the date indicated hereon (within 42 days from the entry of judgment or the order overruling a post conviction motion).

A certified copy of the entry of record of the oral notice of appeal or the written notice of appeal is forwarded herewith for filing with the Court of Criminal Appeals.

I certify that I have served a copy of this letter of transmittal along with a copy of the notice of appeal on each of the following:

1.  Court Reporter (Name and address)  David Black, 2nd Floor, County Courthouse Tuscaloosa, Alabama 35401
2.  Defendant
3.  Defendant's appellate counsel. (Name and address)  Hon. Mike Cornwell, Hon. J. D. Terry, Public Defender's Office, 4th Floor,
4.  District Attorney   County Courthouse, Tuscaloosa, Alabama 35401
5.  Attorney General

DATED this ___6th___ day of ___November___ 19 __81__ .

___Doris T. Turner___
Doris T. Turner, Circuit Clerk of
Tuscaloosa County, Alabama

FILED

FEB 0 2 2005

CLERK
ALA COURT CRIMINAL APPEALS

COPY OF INDICMENT AND WRIT OF ARREST

ALABAMA CASE NUMBER CC 81 - 2

*AND ARRAIGNMENT AND Court Papers*

PLEASE TAKE NOTICE TO DAY, AND DATE, AND YEAR ON PAPERS.

CASE CC/ 81/2

No. G.J. 242        Page..........

# THE STATE OF ALABAMA

TUSCALOOSA COUNTY

## CIRCUIT COURT

THE STATE OF ALABAMA

vs.

GEORGE BRUMFIELD

H/M

*Issuance of prison arrest*

## WRIT OF ARREST

Issued........July 2..............., 19.79.

*Doris T. Turner*

Doris T. Turner, Clerk, Circuit Court.

Defendant lives at

..........................................

..........................................

FOR THE STATE SUMMON

NOT FOUND in Tuscaloosa County this the

......day of........................, 19....

BRASOE R. WALKER, Sheriff

Tuscaloosa Co., Ala.

.........................................D. F

Br..........................................

---

Bail of the Defendant in this case has been

fixed by the presiding Judge, in open Court,

at.......$10,000.00.......................Dollars.

...........T. Turner, Clerk, Circuit Court.

Received, this..................day of

'ON JAN 9 AM........., 19....

*B. Brodrick*

..................................Sheriff.

I have executed the within writ, this

8 day of.......Jan......, 19 81

by arresting the within named Defendant and

Defendant made bond.............................

Defendant was placed in Jail....................

...........................................Sheriff.

*D. C. Johnson*

TPD

..................................Deputy Sheriff.

G. J. No. 243.    No. CC-81-2

THE STATE OF ALABAMA.
TUSCALOOSA COUNTY.

## CIRCUIT COURT

January _____ Term, 19 79

THE STATE
vs.
GEORGE BRUMFIELD

## INDICTMENT

RAPE

No Prosecutor.

WITNESSES:

Warren Miller, SO/HU
ley Fields, SO/HU
Wayne Murphy, SO/HU
Vicki Sue Broderick, 24 Biscayne
Hills, City



## A TRUE BILL.

_____
Foreman Grand Jury

Presented to the Judge Presiding in open
Court by the Foreman of the Grand Jury, in
the presence of ____16____ other Grand
Jurors, and filed in open Court this _____

——— JUN 29 1979 ———

_____ Clerk

It is ordered and adjudged by the Court
that bail in this case be fixed at
$ 10,000°°

This    JUN 29 1979

_____
Judge Presiding

CC-81-2

WRIT OF ARREST

THE STATE OF ALABAMA,
TUSCALOOSA COUNTY.

No. G.J. 243    Tuscaloosa County Circuit Court

July .......... Term, 19 79

TO ANY SHERIFF OF THE STATE OF ALABAMA—Greeting:

An indictment having been found at the ............ January ............ Term, 1979, of the Tuscaloosa County Circuit Court for said County, against ... GEORGE BRUMFIELD

for the offense of .... RAPE

You are therefore commanded forthwith to arrest the said Defendant and commit ...... him ...... to jail, unless he give bond, to answer such indictment at the present term of the Tuscaloosa County Circuit Court, to be holden for said County; and from term to term until discharged by due course of law, and make return of this writ according to law.

Witness my hand, this 2nd .......... day of .......... July .......... , 19 79

Doris T. Turman
Doris T. Turman, Clerk, Circuit Court



CC-81-

**INDICTMENT**

Form No. 2
BROWN PRINTING CO., MONTGOMERY 1973

THE STATE OF ALABAMA.
TUSCALOOSA COUNTY.

CIRCUIT COURT

January Term, 19 7Q

I.  The Grand Jury of said County charge that before the finding of this Indictment___ GEORGE
BRUMFIELD

whose name is otherwise unknown to the Grand Jury, forcibly ravished
Vicki Sue Broderick, a woman,

nst the peace and dignity of the State of Alabama.

WAYNE L. WILLIAMS

District Attorney
Sixth Judicial Circuit

STATE OF ALABAMA
VS.

George Brumfield
                        DEFENDANT.

IN THE CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA

CASE NO. CC 81.2

You have been indicted in this case by the Grand Jury of Tuscaloosa County, Alabama, on the charge of

Rape

which is a felony offense. If you plead guilty to said crime, or if the jury finds that you are guilty of said crime, the law provides for punishment by imprisonment in the penitentiary for not less than 10yrs nor more than 99 yrs or life & upto $20,000 for such offense.

Under the Constitution of the United States and of the State of Alabama, you have a right or privilege not to be compelled to give evidence against yourself. In the trial of your case before the jury, you have the right to take the witness stand and to testify on your own behalf, if you so desire, but no one can require you to testify. If you testify, you can be cross-examined by the state. If you do not testify, no one can even comment to the jury as to your failure to testify. You have the right to remain absolutely silent, but anything that you voluntarily say, with knowledge of your rights, may be used against you. Your conversations with your attorney are confidential and cannot, and will not, be disclosed by your attorney.

You have the right to stand on your plea of not guilty, and the right to a public trial before a duly selected jury. In a jury trial, the jury would determine whether you are guilty or whether you are innocent, based upon the evidence in the case.

In the trial of your case your attorney could subpoena witnesses on your behalf, make legal objections to matters that he felt were objectionable, cross-examine the witnesses of the state, examine your own witnesses, and argue the matter before the jury. He would be bound to do everything that he could honorably and reasonably do to see that you obtain a fair and impartial trial. You have the right to have witnesses subpoenaed to testify as to pertinent facts in your trial.

In the trial of your case you will come into court clothed with a presumption that you are not guilty and this presumption of innocence will follow you throughout the course of the trial until the evidence convinces each juror beyond a reasonable doubt of your guilt. The burden of proof is upon the State of Alabama to convince each and every juror from the evidence in the case that you are guilty beyond a reasonable doubt before the jury would be authorized to find you guilty. If the state does not meet such burden of proof, it will be the jury's duty to find you not guilty. You will have no burden of proof whatsoever in your trial.

To the charges set forth in the indictment you have the right to enter a plea of guilty, not guilty, not guilty by reason of insanity or any other special plea. You will enter a plea of guilty only if you are actually guilty of said crime and if you do not desire a jury trial. If you plead guilty there will be no jury trial, as has been heretofore explained to you.

Your attorney will go over these rights with you, but if you have any questions about any of them, please ask the undersigned Judge and he will be happy to make further explanation thereof to you.

This the 20th day of January, 1981

                        _____
                        Circuit Judge of the Sixth Judicial Circuit of Alabama.

FILED
Record No. P_____

JAN 20 1981

## PLEA OF NOT GUILTY

Comes the defendant in the above-styled cause and states to the Court that on this date he has read, or has had read to him, the matters and things hereinabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or abused or offered any inducement or reward to get him to plead not guilty, and desires to plead not guilty. and Not Guilty By Reason of insanity

This the 20 day of Jan, 1981

                        _____
                        Defendant.

Comes the attorney for the above-styled defendant and certifies that on this date the above and foregoing rights were read by the defendant in my presence, or were read to him by me, that I discussed such rights with the defendant, in detail, that a written copy of the above rights was given to the defendant for him to keep, use and study, and that I concur in the plea of not guilty.

This the 20 day of Jan, 1981

                        _____
                        Attorney for Defendant.

## PLEA OF GUILTY

Comes the defendant in the above-styled cause and states to the Court that on this date he has read, or has had read to him, the matters and things hereinabove set forth; that his attorney has thoroughly gone over said matters and things with him and that he, the defendant, thoroughly understands them; that he is not under the influence of any drugs, medicines or alcoholic beverages and has not been threatened or abused or offered any inducement or reward to get him to plead guilty. Defendant further states to the court that he is guilty as charged, in this case, and desires to plead guilty.

This the _____ day of _____, 19____

                        _____
                        Defendant.

Comes the attorney for the above-styled defendant and certifies that on this date the above and foregoing rights were read by the defendant in my presence, or were read to him by me, that I discussed such rights with the defendant, in detail, that a written copy of the above rights was given to the defendant for him to keep, use and study, and that I concur in the plea of guilty.

This the _____ day of _____, 19____

                        _____
                        Attorney for Defendant.

| State of Alabama Unified Judicial System | **CASE ACTION SUMMARY** **(CRIMINAL)** | Case Number |
|---|---|---|
| Form C-6  Rev 8/77 | | CC 81 2 |
| | | ID  YR  Number |

IN THE __CIRCUIT__ _____ COURT OF ___ __TUSCALOOSA__ ___ COUNTY

STATE OF ALABAMA
vs.

| | |
|---|---|
| Date of Birth | 6-8-50 |

Distinguishing Features:

| Defendant | Address |
|---|---|
| GEORGE BRUMFIELD | Tuscaloosa County Jail |
| W/M  D.O.B. | |
| | Zip |

| SSAN | | | | |
|---|---|---|---|---|
| Sex | Race | Eyes | Hair | Height |
| M | W | | | |

| Employer | Address |
|---|---|

Date War/Cap. Issued 7/2/79  Date Committed 1/8/81

Date Initial Appearance  Date Released on

| Case Number | X Jury |
|---|---|
| CC 81 2 | Non-Jury |
| Charges  □Msd.  X Fel.  □App. | |

Date Arrested 1/8/81  X Incarcerated  On Bond

Prosecutor CHARLES FREEMAN  Judge ID

RAPE

Attorney
*Public Defender*
*Arden Hollingsworth - appt.*

Bond Amount $10,000.00  Bond Type & Sure

Dt. Prelim. Hearing

Dt. Y.O. Applic.  Dt. Probation App

Grand Jury No. 243  Dt. Indictment 6/29/79

Dt. Arraignment  Plea

| Arresting Officer: | □ Municipal  □ State |
|---|---|
| D.D. Adams & Wayne Murphy | X County  □ Conservation |
| Complainant: | Address |
| Vicki Sue Broderick | 24 Biscayne Hills |

Dt. Trial  Dt. Sentenced

Dt. Appeal Filed  Appeal Bond Amt.

Additional Information And Remarks:  Northport, Al.  35476
6-25-81 Defendant transferred to Bryce Hospital from
7-31-81 Defendant transferred from Bryce Tusc. Co. Jail.
Hospital back to Tusc. Co. Jail.
10/4/81 Notice of Appeal and Letter of Transmittal mailed
10/4/81 Transcript mailed to Bd. of Corrections

Disposition *Class A*
Offense date: 7-19-77
7-19-84 Revised Transcript
mailed to Bd. of Corrections

Minute Book No. 186

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|---|---|
| JAN 20 1981 | Defendant and his attorney knowingly and voluntarily waives arraignment and enters his plea of not guilty. See forms in file. |
| FEB 4 1981 | For Trial. Bryce transfer pending. *Jee* |
| FEB 26 1981 | Cont'd on Def. Motion for cause *Jee* |
| 3/12/81 | For trial — (CN) |
| MAY 5 1981 | Cont'd awaiting report from Bryce *Jee* |
| 5/25/81 | Motion Sight ordering defendant explode C |
| 9/14/81 | Motion for change of venue ... after considering the evidence ... |

| Date | ACTIONS, JUDGMENTS, CASE NOTES |
|------|-------------------------------|

The Court therefore adjudges the Defendant guilty of

_____ Rape _____. The Defendant being in open Court and being asked by the Court if he has anything to say why the sentence of law should not be pronounced upon him says nothing. It is therefore considered by the Court and it is the judgment and sentence of the Court that this Defendant be imprisoned in the penitentiary of the State of Alabama for period of **Twenty**

--------------- **(20) Years** -----, as punishment for his crime in the manner and form provided by law.

This the **6**th _____ day of _____ October _____ 1981

_____ Circuit Judge

1/6/81

The Court then explained to defendant that defendant had a right to appeal to the Criminal Court of Appeals of Alabama if he elected so to do.

Defendant then made known to the Court that defendant did not desire to appeal. At the same it hereby ordered to proceed In forma pauperis. At Defendants request the appeal is order to be a working appeal

_____ Judge Presiding

1/6/81    Public Defenders Office appointed to represent Defendants on appeal

7/11/85    See order on this date in CC 81-1. Said order hereby incorporated & adopted as if fully set forth herein. Ira S____

State of Alabama
Unified Judicial System

Form C-7  Rev. 2/79

# CASE ACTION SUMMARY
## CONTINUATION

Case Number

CC 81 2
ID   YR   Number

Style:

Page Number _3_ of ____ Page

| DATE | ACTIONS, JUDGMENTS, CASE NOTES |
|------|-------------------------------|
| 10/6/81 | Plea of not guilty by reason of insanity withdrawn during the course of the trial. |

Defendant heretofore having been indicted and arraigned upon an indictment on a charge of __Rape__

_____, and heretofore having plead not guilty thereto, issue joined on said plea. Thereupon comes a jury of good and lawful men and women, to-wit, __Gail T. Blakney__ _____, and eleven others, who being duly empaneled, sworn and charged by the Court according to law, before whom the trial of this cause was entered upon and continued from day to day, and from time to time, said Defendant, __George Brumfield__ _____, being in open Court at each and every stage and during all the proceedings in this cause, now on this the **6th** day of __October__, 19**81**, said jurors upon their oaths do say:

"We, the jury, find the defendant guilty of Rape, as

charged in the indictment, and fix his punishment

at Twenty (20) Years in the State Penitentiary.

__Gail T. Blakney__
**Foreperson**

**(See Over for sentencing)**

AP 12-3 Letter of Transmittal of Notice of Appeal to the Court of Criminal Appeals by Trial Clerk

## LETTER OF TRANSMITTAL OF NOTICE OF APPEAL TO
### THE COURT OF CRIMINAL APPEALS BY
TRIAL CLERK

Case No. CC 81-2

GEORGE BRUMFIELD

Appellant

V.

STATE OF ALABAMA

Appellee

Offense __RAPE__

Sentence __TWENTY (20) YEARS__

Notice of Appeal __OCTOBER 6, 1981__
Date Filed

Judgement Entry __OCTOBER 6, 1981__
Date Entered

[ X ]  Oral notice of appeal has been given prior to or on the date of entry of the judgment of conviction in this cause.

[   ]  Written notice of appeal has been filed on the date indicated hereon (within 42 days from the entry of judgment or the order overruling a post conviction motion).

A certified copy of the entry of record of the oral notice of appeal or the written notice of appeal is forwarded herewith for filing with the Court of Criminal Appeals.

I certify that I have served a copy of this letter of transmittal along with a copy of the notice of appeal on each of the following:

    David Black, 2nd Floor, County Courthouse

1. Court Reporter (Name and address) __Tuscaloosa, Alabama  35401__
2. Defendant
    Hon. Mike Cornwell, Hon. George Nassaney
3. Defendant's appellate counsel. (Name and address) __4th Floor, County Courthouse__
4. District Attorney    Tuscaloosa, Alabama  35401
5. Attorney General

DATED this _____9_____ day of _____October_____ 19 __81__ .

Doris T. Turner, Circuit Clerk of
Tuscaloosa County, Alabama

AL-CS - 401 So.2d 213

------------ Excerpt from page 401 So.2d 213, *218 follows -----------
> [13] Refused Charge 10 purports to inform the jury of the punishment for murder and Charge 13
set out the punishment for manslaughter.  Neither of those requested charges contained matter
proper for the determination of the jury. The trial court and not the jury determines punishment
for the offenses
charged.   > Code ss 13A-5-1, -2.
As directed by > Code s 12-22-240, we have searched the record on appeal and find no error
prejudicial to the appellant.
AFFIRMED.

All the Judges concur.
Ala.Cr.App., 1981.
Brown v. State
401 So.2d 213
END OF DOCUMENT

Copr. (C) 2004 West. No Claim to Orig. U.S. Govt. Works.

"ALABAMA LAW"
FROM
Copr. © West 2004 No Claim
to Orig. U.S. gov't Works

ALA. CODES 1975 § 13A-6-61
"RApe"

PLEASE TURN TO PART (2) PAGE 10

RApe WAS A FELONY OFFENSE...

Judge BAIRD ARRAIGNMENT Judge
WAS Right! CORRECTLY READING OUT
STATE §      STATE LAW 1975
             RApe

Ala.Code 1975 § 13A-5-1

Code of Alabama Currentness (Refs & Annos)
Title 13A. Criminal Code. (Refs & Annos)
 Chapter 5.AL ST s 13A-5-12Chapter 5. Punishments and Sentences. Punishments and Sentences. (Refs & Annos)
 Article 1.AL ST s 13A-5-11Article 1. General Provisions. General Provisions. (Refs & Annos)

## § 13A-5-1. Applicability of provisions.

 (a) Every person convicted of any offense defined in this title, or defined outside this title, shall be sentenced by the court in accordance with this article, unless otherwise specifically provided by law.

 (b) Penal laws enacted after January 1, 1980 shall be classified for punishment purposes in accordance with this article.

 (Acts 1977, No. 607, p. 812, § 1201.)

 § 13A-5-1 COMMENTARY

Most states are now engaged in penal law revision, including reconsideration of their sentencing laws.  Following the lead of modern criminal codes, this Criminal Code provides a simple, legal scheme whereby the dispositions of offenders should be more uniform and realistic, yet flexible and fair.

While Article 1 of Chapter 5 incorporates some prevailing basic views on punishment, it does not undertake a wholesale coverage of the entire correctional process, *e.g.*, probation procedure, criteria to be used in sentencing to imprisonment, alternatives to commitment, treatment and rehabilitation, institutional programs, prisoners' rights, parole procedure, etc. Such excluded matters, while essential to the continued existence and operation of the criminal law, are primarily procedural and not immediately necessary to implement the policies of this substantive Criminal Code.

Subsection (a) makes it clear that sentences for all offenses, both within and outside the Criminal Code, must be imposed in accordance with the Criminal Code, "unless otherwise specifically provided by law."  Since all offenses defined in this Criminal Code have been specifically classified, the provision is aimed primarily at offenses outside the Criminal Code, *i.e.*, sections of the Alabama Code of 1975 that are not repealed upon adoption of this Criminal Code.  However, there will always be some exceptions where different, or special, sections may apply.  For example, drug offenses are not covered in this Criminal Code, but are governed by the Alabama Uniform Controlled Substances Act, § 20-2-1 et seq., which specifically provides for special penalties. (But see the code commissioner's note.) Also, "highway violations" is a category not integrated into this Code but is governed by Title 32, Motor Vehicles and Traffic.

It will be noted that convicted defendants "shall be sentenced by the court."  There is no provision for determination of the sentence by the jury.  (The only exception is capital cases.  Sections 13A-5-2(f) and 13A-6-2(c).) This is in accord with the law in most states that places the responsibility for decision exclusively with the trial judge. ".. Recent opinion has been nearly unanimous that jury sentencing in noncapital cases is an anachronism and that it should be abolished." ABA Standards, Sentencing Alternatives and Procedures § 1.1 (Approved Draft, 1968).

Some reasons for the opposition to determination of punishment by the jury are:  (1) Sentencing by a distinct jury at each trial guarantees significant disparity in sentences as it has no feel for the types of other cases which typically arise and a pattern of appropriate dispositions.  (2) The sentencing decision should be based upon complete information about the defendant himself as well as his crime, but much helpful information at the sentencing stage is inadmissible on the question of guilt.  Separation of the questions involves separate hearings that are costly, time-consuming and often nonproductive.  (3) A jury may resolve doubt as to guilt by compromising the sentence. Or, disagreement over the penalty may produce a "hung jury" and the necessity for a new trial, even though the jury is convinced as to guilt.  (4) An intelligent sentencing decision calls for expertise

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

and an informed judgment involving a large range of factors beyond the degree of moral approbation generated by the crime.  Ibid.

The Criminal Code changes Alabama law because while it was the general rule that punishment was fixed by the trial court unless the power was expressly conferred on the jury, §§ 15-18-20, 15-18-22 (former key statutes), § 15- 18- 21 (imprisonment county jail), former §§ 15-18-40 and 15-18-41 (jury determines fine), in a number of crimes defined in former Title 13, most of which are capital offenses, the jury was given the authority to determine the term of imprisonment, *e.g.*,: arson 1st degree, former § 13-2-20, arson 2nd degree (if maimed), former § 13-2- 21 assault with cowhide, etc., former § 13- 1-43, flogging while masked, former § 13-1-44, burglary 1st degree, former § 13-2-40, dynamiting, former § 13-2-60 murder 1st and 2nd degree, former § 13-1-74, manslaughter 1st and 2nd degree, former § 13-1-92, lynching, former § 13-1- 4, rape and related offenses, former §§ 13-1-130, 13-1-132, 13-1-133, 13-1-134, riots, former § 13-6-222, unlawful assemblies, former § 13-6-220, robbery, former § 13-3-110 and train robbery, former § 13-3-111.

The circuit court may suspend sentence and place on probation a convicted defendant, provided his punishment is not fixed at death or imprisonment for more than ten years. § 15-22-50.  But, under the aforementioned statutes, the jury metes the punishment in most all of the serious felonies and it may thereby preempt consideration of probation by the court.  Moreover, there is no legal or satisfactory way of getting before the jury defendant's criminal record, social history and other important presentencing data which is necessary to an intelligent sentence.  Indeed, such data would generally be irrelevant and prejudicial under applicable rules of evidence.  The Criminal Code removes this hiatus.

The exclusive authority vested in the jury to determine a fine also is abrogated.  Former § 15-18-40 (under indictment jury determines the fine); former § 15-18-41 (jury need not impose fine).  Where the offense is punishable by fine and imprisonment for the county, the court has no power to fix a fine.  Carpenter v. State, 50 Ala. App. 543, 280 So.2d 804 (1973).  Former § 15-18-41 gave discretion to the jury to impose a fine or return a verdict of guilty and left to the court to impose punishment by imprisonment or hard labor;  and if the jury returned a verdict of guilty and failed to assess a fine, the court was without authority to impose a fine.  Patton v. State, 39 Ala. App. 308, 98 So.2d 621 (1957).

Under the Criminal Code, the court determines the terms of imprisonment and fines;  the law authorizing probation has been left undisturbed.  Section 13A-5-2.

*Cross Reference:*

Legal punishments specified, § 15-18-1.

HISTORY

Code Commissioner's Notes

Sections 13A-12-210 through 13A-12-216 were designated as Division 2 of Article 5 of Chapter 12 of Title 13A by Acts 1988, 1st Ex. Sess., No. 88- 918, § 2, effective September 30, 1988.

Acts 1987, No. 87-603, which enacted Division 2 of Article 5 of Chapter 12, provides in § 11:  "The provisions of this act are to be included in the Code of Alabama 1975, as a part of Title 13A, 'Alabama Criminal Code', and all provisions of Title 13A, including the Habitual Felony Offender Act, are applicable thereto;  provided that any of the provisions of this act may also be included in Title 20."  Acts 1987, No. 87-603 also amended §§ 20-2-71 through 20-2-74, and repealed §§ 20-2- 70, 20-2-76 and 20-2-77.

CROSS REFERENCES

As to sentence and punishment generally, see § 15-18-1 et seq.;

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

As to sentencing generally, see the Rules of Criminal Procedure, Volume 23A, Code of Alabama.

CASENOTES

1. Penalties not applicable to all criminal offenses

**Penalties not applicable to all criminal offenses.** When the Legislature revised the Criminal Code in 1977, particularly Title 13A, Chapter 5, having to do with punishments and sentences, it was well aware that the penalties set out in that chapter would not necessarily be applicable to all criminal offenses defined outside this title. Ex parte Chambers, 522 So.2d 313 (Ala.1987), on remand 522 So.2d 317.

2. The trial court and not the jury determines punishment for the offenses charged

**The trial court and not the jury determines punishment for the offenses charged.** Brown v. State, 401 So.2d 213 (Ala.Crim.App.1981), writ denied 401 So.2d 218.

3. This section of the new criminal code, placed the responsibility for sentencing exclusively with the trial judge

Sentencing lies within the exclusive realm of the trial court. Self v. State, 459 So.2d 978 (Ala.Crim.App.1984), certiorari denied 105 S.Ct. 1756, 470 U.S. 1053, 84 L.Ed.2d 819.

**This section of the new criminal code, placed the responsibility for sentencing exclusively with the trial judge.** Brazell v. State, 423 So.2d 323 (Ala.Crim.App.1982).

4. Requested charges stating the minimum and maximum punishments are properly refused

**Requested charges stating the minimum and maximum punishments are properly refused** because they do not contain matter proper for the determination of the jury. Brazell v. State, 423 So.2d 323 (Ala.Crim.App.1982)

5. Instructions unnecessary where assessment is by the court

**Instructions unnecessary where assessment is by the court.** In criminal cases where the assessment of the punishment is by the court and not the jury, any instruction as to the punishment is unnecessary and should not be given, because it can be of no aid to the jury in determining the issue of guilt. However, the giving of such an instruction does not necessarily constitute error. Indeed, there is authority to the effect that the court may, without committing error, instruct as to the penalty for the charged offense. Brazell v. State, 423 So.2d 323 (Ala.Crim.App.1982).

6. Refusal of judge to instruct on consequences of verdict

**Refusal of judge to instruct on consequences of verdict.** Refusal of judge, after he had instructed the jury, but before they began their deliberations, to inform them, when questioned by a juror, as to what would happen if the jury found the accused not guilty by reason of insanity, and judge's direction that the jury not speculate about the subject of the possible consequences of any verdict, was not error. Gray v. State, 482 So.2d 1318 (Ala.Crim.App.1985).

7. Permitting the jury to fix punishment is error where the duty of fixing punishment is upon the court

**Permitting the jury to fix punishment is error where the duty of fixing punishment is upon the court.** Brazell v. State, 423 So.2d 323 (Ala.Crim.App.1982). Criminal Law ⬅▬

8. Testimony regarding the maximum sentence that the appellant faces, however, is an improper jury consideration

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

**Testimony regarding the maximum sentence that the appellant faces, however, is an improper jury consideration** since sentencing lies within the exclusive realm of the trial court. Ruggs v. State, 601 So.2d 508 (Ala.Crim.App.1992). Criminal Law ⚖ ■

9. Conviction of felony-murder and sentence by trial judge

**Conviction of felony-murder and sentence by trial judge.** Although the appellant was indicted for a capital offense, he was convicted of the noncapital offense of felony-murder and was properly sentenced by the trial judge and not by the jury. Burks v. State, 600 So.2d 374 (Ala.Crim.App.1991), opinion extended after remand 600 So.2d 387, certiorari denied.

10. Subsection (b) of this section and § 13A-5-4 are applicable to drug offenses only for enhancement purposes

**Subsection (b) of this section and § 13A-5-4 are applicable to drug offenses only for enhancement purposes** under Alabama's Habitual Felony Offender Act. Donahoo v. State, 505 So.2d 1067 (Ala.Crim.App.1986), but see Chambers v. State, 522 So.2d 313 (Ala.1987).

11. Drug offenses fall outside scope of Title 13A and provide for their own special penalties

**Drug offenses fall outside scope of Title 13A and provide for their own special penalties.** Donahoo v. State, 505 So.2d 1067 (Ala.Crim.App.1986).

12. Chapter does not apply to drug offenses

**Chapter does not apply to drug offenses.** It is clear that the Legislature knew that because the Controlled Substances Act provided its own penalties, none of the provisions of Title 13A, Chapter 5, including the Habitual Felony Offender provisions, would apply to drug offenses. Ex parte Chambers, 522 So.2d 313 (Ala.1987), on remand 522 So.2d 317.

13. Where defendant was convicted of a felony drug offense, and the prior offense proved by the state was also a felony drug offense

**Where defendant was convicted of a felony drug offense, and the prior offense proved by the state was also a felony drug offense,** because the sentences applicable to drug offenses and repeat drug offenses are provided within the Controlled Substances Act, the defendants convicted thereunder must be sentenced according to its provisions, not the sentencing provisions of this title. Ex parte Chambers, 522 So.2d 313 (Ala.1987), on remand 522 So.2d 317.

**Cited** in Nunnery v. State, 410 So.2d 444 (Ala.Crim.App.1981);   Dickerson v. State, 414 So.2d 998 (Ala.Crim.App.1982);   Warden v. State, 468 So.2d 203 (Ala.Crim.App.1985);   Lawson v. State, 476 So.2d 116 (Ala.Crim.App.1985).

Ala. Code 1975 § 13A-5-1, AL ST § 13A-5-1

Current through End of 2004 Regular Session

Copr © 2004 by State of Alabama. All rights reserved.

**END OF DOCUMENT**

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.


Ala.Code 1975 § 13A-6-61

Code of Alabama Currentness (Refs & Annos)
Title 13A. Criminal Code. (Refs & Annos)
 Chapter 6.SBAL ST   13A-6-612Chapter 6. Offenses Involving Danger to the Person. Offenses Involving Danger to the Person. (Refs & Annos)
 Article 4.SBAL ST   13A-6-611Article 4. Sexual Offenses. Sexual Offenses. (Refs & Annos)

## § 13A-6-61. Rape in the first degree.

 (a) A person commits the crime of rape in the first degree if:

 (1) He or she engages in sexual intercourse with a member of the opposite sex by forcible compulsion;  or

 (2) He or she engages in sexual intercourse with a member of the opposite sex who is incapable of consent by reason of being physically helpless or mentally incapacitated;  or

 (3) He or she, being 16 years or older, engages in sexual intercourse with a member of the opposite sex who is less than 12 years old.

 (b) Rape in the first degree is a Class A felony.

 (Acts 1977, No. 607, p. 812, § 2310;  Act 2000-726, p. 1557, § 1.)

HISTORY

**The 2000 amendment,** effective August 1, 2000, in subsection (a) substituted  "person" for "male", inserted "or she" in three places, and substituted "member of the opposite sex" for "female" in three places.

CROSS REFERENCES

As to consent generally, see § 13A-2-7.

As to imposition of death penalty or life imprisonment without parole for murder and other offenses committed under aggravated circumstances, see § 13A-5-39 et seq.;

See Commentary following § 13A-6-62.

As to lack of consent as element of rape, see § 13A-6-70.

As to committing offense when armed with pistol, see § 13A-11-71.

LIBRARY REFERENCES

75 C.J.S. Rape, §§ 1-19.

CASENOTES

| I. | General | Consideration. |
| --- | --- | --- |
.............................. enter p3
| II. | Decisions Under Prior Law. |
.............................. enter p41
| III. | Pleading and Practice. |
.............................. enter p68

I. GENERAL CONSIDERATION.

Evidence was sufficient to support adjudication of delinquency                                        58
............................................... enter p38

1. Constitutionality

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

**Constitutionality.** This section is not unconstitutional due to its alleged discriminatory and control a specific and serious problem of treatment of males because the punishment prescribed therein was reasonably designed to deter legitimate concern to the citizens of this state. Smith v. State, 409 So.2d 455 (Ala.Crim.App.1981); Cogman v. State, 424 So.2d 1355 (Ala.Crim.App.1982).

This section will withstand constitutional scrutiny if its "gender-based" classification is reasonable, not arbitrary, and rests upon some ground of difference having a fair and substantial relationship to the objective of the legislation. Smith v. State, 409 So.2d 455 (Ala.Crim.App.1981). Constitutional Law ⬡▬▬▬ ⬡▮

"Rape" of females is a long recognized and very serious problem in this state due not only to the severity of this potential harm to its victim but also to the frequency with which it occurs. This frequency factor further distinguishes a crime under subdivision (a)(1) from a crime under § 13A-6- 65(a)(2). No evidence has been presented nor is the court aware of any evidence to the effect that nonconsensual sexual intercourse by females is as serious a problem as nonconsensual sexual intercourse by males. Smith v. State, 409 So.2d 455 (Ala.Crim.App.1981).

The obvious objective of subdivision (a)(1) of this section is to protect females from sexual attacks by males which result in nonconsensual sexual intercourse. This objective is a legitimate state interest because of the potential harm to the victim and society. Female victims of nonconsensual sexual intercourse by males are subjected to a possible unwanted pregnancy and the medical, physical, sociological, moral, and psychological problems associated therewith, in addition to the physical injuries and psychological traumas potentially inflicted upon any victim of a sexual assault. This "unwanted pregnancy" risk to the victims is uniquely characteristic of nonconsensual sexual intercourse perpetrated by males upon females in contrast with the similar act committed by a female upon an unwilling male. This specific characteristic of the crime described in subdivision (a)(1) of this section, which presents the possibility of a higher degree of harm to its victims than does its counterpart described in § 13A- 6-65(a)(2), is the clearest example of a "ground of difference" sufficient to justify this "gender-based" classification. Smith v. State, 409 So.2d 455 (Ala.Crim.App.1981).

2. Rape is defined as

Under this section and § 13A-6-60, rape in the first degree does not require any specific criminal intent. Anonymous v. State, 507 So.2d 972 (Ala.1987).

This section defines the crime of rape in the first degree and states every element of the offense. The statute fully defines and describes the offense. Copeland v. State, 456 So.2d 1150 (Ala.Crim.App.1984). Rape ⬡▮

**Rape is defined as** the unlawful carnal knowledge of a woman by a man, accomplished forcibly and against her will. Myers v. State, 401 So.2d 288 (Ala.Crim.App.1981). Rape ⬡▮

3. Distinction between first and second degree rape

**Distinction between first and second degree rape.** The age factor necessarily distinguishes the two offenses and makes them separate and distinct crimes. The offenses of first and second degree rape each require proof of a certain age of the victim that the other does not require. Because of this difference, you cannot commit second degree rape while committing first degree rape. Allen v. State, 472 So.2d 1122 (Ala.Crim.App.1985).

4. Rape in the second degree is not a lesser included offense of rape in the first degree

**Rape in the second degree is not a lesser included offense of rape in the first degree,** since the proof necessary to establish the offense of rape in the first degree (the greater offense) does not of necessity establish every element of the offense of rape in the second degree (the lesser offense). It must be impossible to commit the greater offense without first committing the lesser offense if the lesser offense is to be an included offense of the greater. Allen v. State, 472 So.2d 1122 (Ala.Crim.App.1985); Beavers v. State, 511 So.2d 951 (Ala.Crim.App.1987).

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

5. A required element of the crime of rape

Penetration by the male sexual organ into the sexual organ of a female must be shown in order to sustain a conviction of rape. Jackson v. State, 471 So.2d 516 (Ala.Crim.App.1985). Rape ⬦⮑■

A required element of the crime of rape is proof of an actual penetration of the female sex organ by the male sex organ. Whether an actual penetration is accomplished is a question of fact to be determined by the jury. Rowe v. State, 421 So.2d 1352 (Ala.Crim.App.1982). Rape ⬦⮑■ ⬦⮑■

6. In order to prove a prima facie case of rape

In order to prove a prima facie case of rape in the first degree, the state must prove that the defendant, a male, did (1) engage in sexual intercourse with a female who was (2) less than 12 years of age. Barnes v. State, 580 So.2d 77 (Ala.Crim.App.1991), certiorari denied.

7. Elements of attempted rape in the first degree

Elements of attempted rape in the first degree. The elements of attempted rape in the first degree, are as follows: (1) The intent to engage in sexual intercourse with a female by forcible compulsion; (2) an overt act towards the commission of the offense; and (3) the failure to consummate the offense. Downing v. State, 620 So.2d 983 (Ala.Crim.App.1993). Rape ⬦⮑■

8. Testimony sufficient to overcome motion for acquittal

Testimony sufficient to overcome motion for acquittal. Where victim's testimony as to what occurred inside house trailer was undisputed, and the victim testified that defendant forced her at knife-point to remove all her clothes except her underwear and that defendant became more excited as the victim pleaded with him to let her go, and he then tied her to the bed in a manner that would facilitate raping her, this was sufficient to overcome the appellant's motion for judgment of acquittal on charge of attempted rape in the first degree. Downing v. State, 620 So.2d 983 (Ala.Crim.App.1993).

9. The testimony of the victim alone is sufficient

The testimony of the victim alone is sufficient to establish a prima facie case of rape in the first degree. Barnes v. State, 580 So.2d 77 (Ala.Crim.App.1991); Jones v. State, 580 So.2d 97 (Ala.Crim.App.1991).

State, moreover, may present a prima facie case of first degree rape based solely upon the victim's testimony, and medical testimony or other physical evidence corroborating the victim's testimony is not required. Smith v. State, 601 So.2d 201 (Ala.Crim.App.1992). Rape ⬦⮑■

10. Marital exemption for rape found in subdivision (4) of § 13A-6-60 violated the equal protection clause

Marital exemption for rape found in subdivision (4) of § 13A-6-60 violated the equal protection clause of the Fourteenth Amendment to the United States Constitution. Therefore, the marital exemption would be severed from the statutes defining rape, and the proscription of the statutes would be enlarged to include married as well as unmarried persons. Merton v. State, 500 So.2d 1301 (Ala.Crim.App.1986). Constitutional Law ⬦⮑■ Rape ⬦⮑■ ⬦⮑■

11. Offense is "gender-limited."

Offense is "gender-limited." — Under the statutes dealing with the offense of rape, the Legislature clearly and specifically demonstrated its intent that those committing that offense be "gender-limited," by prefacing those sections (§ 13A-6-61 and § 13A-6-62) with the language "A male commits the crime if he.." Harris v. State, 500 So.2d 1292 (Ala.Crim.App.1986); West v. State, 511 So.2d 258 (Ala.Crim.App.1987); Reed v. State, 512 

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

So.2d 804 (Ala.Crim.App.1987); Burnett v. State, 518 So.2d 225 (Ala.Crim.App.1987). 

12. This section, proscribing rape in the first degree, is applicable to females

**This section, proscribing rape in the first degree, is applicable to females** by virtue of the complicity statutes, §§ 13A-2-23 and 13A-2-25. Mims v. State, 500 So.2d 100 (Ala.Crim.App.1986).

13. Any male who engages in sexual intercourse with any female by forcible compulsion

**Any male who engages in sexual intercourse with any female by forcible compulsion** is guilty of rape in the first degree. Merton v. State, 500 So.2d 1301 (Ala.Crim.App.1986).

14. There is no period of limitations for offense of rape

**There is no period of limitations for offense of rape.** Kirby v. State, 500 So.2d 79 (Ala.Crim.App.1986). Criminal Law ⟨key⟩■

15. Age of accused is a defense to first degree rape as defined in subdivision (a)(3) of this section

**Age of accused is a defense to first degree rape as defined in subdivision (a)(3) of this section** and first degree sodomy under § 13A-6-63(a)(3). The accused's age is not an element of the offense which the state has to prove. Merton v. State, 500 So.2d 1301 (Ala.Crim.App.1986).

16. Victim's testimony alone can establish prima facie case of rape

**Victim's testimony alone can establish prima facie case of rape.** Lockett v. State, 518 So.2d 877 (Ala.Crim.App.1987). Rape ⟨key⟩■

17. Penetration is jury question

Whether there was actual penetration, some degree of entrance of the male organ of defendant within the labia pudendum of victim, is a question of fact for the jury. Swain v. State, 629 So.2d 699 (Ala.1993), on remand 629 So.2d 701. Rape ⟨key⟩■

**Penetration is jury question.** Whether an actual penetration is accomplished is a question of fact to be determined by the jury. Mims v. State, 500 So.2d 100 (Ala.Crim.App.1986).

18. Time is not a material offense of first degree rape, first degree sodomy, or child abuse

**Time is not a material offense of first degree rape, first degree sodomy, or child abuse.** Cure v. State, 600 So.2d 415 (Ala.Crim.App.1992), certiorari denied 600 So.2d 421.

19. Charge as to sexual offense in first degree

**Charge as to sexual offense in first degree** reading as follows held sufficient: "... a person commits the crime of sexual abuse in the first degree if he, being 16 years old or older, subjects another person to sexual contact who is less than 12 years old. And the law defines sexual contact as any touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party." Sasser v. State, 494 So.2d 857 (Ala.Crim.App.1986), denial of post-conviction relief affirmed 643 So.2d 616, rehearing denied, certiorari denied.

20. Penetration can be established by circumstantial evidence

**Penetration can be established by circumstantial** evidence and does not have to be proved by the use of any

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

particular words.  Swain v. State, 629 So.2d 699 (Ala.1993), on remand 629 So.2d 701.  Rape ⊙➞▇

21. Proof of actual penetration is sufficient to sustain an indictment for rape

In a prosecution for rape of a 10-year-old child, the fact that doctor could not testify that penetration had positively occurred, and the difference between his testimony that any penetration would be painful and the victim's testimony that the defendant did not hurt her, went to the victim's credibility, but did not prove that there was no penetration.  Fisher v. State, 480 So.2d 6 (Ala.Crim.App.1985).

Testimony of 10-year-old victim in rape prosecution that defendant threw her down on the floor "and unzipped his pants and pulled his thing out and stuck it in" and that "it" was "inside" her constituted sufficient proof of penetration to sustain a charge of rape, despite defendant's argument that the "thing" was never identified.  Fisher v. State, 480 So.2d 6 (Ala.Crim.App.1985).  Rape ⊙➞▇

Although penetration is an essential element of the crime of first degree rape, an injury to the private parts of the victim is not.  Evidence of injury may be used to prove penetration but it is neither essential nor necessary.  Injury to the victim's private parts is merely a factor that should be considered in determining the existence or nonexistence of penetration.  Lanton v. State, 456 So.2d 873 (Ala.Crim.App.1984), appeal dismissed, certiorari denied 105 S.Ct. 2314, 471 U.S. 1095, 85 L.Ed.2d 834.

The nature of the penetration that is essential for a rape conviction need not be proved in any particular form of words.  Swint v. State, 455 So.2d 285 (Ala.Crim.App.1984).  Rape ⊙➞▇

Proof of actual penetration is sufficient to sustain an indictment for rape as long as the other elements of the crime concur.  Myers v. State, 401 So.2d 288 (Ala.Crim.App.1981).  Indictment And Information ⊙➞▇

22. Actual penetration shown

Actual penetration shown.  Victim's testimony that defendant had "stuck" his penis between her legs and that it hurt was sufficient evidence from which the jury could have inferred that defendant had actually penetrated the victim's labia pundendum.  Moreover, the jury heard defendant's statement regarding his actions on the night in question and could have found that statement not believable, thus excluding that explanation of the circumstantial evidence from its deliberations on the issue of penetration.  Therefore, the judgment of the Court of Criminal Appeals, which was based on a holding that the State had failed to prove penetration was reversed.  Swain v. State, 629 So.2d 699 (Ala.1993), on remand 629 So.2d 701.

23. Forcible compulsion

The element of forcible compulsion may be satisfied in cases where an implied threat serves as motivation for the victim to engage in sexual intercourse or deviate sexual activity with the defendant.  Sartin v. State, 601 So.2d 1142 (Ala.Crim.App.1992); Smith v. State, 601 So.2d 201 (Ala.Crim.App.1992).

Forcible compulsion.  Where the victim testified that the appellant pulled her into the car against her will, pulled her clothes off, and told her to stop fighting or he would hurt her and she would "never see home again," the state presented sufficient evidence of forcible compulsion.  Stokes v. State, 648 So.2d 1179 (Ala.Crim.App.1994), certiorari denied.  Rape ⊙➞▇

Where victim's testimony that defendant held a knife to her neck and forced her to have both oral and vaginal sex with him, such was sufficient for the defendant's conviction for rape in the first degree and sodomy in the first degree.  Sartin v. State, 615 So.2d 135 (Ala.Crim.App.1992), certiorari denied.

A defendant can commit the crime of first degree rape (sexual intercourse by forcible compulsion) or first degree sodomy (deviate sexual intercourse by forcible compulsion) where there is no evidence that the victim made a genuine physical effort to prevent the defendant from having sexual intercourse with her.  Sartin v. State, 601

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

So.2d 1142 (Ala.Crim.App.1992), certiorari denied.

The fact that the rape victim struggled earnestly with defendant once she mistakenly believed that he had not been armed with a knife strengthened the evidence of forcible compulsion. Smith v. State, 601 So.2d 201 (Ala.Crim.App.1992).

Victim's fear that the defendant would beat her with a belt if she refused to have intercourse with him satisfied the forcible compulsion element. Smith v. State, 601 So.2d 201 (Ala.Crim.App.1992).

Element of forcible compulsion was satisfied by the fact that the victim was held down by the defendant and by the fact that the victim stated that she had blood in her panties after the assault; other factors that the court considered significant were: (1) the victim's age and the fact that the attack was perpetrated by the boyfriend of the victim's mother; (2) that the defendant, who had been drinking and smoking marihuana, got into bed with the victim; (3) that the victim testified that the defendant had sexually molested her on another occasion but that her mother had ignored her when she tried to tell her about the assault; and (4) that the victim was in a particularly vulnerable situation because the assault took place at the defendant's residence. Powe v. State, 597 So.2d 721 (Ala.1991), rehearing denied, on remand 597 So.2d 730.

Evidence was sufficient to support the jury's finding that defendant had sexual intercourse with his daughter through the use of forcible compulsion where defendant was the natural father, was married to victim's mother and resided in the household, at the time of the incident, was approximately 40 years old, while victim was 11 years old; the incident occurred in victim's parents' bedroom while no one else was at home, she indicated that she was afraid of her father, and a jury could reasonably infer that defendant held a position of authority and domination with regard to his daughter sufficient to allow the inference of an implied threat to her if she refused to comply with his demands. The holding in this case is limited to cases concerning the sexual assault of children by adults with whom the children are in a relationship of trust. Powe v. State, 597 So.2d 721 (Ala.1991), rehearing denied, on remand 597 So.2d 730.

Where seven-year-old girl was examined by physician who found that victim's vagina was red and irritated, and victim testified that defendant attempted to force his erect penis into victim's vagina, evidence was sufficient to prove penetration element of first-degree rape charge. Seales v. State, 581 So.2d 1192 (Ala.1991), on remand 581 So.2d 1197.

The nature of the penetration, that is essential for a rape conviction, need not be proved in any particular form of words. Moran v. State, 557 So.2d 1326 (Ala.Crim.App.1989), certiorari denied, denial of post-conviction relief affirmed 649 So.2d 1292, opinion after remand 649 So.2d 1294.

Testimony that appellant put his penis inside victim was sufficient to prove penetration. Knight v. State, 495 So.2d 712 (Ala.Crim.App.1986).

It was not improper for the state to ask the victim, who was 12 years old at the time of trial, whether the appellant put his penis inside her, even though it was a leading question. Cady v. State, 455 So.2d 101 (Ala.Crim.App.). This was sufficient to prove penetration. Knight v. State, 495 So.2d 712 (Ala.Crim.App.1986).

Whether there was actual penetration in a rape prosecution is a question of fact to be determined by the jury. Patrick v. State, 495 So.2d 112 (Ala.Crim.App.1986).

Circumstantial evidence may be relied upon to establish a prima facie case of penetration in a rape case. Patrick v. State, 495 So.2d 112 (Ala.Crim.App.1986).

The penetration essential for a rape conviction does not have to be proved by the use of any particular words. Patrick v. State, 495 So.2d 112 (Ala.Crim.App.1986).

There was ample evidence that the act charged was committed by forcible compulsion, where the prosecutrix

testified that the defendant had a knife when he straddled her on the bed, he told her he wouldn't hurt her if she did not scream or move, and the prosecutrix testified that she was scared of the defendant and worried that he might kill her. Pettaway v. State, 494 So.2d 884 (Ala.Crim.App.1986).

Although an autopsy of the victim in a prosecution for murder during a rape and murder during a sodomy revealed no evidence of trauma in genitalia area, the evidence was also sufficient to show that the element of forcible compulsion was present in both the rape and the sodomy, where the victim had been strangled, she was four feet, 10 and three-eighths inches tall and weighed 77 pounds, and she had seven wounds or bruises on her neck. Bradley v. State, 494 So.2d 750 (Ala.Crim.App.1985), affirmed 494 So.2d 772, certiorari denied 107 S.Ct. 1385, 480 U.S. 923, 94 L.Ed.2d 699, rehearing denied 107 S.Ct. 1966, 481 U.S. 1033, 95 L.Ed.2d 537, post-conviction relief denied 557 So.2d 1339.

**Forcible compulsion.** The element of forcible compulsion for both first-degree rape and sexual misconduct is identical. Burgess v. State, 462 So.2d 1066 (Ala.Crim.App.1985). Rape ⟨⟨⟩⟩█

Where there is insufficient proof of forcible compulsion, an acquittal of the charge of rape in the first degree precludes a conviction of sexual misconduct by forcible compulsion upon the same evidence. Burgess v. State, 462 So.2d 1066 (Ala.Crim.App.1985).

24. Age of victim and force required

**Age of victim and force required.** In charges involving sex crimes against children the force required to consummate the crime differs from the force required to consummate those crimes against a mature female. Powe v. State, 597 So.2d 721 (Ala.1991), rehearing denied, on remand 597 So.2d 730.

When a sufficiency-of-the-evidence issue is raised in cases stemming from an alleged sexual assault of minors, questions involving resistance and consent must be viewed in the context of the age of the assaulted minor. Powe v. State, 597 So.2d 721 (Ala.1991), rehearing denied, on remand 597 So.2d 730.

25. Forcible compulsion is essential element for both rape and sodomy

**Forcible compulsion is essential element for both rape and sodomy.** The element of forcible compulsion is an essential element for both rape in the first degree and sodomy in the first degree. Ayers v. State, 594 So.2d 719 (Ala.Crim.App.1991), certiorari denied.

26. The force required to consummate rape in the first degree is necessarily relative

Evidence was sufficient to satisfy the forcible compulsion element of rape in the first degree where the evidence consisted mainly of the 13-year-old victim's testimony that she initially refused to have intercourse with her stepfather, the defendant, but that she eventually cooperated after she was expressly threatened. Powe v. State, 597 So.2d 721 (Ala.1991), rehearing denied, on remand 597 So.2d 730.

**The force required to consummate rape in the first degree is necessarily relative.** The force required to consummate the crime against a mature female is not the standard for application in a case in which the alleged victim is a child of 13 years of age. Pittman v. State, 460 So.2d 232 (Ala.Crim.App.1984), writ quashed 466 So.2d 951. Rape ⟨⟨⟩⟩█

27. "Force" may be constructive or implied

**"Force" may be constructive or implied.** State produced sufficient evidence of "forcible compulsion" as required by this section and § 13A-6-63 where victim testified at trial that defendant had threatened her with whipping if she did not drink the wine mixture and the evidence showed that defendant had been drinking on the night in question and where the victim testified that she was afraid not to drink the wine mixture, since force necessary to be used, to constitute the crime of rape, need not be actual, but may be constructive or implied. Flanagan v. State, 533

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

So.2d 637 (Ala.Crim.App.1987), denial of post-conviction relief reversed 577 So.2d 559, certiorari denied, opinion after remand 595 So.2d 918.

28. State may introduce proof of sexual relations between the accused and prosecutrix

**State may introduce proof of sexual relations between the accused and prosecutrix** before and after the act on which the prosecution is based. However, the accused cannot be convicted on the other acts of sexual intercourse which are not the subject of the indictment. Thus, an election is required by the state in such cases so that the accused will only be convicted for the offense charged in the indictment. Knight v. State, 495 So.2d 712 (Ala.Crim.App.1986).

29. Age may be proved by circumstantial evidence

**Age may be proved by circumstantial evidence.** Coleman v. State, 491 So.2d 1086 (Ala.Crim.App.1986).

Evidence that the defendant had been married to six-year-old victim's mother for three years, that the victim's mother also had other children, not the defendant's, the oldest of which was ten years old, and that the defendant had a twelfth-grade education constituted circumstantial evidence of the defendant's age. Coleman v. State, 491 So.2d 1086 (Ala.Crim.App.1986).

30. Evidence of prior or subsequent offenses is admissible as exception to general rule to show intent of defendant

Evidence of defendant's prior rape of another woman was properly admitted under the common plan, design, or scheme exception to the general rule excluding evidence of collateral offenses, where the evidence showed that when defendant wanted sexual favors from a "friend" he went about obtaining those favors in a particular manner and pursuant to a specific plan. Jones v. State, 580 So.2d 97 (Ala.Crim.App.1991). certiorari denied.

The introduction of the victim's testimony of prior sexual acts committed by defendant, could not be introduced as evidence of motive, but was admissible under the same exceptions that permit introduction of the evidence of defendant's assaults against the prosecutrix's sister. Watson v. State, 538 So.2d 1216 (Ala.Crim.App.1987), affirmed 538 So.2d 1226.

**Evidence of prior or subsequent offenses is admissible as exception to general rule to show intent of defendant** charged with first degree rape where the appellant alleges consent as a defense. Martin v. State, 504 So.2d 335 (Ala.Crim.App.1986).

31. Intent to commit a rape

**Intent to commit a rape.** The jury could infer intent to commit a rape from the victim's testimony that defendant threatened to kill her if she tried to move and forced her to have sexual intercourse with him. Smith v. State, 601 So.2d 201 (Ala.Crim.App.1992). Burglary ⟨⟶■

32. The testimony of the victim alone was sufficient to support the conviction of attempted rape

**The testimony of the victim alone was sufficient to support the conviction of attempted rape** where the defendant pushed victim onto a chair, he held her breasts and kissed her vagina. Furthermore, this all occurred while the victim was naked. The evidence clearly supports the existence of the required overt act and the evidence showed the existence of the required intent. Heard v. State, 584 So.2d 556 (Ala.Crim.App.1991).

33. Expert testimony as to sexually abused children

In prosecution for sodomy in the first degree, rape in the first degree, and kidnapping in the second degree, state's expert witness' testimony that based on her medical examination of victim, that the injuries of the victim were consistent with any kind of trauma to the genitalia and that the victim's injuries were consistent with forcible

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

intercourse, a lot of rough-housing, rough sex, or it could possibly be consistent with trauma to the genitalia with any kind of instrument, or a fist, or anything like that was admissible, although appellant alleged that the victim consented to having sexual intercourse with him and therefore issue of whether there was forcible compulsion should have been submitted for the jury's consideration. Hampton v. State, 621 So.2d 376 (Ala.Crim.App.1993), certiorari denied.

**Expert testimony as to sexually abused children.** Expert testimony of a psychologist that there are common characteristics exhibited by sexually abused children and that the victim exhibited these same characteristics in no wise offered ultimate fact testimony in trial for first degree rape. Mims v. State, 500 So.2d 100 (Ala.Crim.App.1986).

34. Evidence of prosecutrix's pregnancy and abortions inadmissible

**Evidence of prosecutrix's pregnancy and abortions inadmissible.** In prosecution for rape and incest against prosecutrix's father, evidence of the prosecutrix's pregnancy and her abortions and of her sister's pregnancy and resulting child was inadmissible and constituted reversible error. Anonymous v. State, 507 So.2d 972 (Ala.1987).

In trial for rape and incest, testimony as to the prosecutrix's pregnancy by defendant's father and his procuring of two abortions, as well as her sister's testimony that she became pregnant and had a child by her father constituted reversible error. Anonymous v. State, 507 So.2d 972 (Ala.1987).

35. Sexual intercourse earlier in evening between complaining witness and her "boyfriend" was not within res gestae

**Sexual intercourse earlier in evening between complaining witness and her "boyfriend" was not within res gestae** of the crimes of sexual intercourse and deviate sexual intercourse by compulsion charged against defendant. Hall v. State, 500 So.2d 1282 (Ala.Crim.App.1986).

36. Court properly declined lesser included offense charge on sexual misconduct

There was no reasonable theory to support giving an instruction on lesser included offense of sexual misconduct in prosecution of rape in the first degree and sodomy in the first degree where the evidence tended to show that defendant held a knife to victim's neck, cut her clothes off her body, slapped her, threatened to cut her heart out and her head off, and forced her to have sexual intercourse and oral sex with him. Sartin v. State, 615 So.2d 135 (Ala.Crim.App.1992), certiorari denied. Criminal Law ⊜══▇▇▇▇▇▇

**Court properly declined lesser included offense** charge on sexual misconduct. Evidence did not support verdict of sexual misconduct and therefore trial court properly declined to give lesser included offense charge on sexual misconduct in trial for rape in first degree and sodomy in first degree. Evidence supported finding that victim was threatened by defendant to extent she believed serious physical injury would ensue if she resisted. Defendant twisted victim's arm behind her back to control her movements and defendant threatened to use a curling iron on victim if she did not stop crying. Ayers v. State, 594 So.2d 719 (Ala.Crim.App.1991), certiorari denied. Assault And Battery ⊜══▇▇▇▇▇   ⊜══▇▇▇

37. Sexual abuse of others as evidence of plan, scheme, and intent

**Sexual abuse of others as evidence of plan, scheme, and intent.** In prosecution for rape of six-year old child, evidence that there were four female children, ranging from 12 months to 10 years living with the defendant and his wife, and that each of the girls had been sexually abused, would show plan, scheme, and intent. Coleman v. State, 491 So.2d 1086 (Ala.Crim.App.1986).

38. Consent is not an element of incest

**Consent is not an element of incest.** Although lack of consent is an element of first degree rape under subdivision

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

(a)(1), it is not an element of incest; the appellant/mother was properly charged with and convicted of first degree rape. Cure v. State, 600 So.2d 415 (Ala.Crim.App. 1992), certiorari denied 600 So.2d 421.

**39. Consent is a defense to a charge of assault with intent to rape**

**Consent is a defense to a charge of assault with intent to rape** because the offense of assault with intent to rape includes all the elements of rape, **except consummation** of the sexual act. Richardson v. State, 456 So.2d 1152 (Ala.Crim.App.1984). Rape ⟪⟫▮

**40. Whether or not appellant climaxed is immaterial**

**The lack of a finding of semen is irrelevant, in a prosecution for rape,** because sexual intercourse occurs upon any penetration of the vagina, however slight, and emission is not required. Smith v. State, 601 So.2d 201 (Ala.Crim.App.1992). Rape ⟪⟫▮  ⟪⟫▮

**Whether or not appellant climaxed is immaterial.** Thomas v. State, 403 So.2d 323 (Ala.Crim.App.1981).

**Emission is not an element of offense of rape.** Thomas v. State, 403 So.2d 323 (Ala.Crim.App.1981). Rape⟪⟫ ▮

**41. Sexual intercourse is synonymous with carnal knowledge**

**Sexual intercourse is synonymous with carnal knowledge.** Myers v. State, 401 So.2d 288 (Ala.Crim.App.1981).

**42. There is no period of limitations for prosecution for offense of rape**

**There is no period of limitations for prosecution for** offense of rape. Chamblee v. State, 527 So.2d 173 (Ala.Crim.App.1988). Criminal Law ⟪⟫▮

**43. Rape in the first degree is a Class A felony**

**The punishment specified for the crime of "carnal knowledge of a child under the age of 12" pursuant to this section, is "imprisonment in the penitentiary for not less than 10 years."** No maximum limit is set. The trial court was therefore authorized to fix punishment at life imprisonment as long as such punishment was not disproportionate to the offense for which appellant was convicted. Taylor v. State, 408 So.2d 551 (Ala.Crim.App.1981), writ denied 408 So.2d 555. Rape ⟪⟫▮

**Rape in the first degree is a Class A felony** which carries a sentence of life imprisonment or not more than 99 years or less than 10 years. Where the trial judge reviews a sentencing report before passing sentence, the court of criminal appeals has no jurisdiction to review sentences within the statutorily prescribed limits. Wallace v. State, 408 So.2d 171 (Ala.Crim.App.1981), writ denied 408 So.2d 173.

**44. Instruction that incest was lesser included offense of rape**

**Instruction that incest was lesser included offense of rape.** Where incest, under the facts, was a separate and distinct offense and not one of a lesser degree of rape, the trial court's refusal to instruct the jury that incest was a lesser included offense of rape was proper. Lee v. State, 565 So.2d 1150 (Ala.Crim.App.1988), reversed 565 So.2d 1153, rehearing denied, on remand 565 So.2d 1155, certiorari denied.

**45. Rape in the second degree is a lesser included offense**

**Rape in the second degree is a lesser included offense** of rape in the first degree only if all or fewer than all of the facts establishing the commission of first degree rape also establish the commission of second degree rape. Ex

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

parte Washington, 571 So.2d 1062 (Ala.1990).

46. While evidence of injury to the vagina

**While evidence of injury to the vagina** may be useful to prove penetration, it is not essential. **Injury is not an element of rape.** Greathouse v. State, 650 So.2d 599 (Ala.Crim.App.1994), rehearing denied. **Rape** ☞█ **Rape** ☞█

47. Whether semen was found in victim's vagina

**Whether semen was found in victim's vagina** during the medical examination is immaterial because ejaculation is not an element of rape. Greathouse v. State, 650 So.2d 599 (Ala.Crim.App.1994), rehearing denied.

48. Forcible compulsion may be found where implied threat serves as motivation

**Forcible compulsion may be found where** implied threat serves as motivation. The element of forcible compulsion may be found in cases where an implied threat serves as motivation for the victim to engage in sexual intercourse. Greathouse v. State, 650 So.2d 599 (Ala.Crim.App.1994), rehearing denied. **Rape** ☞█

49. Victim's fear she could have been beaten satisfies forcible compulsion element

**Victim's fear she could have been beaten satisfies** forcible compulsion element. A victim's fear that she could be beaten if she refused to have intercourse satisfies the forcible compulsion element of first degree rape. Greathouse v. State, 650 So.2d 599 (Ala.Crim.App.1994), rehearing denied.

50. Rape does not require proof of specific intent

**Rape does not require proof of specific intent.** Rape in the first degree does not require proof of specific intent. Stokes v. State, 648 So.2d 1179 (Ala.Crim.App.1994), certiorari denied.

51. Evidence was sufficient to support convictions

**Evidence was sufficient to support convictions** for sodomy in the first degree, attempted rape in the first degree, and attempted sodomy in the first degree. Victim testified that defendant was armed with a knife and that he forced her to have sexual intercourse with her, attempted to have anal sex with her, hit her, performed oral sex on her, and attempted to have sexual intercourse with her again. Rowe v. State, 662 So.2d 1227 (Ala.Crim.App.1995). **Kidnapping** ☞█ ☞█ ☞█

52. Trial court committed reversible error

**Trial court committed reversible error** by giving jury a "dynamite charge" which over-emphasized the cost of the trial and urged the minority of the jury to listen to the majority. Freeman v. State, 659 So.2d 158 (Ala.Crim.App.1994), rehearing denied, certiorari denied.

53. Defendant charged with capital murder

**Defendant charged with capital murder** was not entitled to instruction on lesser included offense of rape, but defendant was entitled to instruction on defense of abuse of corpse, where evidence was undisputed that victim was stabbed to death and that someone had sexual intercourse with her either as she was dying or soon after her death and, if victim was already dead when defendant formed intent to have sexual intercourse, there would be no forcible compulsion of victim and defendant's act would not be rape. Phelps v. State, 668 So.2d 78 (Ala.Crim.App.1995), supplemented on rehearing, certiorari denied 668 So.2d 88. **Criminal Law** ☞█  **Rape** ☞█

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

54. Remand of postconviction petition

**Remand of postconviction petition,** which trial court ruled was time-barred, was required for determination whether first-degree assault to which petitioner pled guilty was, under facts of case, lesser included offense of rape by forcible compulsion such that indictment charging rape also charged first-degree assault. Eiland v. State, 668 So.2d 147 (Ala.Crim.App.1995), opinion after remand 668 So.2d 150. Criminal Law ⟨image⟩

55. State proved element of forcible compulsion

**State proved element of forcible compulsion** necessary for first-degree rape conviction; on first occasion in question, victim resisted defendant's suggestion that they engage in sexual intercourse, and victim's resistance was overcome by both physical force and by threat of injury, and, on second occasion, defendant had nonconsensual sexual intercourse with victim after he had severely beaten her, defendant used physical force to overcome victim's resistance, and victim could reasonably have feared for her life due to presence of steak knife and screwdriver within defendant's reach. Glass v. State, 671 So.2d 114 (Ala.Crim.App.1995) (overruled in part on other grounds by Gentry v. State, (Ala. July 12, 1996)).

56. Conviction for rape

**Conviction for rape** requires evidence that victim was alive at time of intercourse. Thompson v. Nagle, 1997, 118 F.3d 1442, certiorari denied 118 S.Ct. 1071, 522 U.S. 1125, 140 L.Ed.2d 130. Rape ⟨image⟩

57. Evidence in first-degree rape prosecution

**Editor's note.** In light of the similarity of the provisions, decisions under former §§ 13-1-131 and 13-1-133 are included in the annotations for this section.

58. Evidence was sufficient to support adjudication of delinquency

**Evidence was sufficient to support adjudication of delinquency** based on finding that juvenile used "forcible compulsion" and attempted to commit first-degree rape; juvenile was older than victim, juvenile and victim were home alone, juvenile told victim to watch a pornographic videotape, juvenile attempted to engage in sexual intercourse with the victim, juvenile told victim not to tell anyone, and victim was under mental duress as a result of having been sexually abused for years by older males. J.A.P. v. State, 2001 WL 996291 (Ala.Crim.App.2001). Infants ⟨image⟩

**Cited in Williams v. State,** 393 So.2d 492 (Ala.Crim.App.1981); **King v. State,** 395 So.2d 489 (Ala.Crim.App.1981); **Lyner v. State,** 398 So.2d 420 (Ala.Crim.App.1981); **Altman v. State,** 399 So.2d 928 (Ala.Crim.App.1981); **Koch v. State,** 401 So.2d 796 (Ala.Crim.App.1981); **Law v. State,** 407 So.2d 572 (Ala.Crim.App.1981); **Barksdale v. State,** 410 So.2d 484 (Ala.Crim.App.1982); **Davenport v. State,** 426 So.2d 464 (Ala.Crim.App.1981); **Snow v. State,** 412 So.2d 1272 (Ala.Crim.App.1982); **Fagan v. State,** 412 So.2d 1282 (Ala.Crim.App.1982); **Jackson v. State,** 414 So.2d 1014 (Ala.Crim.App.1982); **Hepstall v. State,** 418 So.2d 223 (Ala.Crim.App.1982); **Chambers v. State,** 418 So.2d 948 (Ala.Crim.App.1982); **Wright v. State,** 420 So.2d 823 (Ala.Crim.App.1982); **Davenport v. State,** 426 So.2d 473 (Ala.Crim.App.1982); **Potts v. State,** 426 So.2d 886 (Ala.Crim.App.1982); **Daniels v. State,** 437 So.2d 614 (Ala.Crim.App.1982); **Cook v. State,** 437 So.2d 1378 (Ala.Crim.App.1983); **Jennings v. State,** 439 So.2d 771 (Ala.Crim.App.1983); **Williams v. State,** 445 So.2d 949 (Ala.Crim.App.1983); **Poole v. State,** 445 So.2d 967 (Ala.Crim.App.1983); **Robinson v. State,** 444 So.2d 902 (Ala.Crim.App.1984); **Darrow v. State,** 451 So.2d 394 (Ala.Crim.App.1984); **Young v. State,** 453 So.2d 1074 (Ala.Crim.App.1984); **Alldredge v. State,** 453 So.2d 1332 (Ala.Crim.App.1984); **Cady v. State,** 455 So.2d 101 (Ala.Crim.App.1984); **Webb v. State,** 455 So.2d 223 (Ala.Crim.App.1984); **Patterson v. State,** 455 So.2d 284 (Ala.Crim.App.1984); **Copeland v. State,** 455 So.2d 951 (Ala.Crim.App.1984); **McCurley v. State,** 455 So.2d 1014 (Ala.Crim.App.1984); **Seritt v. Alabama,** 731 F.2d 728 (11th Cir.1984); **Haynes v. State,** 461 So.2d 869 (Ala.Crim.App.1984); **Clark v. State,** 462 So.2d 743 (Ala.Crim.App.1984); **Bighames v. State,** 462 So.2d 796 (Ala.Crim.App.1984); **Troha v. State,** 462 So.2d 950 (Ala.Crim.App.1984); **Creel v. State,** 462 So.2d 1042

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

(Ala.Crim.App.1984); Blackmon v. State, 462 So.2d 1057 (Ala.Crim.App.1985); Chapman v. State, 465 So.2d 1214 (Ala.Crim.App.1985); Stephenson v. State, 469 So.2d 1355 (Ala.Crim.App.1985); Anderson v. State, 469 So.2d 1362 (Ala.Crim.App.1985); Southerland v. State, 471 So.2d 523 (Ala.Crim.App.1985); Johnson v. State, 473 So.2d 652 (Ala.Crim.App.1985); Carroll v. State, 473 So.2d 1219 (Ala.Crim.App.1985); Lake v. State, 475 So.2d 896 (Ala.Crim.App.1985); Esters v. State, 480 So.2d 615 (Ala.Crim.App.1985); Fletcher v. State, 484 So.2d 565 (Ala.Crim.App.1986); Sides v. State, 487 So.2d 1008 (Ala.Crim.App.1986); Williams v. State, 489 So.2d 690 (Ala.Crim.App.1986); Pettaway v. State, 494 So.2d 884 (Ala.Crim.App.1986); Allison v. State, 495 So.2d 739 (Ala.Crim.App.1986); West v. State, 511 So.2d 258 (Ala.Crim.App.1987); Reed v. State, 512 So.2d 804 (Ala.Crim.App.1987); Burnett v. State, 518 So.2d 235 (Ala.Crim.App.1987); Bowden v. State, 538 So.2d 1224 (Ala.Crim.App.1987); Daugherty v. State, 527 So.2d 1364 (Ala.Crim.App.1988); Lee v. State, 586 So.2d 264 (Ala.Crim.App.1991); Fountain v. State, 586 So.2d 277 (Ala.Crim.App.1991); Owens v. State, 597 So.2d 734 (Ala.Crim.App.1992); Fuller v. State, 603 So.2d 1136 (Ala.Crim.App.1992); Smith v. State, 604 So.2d 434 (Ala.Crim.App.1992).

**Evidence in first-degree rape prosecution** would not support jury instruction on lesser included offense of sexual abuse in first degree; defendant completely denied any sexual contact, and there was no evidence of sexual contact other than that contained within penetration, which by definition made defendant's action rape in first degree. Boyd v. State, 699 So.2d 967 (Ala.Crim.App.1997), rehearing denied.

**Cited in** Howell v. State, 636 So.2d 1260 (Ala.1993).

## II. DECISIONS UNDER PRIOR LAW.

### A. In General.

#### 152. Rape defined

**Rape defined.** Rape, as defined by Blackstone, is "the carnal knowledge of a woman forcibly and against her will." 4 Black 210. A better definition, Mr. Bishop suggests, is, "rape is the having of unlawful carnal knowledge by a man of a woman forcibly where she does not consent." 1 Bish. Cr. Law. § 1115; Dawkins v. State, 58 Ala. 376 (1877). One who by force and against the consent of the female had sexual intercourse with her is guilty of rape. Lewis v. State, 35 Ala. 380 (1860); Harris v. State, 2 Ala.App. 116, 56 So. 55 (1911). See also Posey v. State, 143 Ala. 54, 38 So. 1019 (1905); Stephenson v. State, 35 Ala.App. 379, 48 So.2d 255, cert. denied, 254 Ala. 313, 48 So.2d 259 (1950) (decided under former § 13-1-131).

**Rape is unlawful carnal knowledge** of a woman by a man forcibly and against her will. Thomas v. State, 53 Ala.App. 232, 298 So.2d 652, cert. denied, 292 Ala. 755, 298 So.2d 657 (1974); Harris v. State, 333 So.2d 871 (Ala.App. 1976); Gulley v. State, 342 So.2d 1362 (Ala.App. 1977) (decided under former § 13-1-131).

#### 153. Elements required to be proved

**Elements required to be proved.** It is necessary to prove each element of this common law offense: (a) an unlawful carnal knowledge of a woman by the defendant, and (b) that such carnal knowledge was committed forcibly and without consent. Smith v. State, 345 So.2d 325 (Ala.Crim.App.1976), certiorari quashed 345 So.2d 329.

#### 154. Force was an indispensable element

**Force was an indispensable element.** Overcoming the resistance of the woman, if she was not an idiot, or subdued by fraud, or rendered unconscious by the administration of drugs, medicines, intoxicating drinks or other substances, was an indispensable element of the offense of rape. State v. Murphy, 6 Ala. 765 (1844); McNair v. State, 53 Ala. 453 (1875); Dawkins v. State, 58 Ala. 376 (1877); Jones v. State, 90 Ala. 628, 8 So. 383 (1890); Herndon v. State, 2 Ala.App. 118, 56 So. 85 (1911) (decided under former § 13-1-131).

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Force, actual or constructive, was an essential element. Taylor v. State, 249 Ala. 130, 30 So.2d 256 (Ala.1947).

155. Constructive force was sufficient

**Constructive force was sufficient.** The force need not have been actual physical force. It was sufficient if it was a constructive force, such as duress or being put in fear. McQuirk v. State, 84 Ala. 435, 4 So. 775 (1888); Norris v. State, 87 Ala. 85, 6 So. 371 (1889); Shepherd v. State, 135 Ala. 9, 33 So. 266 (1902); Posey v. State, 143 Ala. 54, 38 So. 1019 (1905); Herndon v. State, 2 Ala.App. 118, 56 So. 85 (1911); Kirby v. State, 5 Ala.App. 128, 59 So. 374 (1912) (decided under former § 13-1-131).

156. For example, fear

**For example, fear.** The offense was complete when the woman was made to yield through fear, and did not consent voluntarily ( Hooper v. State, 106 Ala. 41, 17 So. 679 (1895) ), whether or not the apprehension of bodily harm was reasonable. Waller v. State, 40 Ala. 325 (1867); Kirby v. State, 5 Ala.App. 128, 59 So. 374 (1912) (decided under former § 13-1-131).

The offense of rape was complete when the woman was made to yield through fear. Rudolph v. State, 275 Ala. 115, 152 So.2d 662, cert. denied, 375 U.S. 889, 84 S.Ct. 155, 11 L.Ed.2d 19 (1963); Carter v. State, 56 Ala.App. 450, 322 So.2d 741 (1975) (decided under former § 13-1-131).

The offense of rape was complete when it was shown by the evidence that the woman was made to yield through force or fear and did not consent voluntarily to the act of sexual intercourse. Turner v. State, 32 Ala.App. 465, 27 So.2d 239 (Ala.App.1946). Rape ☜➡▮

157. The degree of force necessary for a conviction

**The degree of force necessary for a conviction** need not be such as to place the victim under such reasonable apprehension of death or bodily harm as to overpower her will; it is sufficient that the female was under such duress that the act was accomplished against her consent. Long v. State, 370 So.2d 354 (Ala.Crim.App.1979). Rape ☜➡▮

158. Penetration required

**Penetration required.** Penetration alone, the other elements of the crime concurring, was rape, without regard to the actual completion of the act, and without regard to the condition of the mind of the prosecutrix or of the defendant subsequent to the actual penetration. Herndon v. State, 2 Ala.App. 118, 56 So. 85 (1911). But there must be actual penetration. Waller v. State, 40 Ala. 325 (1867); Harris v. State, 2 Ala.App. 116, 56 So. 55 (1911); Harris v. State, 333 So.2d 871 (Ala.App. 1976) (decided under former § 13-1-131).

Penetration to any particular extent was not required nor need there have been an entering of the vagina or rupturing of the hymen, the entering of the vulva or labia being sufficient; but some degree of entrance of the male organ within the labia pudendum was essential. Thomas v. State, 53 Ala.App. 232, 298 So.2d 652, cert. denied, 292 Ala. 755, 298 So.2d 657 (1974); Harris v. State, 333 So.2d 871 (Ala.App. 1976) (decided under former § 13-1-131).

An essential element of the offense of rape is the actual penetration of the female sex organ by the male sex organ. Smith v. State, 345 So.2d 325 (Ala.Crim.App.1976), certiorari quashed 345 So.2d 329. Rape ☜➡▮

The test under former § 13-1-131 was whether there was an actual penetration and not whether there was full penetration. Liptroth v. State, 335 So.2d 683, 97 A.L.R.3d 427 (Ala.Crim.App.1976), certiorari denied 335 So.2d 688, certiorari denied 97 S.Ct. 393, 429 U.S. 963, 50 L.Ed.2d 332. Rape ☜➡▮

The test under this section is whether there was an actual penetration and not whether there was full penetration.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Liptroth v. State, 335 So.2d 683, 97 A.L.R.3d 427 (Ala.Crim.App 1976), certiorari denied 335 So.2d 688, certiorari denied 97 S.Ct. 393, 429 U.S. 963, 50 L.Ed.2d 332.  Rape

Fact that a physician cannot detect laceration of the vagina, vulva or pubic area of the victim, does not negative **penetration**, but may be negative proof on the issue of consent vel non.  But as negative proof its office is to raise doubt not to take the case from the jury.  Smith v. State, 57 Ala.App. 164, 326 So.2d 692 (Ala.Crim.App.1975), certiorari denied 295 Ala. 419, 326 So.2d 695.  Rape

159. Penetration and sexual intercourse are synonymous terms

Actual penetration of the female's sex organs is necessary to constitute carnal knowledge, which is synonymous with sexual intercourse. Long v. State, 370 So.2d 354 (Ala.Crim.App. 1979).

**Penetration and sexual intercourse are synonymous terms.**   Harris v. State, 333 So.2d 871 **(Ala.Crim.App.1976). Rape**

160. And carnal knowledge is synonymous with sexual intercourse

**And carnal knowledge is synonymous with sexual intercourse** in its legal sense.  Harris v. State, 333 So.2d 871 **(Ala.Crim.App.1976). Rape**

161. But sexual intercourse need not have been completed

**But sexual intercourse need not have been completed.**  Posey v. State, 143 Ala. 54, 58 So. 1019 (Ala.1905).

162. And emission need not have been proven

**And emission need not have been proven.**  Waller v. State, 40 Ala. 325 (Ala.1867).

163. Consent before completion was a defense

**Consent before completion was a defense.** The consent of the female, yielded at any time before the act of **penetration** was complete, relieved the offense of its felonious character.  Dawkins v. State, 58 Ala. 376 (1877) **But consent after penetration was immaterial.** Posey v. State, 143 Ala. 54, 58 So. 1019 (1905);  Herndon v. State, **2 Ala.App. 118, 56 So. 85 (1911)** (decided under former § 13-1-130).

164. Consent which would be held sufficient assumed a mental capacity in the person consenting

**Consent which would be held sufficient assumed a mental capacity in the person consenting to the extent that she understood and appreciated the nature of the act** of sexual intercourse, its character and the probable or natural **consequence which might attend it.** Stephenson v. State, 35 Ala.App. 379, 48 So.2d 255 (Ala.App.1950), **certiorari denied 254 Ala. 313, 48 So.2d 259. Rape**

165. Capacity to consent to intercourse presupposes mental capability to form an intelligent opinion

**Capacity to consent to intercourse presupposes** mental capability to form an **intelligent opinion** on the subject, with an understanding of the act, its nature, and its possible consequences. Smith v. State, 345 So.2d 325 **(Ala.Crim.App.1976), certiorari quashed 345 So.2d 329.** Rape

166. And if the prosecutrix is so mentally impotent as to be incapable of consent, then it is not necessary to prove force

**And if the prosecutrix is so mentally impotent as to be incapable of consent, then it is not necessary to prove force or lack of consent.** Smith v. State, 345 So.2d 325 (Ala.Crim.App.1976), certiorari quashed 345 So.2d 329.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

167. Whether penetration is accomplished is a question of fact for the jury

**Whether penetration is accomplished is a question of fact for the jury.** Long v. State, 370 So.2d 354 (Ala.Crim.App.1979). Rape ⚖️

168. Corroboration of testimony of prosecutrix not required

The uncorroborated testimony of the prosecutrix is sufficient to sustain a conviction for rape. Wade v. State, 381 So.2d 1057 (Ala.Crim.App.1980), writ denied 381 So.2d 1062.

**Corroboration of testimony of prosecutrix not required.** In a rape prosecution it was not necessary to sustain a conviction that the testimony of the prosecutrix be corroborated, for the jury could convict on her evidence alone, though it might be uncorroborated, if it convinced the jury beyond a reasonable doubt that the accused was guilty. Williams v. State, 335 So.2d 249 (Ala.Crim.App.1976). Rape ⚖️

In a rape prosecution it is not necessary to sustain a conviction that the testimony of the prosecutrix be corroborated, for the jury may convict on her evidence alone, though it may be uncorroborated, if it convinces the jury beyond a reasonable doubt that the accused is guilty. Williams v. State, 335 So.2d 249 (Ala.Crim.App.1976) . Rape ⚖️

At common law corroboration in rape cases was adjured as a help to the jury but it was not a mandatory element of proof. Smith v. State, 57 Ala.App. 164, 326 So.2d 692 (Ala.Crim.App.1975), certiorari denied 295 Ala. 419, 326 So.2d 695.

The jury could convict upon the prosecutrix' evidence alone if her evidence convinced the jury beyond a reasonable doubt that the accused was guilty. Robinson v. State, 53 Ala.App. 145, 298 So.2d 75 (Ala.Crim.App.1974).

169. Admissibility of complaint of rape generally

In prosecution for rape it had been frequently held that the state could show in corroboration of the testimony of the assaulted female that she, shortly after the outrage upon her made complaint of such occurrence to her father or mother, but such testimony was confined to the bare fact of complaint, and details of the occurrence or the identity of the person accused was not admissible. Leoni v. State, 44 Ala. 110 (1870); Lacy v. State, 45 Ala. 80 (1871); Posey v. State, 143 Ala. 54, 38 So. 1019 (1905); Daniel v. State, 37 Ala.App. 559, 73 So.2d 370, cert. denied, 261 Ala. 145, 73 So.2d 375 (1954) (decided under former § 13-1-131).

In a rape case, although the fact that a complaint was made is admissible, the details of the complaint, including the identification of the person accused, are not admissible. Biggs v. State, 331 So.2d 763 (Ala.Crim.App.1976), certiorari denied 331 So.2d 765. Rape ⚖️

In a rape case, although the fact that a complaint was made was admissible, the details of the complaint, including the identification of the person accused, were not admissible. Biggs v. State, 331 So.2d 763 (Ala.Crim.App.1976) , certiorari denied 331 So.2d 765. Rape ⚖️

The fact that complaint was made by the prosecutrix was admissible, but on direct examination such testimony was limited to the fact of the complaint, and the details of the occurrence, including the identity of the person accused, were not admissible. Etheridge v. State, 47 Ala.App. 233, 252 So.2d (Ala.Crim.App.1971).

**Admissibility of complaint of rape generally.** There were at least two instances where the details of a complaint of rape could be proved: (1) They could be limited on cross-examination by the defendant, and when this was done only in part the state could then proceed to prove, on the rebutting examination, the whole complaint; (2) where the testimony of the prosecutrix was sought to be impeached, by attempting to discredit her story, it was permissible, by way of corroboration, for the state to prove such details and to prove that she told the story the

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

same way to others, confirmatory of her first statement. Aaron v. State, 273 Ala. 337, 139 So.2d 309 (Ala.1961), certiorari denied 83 S.Ct. 81, 371 U.S. 846, 9 L.Ed.2d 82. Witnesses ⬥➡️◼️

When the complaint of rape did not constitute a part of the res gestae, but was received only in corroboration of the prosecutrix's testimony, the general rule was that the details or particulars could not be introduced, in the first instance, by the state. This would exclude any statement made in the complaint pointing out the identity of the person accused, or explaining the injuries claimed to have been received or otherwise giving the minute circumstances of the event. Aaron v. State, 273 Ala. 337, 139 So.2d 309 (Ala.1961), certiorari denied 83 S.Ct. 81, 371 U.S. 846, 9 L.Ed.2d 82. Rape ⬥➡️◼️

In prosecutions for rape the state could, on the direct examination of the prosecutrix, prove the bare fact that she made complaint of the injury, and when and to whom, and she could be corroborated by the person to whom she complained as to the same fact. Aaron v. State, 273 Ala. 337, 139 So.2d 309 (Ala.1961), certiorari denied 83 S.Ct. 81, 371 U.S. 846, 9 L.Ed.2d 82. Rape ⬥➡️◼️

Testimony that the victim of rape made complaint soon after the occurrence was not admissible as proof of the commission of the crime, but was received in corroboration of the testimony of the prosecutrix only as proof of the fact that such complaints were made. Price v. State, 41 Ala.App. 239, 128 So.2d 109 (Ala.App.1961).

The state, in its main case, could not show on examination either of the prosecutrix, or a third party, anything more than a bare complaint made by the prosecutrix, and could not show or prove initially any details of the complaint, including the identity of the accused. Lang v. State, 40 Ala.App. 705, 122 So.2d 526 (Ala.App.1959), reversed 271 Ala. 1, 122 So.2d 533.

In a prosecution for rape the state could show that the prosecutrix made a complaint of having been raped, but the state could not show on direct the details of the occurrence as related by the prosecutrix in her complaint. Aaron v. State, 271 Ala. 70, 122 So.2d 360 (Ala.1960).

The state was not privileged to prove that the woman complained that any particular person assaulted her until after the defendant had brought out particulars of the complaint, or had introduced evidence tending to impeach the witness who testifies to the complaint. Oakley v. State, 135 Ala. 15, 33 So. 23 (Ala.1902).

## 170. Admissibility of complaint as part of res gestae

**Admissibility of complaint as part of res gestae.** If the complaint was contemporaneous with the main occurrence, and so closely connected with it as to illustrate its character, it could be admitted as part of the res gestae. This being so, the scope of the evidence was no longer limited to showing a bare complaint, but the complaint itself was admissible. Daniell v. State, 37 Ala.App. 559, 73 So.2d 370 cert. denied, 261 Ala. 145, 73 So.2d 375 (1954); Price v. State, 41 Ala.App. 239, 128 So.2d 109 (1961) (decided under former § 13-1-131).

Where the promptness of the victim's complaints was shown, and in view of the condition of the alleged victim, evidence of the fact that a bare complaint was made was admissible both as a part of the res gestae and as an exception to the general rule excluding evidence of complaints except to corroborate the prosecutrix's testimony given on the trial. Price v. State, 41 Ala.App. 239, 128 So.2d 109 (Ala.App.1961). Criminal Law ⬥➡️◼️ Rape ⬥➡️◼️

## 171. Admissibility of evidence as to general reputation of prosecutrix for chastity

**Admissibility of evidence as to general reputation of prosecutrix for chastity.** Where the defense to rape was based entirely upon the fact of consent, evidence of the general reputation of the prosecutrix for chastity was competent evidence bearing on the probability of her consent. Brown v. State, 50 Ala.App. 471, 280 So.2d 177 (Ala.Crim.App.1973), certiorari denied 291 Ala. 774, 280 So.2d 182.

It was only when consent was not claimed as a defense to rape, as in the case where there was a denial of

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

intercourse, that the general reputation of the prosecutrix was not material. Brown v. State, 50 Ala.App. 471, 280 So.2d 177 (Ala.Crim.App.1973), certiorari denied 291 Ala. 774, 280 So.2d 182.

The rule admitting evidence of reputation for chastity was based on the theory that a person of bad moral character was less likely to speak the truth as a witness than one of good moral character, and that a woman who was chaste would be less likely to consent to an illicit connection than one who was unchaste. Brown v. State, 50 Ala.App. 471, 280 So.2d 177 (Ala.Crim.App.1973), certiorari denied 291 Ala. 774, 280 So.2d 182.

172. Admissibility of evidence of specific acts of unchastity of prosecutrix

**Admissibility of evidence of specific acts of unchastity of prosecutrix.** Evidence of specific acts of unchastity by prosecutrix with third person was not admissible as tending to prove her bad character for chastity. Carter v. State, 56 Ala.App. 450, 322 So.2d 741 (Ala.Crim.App.1975).

Basis of the rule that evidence of specific acts of unchastity by the prosecutrix with third persons was not admissible as tending to prove her bad character for chastity was the unwisdom of opening the door to collateral issues tending rather to hinder than promote justice. Carter v. State, 56 Ala.App. 450, 322 So.2d 741 (Ala.Crim.App.1975).

173. Admissibility of evidence of knowledge of woman that accused was married

**Admissibility of evidence of knowledge of woman that accused was married.** In prosecution for rape, after state put before jury testimony that accused was married man with three children, trial court's refusal to allow accused to attempt to show, as bearing upon weight of alleged victim's testimony, that alleged victim had known that fact when she "went out" with accused, was error and required reversal. Roberts v. State, 28 Ala.App. 553, 190 So. 301 (Ala.App.1939), certiorari denied 238 Ala. 260, 190 So. 303. Criminal Law ⬤➡■

174. Admissibility of evidence as to circumstances of act

**Admissibility of evidence as to circumstances of act.** In prosecution for rape, where accused testified that he undertook with woman's consent to have intercourse with her in front seat of automobile, question upon cross-examination whether accused had ever successfully had intercourse with anybody in front seat of an automobile was proper as bearing upon the weight of accused's testimony. Roberts v. State, 28 Ala.App. 553, 190 So. 301 (Ala.App.1939), certiorari denied 238 Ala. 260, 190 So. 303. Witnesses ⬤➡■

175. Obscene comments of defendant during crime admissible

**Obscene comments of defendant during crime admissible.** In a prosecution for rape, obscene comments made by the defendant during the crime were part of the res gestae and admissible in evidence. Owes v. State, 338 So.2d 1 (Ala.Crim.App.1976).

B. Carnal Knowledge of Female Under 12 Years of Age.

225. This section embraces two offenses

**This section embraces two offenses,** one being carnal knowledge and the other abuse in the attempt to have carnal knowledge. Reynolds v. State, 274 Ala. 171, 146 So.2d 85 (Ala.1962).

226. Offense of having carnal knowledge of girl under 12 years of age is not same as rape

**Offense of having carnal knowledge of girl under 12 years of age is not same as rape.** Bradham v. State, 27 Ala.App. 225, 170 So. 222 (Ala.App.1936), certiorari denied 233 Ala. 106, 170 So. 223. Rape ⬤➡■

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

**227. Breadth of this section protects females of tender years regardless of specific intent**

The design and breadth of our carnal knowledge statutes are to protect young girls of tender years from falling **victims to the wiles, schemes, debaseness** and **depravity**, of over-sexed men who use arts of flattery and other inducements to persuade them to surrender their most precious possession to the gratification of men who have lost their moral values and think of nothing save their animal instincts regardless of specific intent on the part of an accused to carry forward by force the sexual act to completion, and regardless of consent or nonconsent of the child. Powell v. State, 53 Ala.App. 30, 297 So.2d 163 (Ala.Crim.App.1974). Rape ⟨⟩ ▮

**Breadth of this section protects females of tender years** regardless of specific intent on the part of an accused to carry forward by force the sexual act to completion, and regardless of consent or nonconsent of the child. Smith v. State, 34 Ala.App. 45, 38 So.2d 341 (Ala.App.1948), certiorari denied 251 Ala. 559, 38 So.2d 347. Rape ⟨⟩ ▮▮▮    ⟨⟩ ▮▮

**228. Consent no defense**

**Consent no defense.** While consent is a defense in rape cases it is absolutely no defense to prosecutions under carnal knowledge statutes. Powell v. State, 53 Ala.App. 30, 297 So.2d 163 (1974); Taylor v. State, 361 So.2d 1189 (Ala.Crim.App.1978).

A girl under the age of 12 cannot consent to carnal knowledge and neither can she be an accomplice to such criminal conduct. Butler v. State, 55 Ala.App. 421, 316 So.2d 348 (Ala.Crim.App.1975), certiorari denied 294 Ala. 754, 316 So.2d 355, certiorari denied 96 S.Ct. 424, 423 U.S. 996, 46 L.Ed.2d 370. Criminal Law ⟨⟩ ▮▮▮

Law governing capacity of infants to contract and presumptions concerning capability of children under age of seven and between ages of seven and 14 respectively to commit crime are inapplicable on question of consent. Owens v. State, 29 Ala.App. 53, 191 So. 899 (Ala.App.1939), certiorari denied 238 Ala. 519, 191 So. 903. Rape ⟨⟩ ▮

**229. State must prove age of child and physical abuse**

**State must prove age of child and physical abuse.** In order to prove the defendant guilty of carnal knowledge or abuse in the attempt to have carnal knowledge of a girl under 12 years of age it is necessary for the state to prove, among other things, the age of the child and physical abuse to the genital organs. Smith v. State, 256 Ala. 444, 55 So.2d 208 (Ala.1951).

**230. "Abuse" and "carnally know"**

**"Abuse" and "carnally know".** The offense denounced by the section includes, of necessity, physical injury to the child, and it is the injury the term "abuse" includes, though it is included also in the words "carnally know." The section is directed not only against the offense itself, when complete, but against attempts to commit it, if in the attempt there is "abuse" of the child. Dawkins v. State, 58 Ala. 376 (1887); Smith v State, 34 Ala.App. 45, 38 So.2d 341 (1948), cert. denied, 251 Ala. 559, 38 So.2d 347 (1949), appeal dismissed, 253 Ala. 277, 44 So.2d 250 (1950).

The "abuse," condemned by statute prescribing punishment for abuse of girl under 12 years old in attempt to have carnal knowledge of her, contemplates physical abuse of her genital or sexual organs. Montgomery v. State, 28 Ala.App. 442, 186 So. 589 (1939); Lee v. State, 31 Ala.App. 91, 13 So.2d 583, cert. denied, 244 Ala. 401, 13 So.2d 590 (1943), rev'd on other grounds, 246 Ala. 69, 18 So.2d 706 (1944); Reynolds v. State, 274 Ala. 171, 146 So.2d 85 (1962).

"Abuse" refers to an injury to sexual organs in attempt to have carnal knowledge of a girl under 12 years of age. Lee v. State, 246 Ala. 69, 18 So.2d 706 (1944); Huggins v. State, 271 Ala. 428, 123 So.2d 911 (1960), aff'd, 41

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Ala.App. 548, 142 So.2d 915, cert. denied, 273 Ala. 708, 142 So.2d 918 (1962).

For purpose of statute making it an offense to have carnal knowledge of any girl under 12 years of age, carnal knowledge is the same as sexual intercourse. Grace v. State, 369 So.2d 318 (Ala.Crim.App.1979). **Rape** ⟨⇒▮

"Carnal knowledge" as used in statute means sexual intercourse, that is, the actual penetration by the male sex organ into the sexual organ of the female, but statute is directed not only against the offense itself, when complete, but against attempt to commit it. Thompson v. State, 358 So.2d 1069 (Ala.Crim.App.1978). **Rape** ⟨⇒▮

Any injury to the private parts of a girl is an abuse to which this section refers. Ard v. State, 57 Ala.App. 250, 327 So.2d 745 (Ala.Crim.App.1976).

"Carnal knowledge," as used in this section, means sexual intercourse, that is, the actual penetration of the male sexual organ into the sexual organ of the female. Reynolds v. State, 274 Ala. 171, 146 So.2d 85 (Ala.1962).

Medical testimony which showed that the rectum and the area around the rectum was bruised or injured was not an abuse or injury of a girl's genital or sexual organs. Reynolds v. State, 274 Ala. 171, 146 So.2d 85 (Ala.1962).

"Abuse" in this section is an injury to a girl's genital parts resulting from an attempt at carnal knowledge. Huggins v. State, 41 Ala.App. 548, 142 So.2d 915 (Ala.App.1962), certiorari denied 273 Ala. 708, 142 So.2d 918.

The crime may be committed without any contact of genital organs. Lee v. State, 31 Ala.App. 91, 13 So.2d 583 (Ala.App.1943), certiorari denied 244 Ala. 401, 13 So.2d 590.

In Castleberry v. State, 135 Ala. 24, 33 So. 431 (1903), it was held, that the mere hurting of the private parts of the female is an abuse within the meaning of this section, though they are not bruised, cut, lacerated or torn.

Without any contact of the genital organs -- without anything which may be called penetration -- there may be injury to the child's sexual organs. An injury to these parts, in the attempt at carnal knowledge, is the abuse to which the statute refers. Dawkins v. State, 58 Ala. 376 (Ala.1877).

## 231. State must prove age of child and physical abuse

**State must prove age of child and physical abuse.** To sustain a conviction under statute governing carnal knowledge with a girl under 12 years of age, it is necessary for the state to prove to the degree required by law, that the injured party was under 12 years of age at the time of the alleged act, and that her sexual organ was penetrated by the sexual organ of the accused, or that physical abuse to her sexual organs occurred in an attempt to have carnal knowledge of her. Grace v. State, 369 So.2d 318 (Ala.Crim.App.1979). **Rape** ⟨⇒▮

## 232. Evidence held admissible

In a prosecution for having carnal knowledge of defendant's child, claim by defendant's other two daughters of previous acts of intercourse with them or proposals by defendant that such intimacies be indulged in was provable as bearing upon defendant's intent and motive when he put his hands upon child's sexual organs. Lee v. State, 31 Ala.App. 91, 13 So.2d 583 (Ala.App.1943), certiorari denied 244 Ala. 401, 13 So.2d 590. **Criminal Law** ⟨⇒▮

Evidence of more than one occurrence between defendant and girl was properly admitted, since evidence of such acts before and after alleged act on which prosecution was based, whether near or too remotely connected, were provable as bearing upon improper relation and intimacy of the parties thereby tending to sustain principal charge. Lee v. State, 31 Ala.App. 91, 13 So.2d 583 (Ala.App.1943), certiorari denied 244 Ala. 401, 13 So.2d 590. **Criminal Law** ⟨⇒▮

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

In prosecution for having carnal knowledge of girl under 12 years, complaint by girl was admissible for purpose of corroborating girl's testimony. Bradham v. State, 27 Ala.App. 225, 170 So. 222 (Ala.App.1936), certiorari denied 233 Ala. 106, 170 So. 223. Rape ⚖ ▮

**Evidence held admissible.** In a prosecution under former § 13-1-133, testimony of physician, that the girl died two or three days after the assault as a result of the injuries, was admissible. Puckett v. State, 213 Ala. 383, 105 So. 211 (Ala.1925).

233. Evidence held inadmissible

**Evidence held inadmissible.** In prosecution of father for carnal abuse of daughter, testimony by sister of complaining witness of her pregnancy as a result of intercourse with father (defendant) and of his procuring her abortion was irrelevant. Lee v. State, 246 Ala. 69, 18 So.2d 706 (Ala.1944).

In prosecution of 63 year old defendant for having carnal knowledge of his stepdaughter under 12 years of age, physician's testimony that at time stepdaughter gave birth to a baby she stated to him that defendant was the father of the baby was "hearsay" and its admission prejudicial to defendant. Youngblood v. State, 30 Ala.App. 57, 200 So. 577 (Ala.App.1941). Criminal Law ⚖ ▮▮▮▮▮▮▮▮▮▮▮  ⚖ ▮▮▮▮▮

In prosecution for having carnal knowledge of girl under 12 years of age, admission of testimony of injured girl as to details of her actions other than having made complaint, as to her parents' actions, and as to actions of officers, held prejudicial error. Bradham v. State, 27 Ala.App. 225, 170 So. 222 (Ala.App.1936). certiorari denied 233 Ala. 106, 170 So. 223. Rape ⚖ ▮

234. Impossibility of having carnal knowledge

**Impossibility of having carnal knowledge** of the girl does not, as a matter of law, prevent a man from feloniously so trying. Huggins v. State, 41 Ala.App. 548, 142 So.2d 915 (Ala.App.1962) certiorari denied 273 Ala. 708, 142 So.2d 918.

## III. PLEADING AND PRACTICE.

**Evidence was sufficient to support conviction of rape 332 ..... enter p91**
**Trial court was without jurisdiction to accept plea 331 ....... enter p91**

284. Collateral estoppel

Collateral estoppel. While the issues, including that of forcible compulsion, concerning the rape of the young girl were considered by the juries trying the two codefendants, juries judging other people did not consider these issues as they related to this defendant. For the doctrine of collateral estoppel to apply, the issue would have to have been previously decided between the defendant and the state. It was not. Previous determinations were between the state and defendant's codefendants and judged their actions, not his. Therefore, neither the issue nor the parties were the same. Parker v. State, 516 So.2d 859 (Ala.Crim.App.1987).

285. Dismissal of first indictment due to material variance and retrial not double jeopardy

**Dismissal of first indictment due to material variance and retrial not double jeopardy.** Where the language in the first indictment substantially followed the language of subdivision (a)(3), which sufficiently describes the elements of the offense for which the appellant was indicted, but the proof adduced at trial was that the victim was 12 years old when this alleged offense occurred; because of this fact, if the appellant had been convicted of the offense charged in the indictment, it would have been due to be reversed. Therefore, the dismissal of the first indictment was grounded upon a material variance and the appellant's retrial did not, therefore, constitute double jeopardy. Allen v. State, 472 So.2d 1122 (Ala.Crim.App.1985).

286. The granting or refusal of an order for a physical examination of the prosecutrix is a matter within the

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

discretion of the trial court

**The granting or refusal of an order for** a physical examination of the prosecutrix **is a matter within the discretion of the trial court,** which will not be reversed except for a manifest abuse of such discretion. Lanton v. State, 456 So.2d 873 (Ala.Crim.App.1984), appeal dismissed, certiorari denied 105 S.Ct. 2314, 471 U.S. 1095, 85 L.Ed.2d 834.

287. Admission into evidence of photographs of the scene

**Admission into evidence of photographs of** the scene to illustrate victim's testimony as to where rape occurred and where defendant's car was stuck was not error, although the photographs were taken in the fall while the alleged rape took place in the summer, a dead hog was depicted in the photographs, and the ruts in the road appeared deeper in the photographs than they were when the alleged rape occurred, as the differences between the photographs and the scene at the time the rape allegedly took place were insignificant and were fully explained to the jury. Adkins v. State, 481 So.2d 431 (Ala.Crim.App.1985).

288. Victim's testimony alone, as to forcible compulsion, is sufficient

**Victim's testimony alone, as to forcible compulsion,** is sufficient to present to a jury and to support a verdict. Williams v. State, 535 So.2d 225 (Ala.Crim.App.1988), denial of post-conviction relief affirmed in part, reversed in part 651 So.2d 569, on remand 651 So.2d 573. Rape ⊕══════ ⊕══════

289. The witness' testimony that the defendant had attempted to have sex with her was admissible

**The witness' testimony that the defendant had** attempted to have sex with her **was admissible as falling within the "identity exception"** to the general rule precluding evidence of collateral crimes, where the collateral incident was sufficiently similar to that for which the defendant was being tried. Beavers v. State, 511 So.2d 951 (Ala.Crim.App.1987).

290. Evidence of attacks by defendant upon two other females was properly introduced

**Evidence of attacks by defendant upon two other females** was properly introduced to show defendant's intent and to rebut his contention that the act was with the prosecutrix's consent. ___m v. State, 473 So.2d 1149 (Ala.Crim.App.1985). Criminal Law ⊕══════ ⊕══════

291. Evidence of prosecutrix's pregnancy and delivery

**Evidence of prosecutrix's pregnancy and delivery,** which allegedly resulted from the act charged in the indictment, was properly admitted. Watson v. State, 538 So.2d 1216 (Ala.Crim.App.1987), affirmed 538 So.2d 1226.

292. Evidence of collateral sexual misconduct

**Evidence of collateral sexual misconduct.** Provided a proper showing of materiality is made, evidence of collateral sexual misconduct would be admissible. Bowden v. State, 538 So.2d 1226 (Ala.1988). Criminal Law ⊕═══

It may well be, when the third party against whom the defendant is claimed to have committed a collateral sexual offense is the defendant's child, that collateral offense evidence is more relevant in proving the material other purposes for which it is offered in a sex crime prosecution than would be evidence of other third party offenses. This of course depends upon (1) the offense(s) charged; (2) the circumstances surrounding the offense(s) charged and the collateral offense(s); (3) the other collateral evidence offered at trial, and (4) the other purpose(s) for which it is offered. Bowden v. State, 538 So.2d 1226 (Ala.1988). Criminal Law ⊕═══

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

293. Defendant not entitled to voluntary intoxication charge

**Defendant not entitled to voluntary intoxication** charge. In rape trial, requested charge that voluntary intoxication may render an intoxicated person incapable of forming specific intent was properly refused because rape in the first degree does not require any specific criminal intent. Toler v. State, 623 So.2d 408 (Ala.Crim.App.1993), certiorari denied.

294. Voluntary intoxication defense instruction properly denied

**Voluntary intoxication defense instruction** properly denied. In rape trial, requested charges of voluntary intoxication were properly refused because, although there was evidence that appellant had been drinking prior to the time of the offense, there was no evidence that any intoxication was of such a character and extent as to render him incapable of discriminating between right and wrong, and in addition he had no difficulty recounting details surrounding act of sexual intercourse, and he admitted apologizing to victim for raping her." Toler v. State, 623 So.2d 408 (Ala.Crim.App.1993), certiorari denied.

295. Defendant entitled to charge of sexual misconduct

**Defendant entitled to charge of sexual misconduct.** Where the evidence showed there was some question as to why the prosecutrix did not scream for help, the nurse who examined the prosecutrix at the hospital testified, that there were no external signs of trauma either in the pelvic areas or the rest of prosecutrix's body, a jury could conclude that the prosecutrix did not earnestly resist and therefore the defendant was entitled to a charge of sexual misconduct. Ex parte Cordar, 538 So.2d 1246 (Ala.1988), on remand 538 So.2d 1250.

296. Court properly declined lesser included offense charge on sexual misconduct

**Court properly declined lesser included offense charge on sexual misconduct.** Evidence did not support verdict of sexual misconduct and therefore trial court properly declined to give lesser included offense charge of sexual misconduct in trial for rape in first degree and sodomy in first degree. Evidence supported finding that victim was threatened by defendant to extent she believed serious physical injury would ensue if she resisted. Defendant twisted victim's arm behind her back to control her movements and defendant threatened to use a curling iron on victim if she did not stop crying. Ayers v. State, 594 So.2d 719 (Ala.Crim.App.1991), certiorari denied. Assault And Battery ⬅➡ ████████████ ⬅➡ ████

297. Evidence of defendant's sexual mistreatment of the prosecutrix's sister was admissible

**Because there was a real and open issue as to** the rapist's identity, the trial court did not err in admitting evidence of the defendant's prior rapes of the prosecutrix and her sister. Bowden v. State, 538 So.2d 1226 (Ala.1988). Criminal Law ⬅➡ ████

**Evidence of defendant's sexual mistreatment of the prosecutrix's sister** was admissible under the exception relevancy in various particular crimes since defendant's sexual mistreatment of the prosecutrix's sister was admissible, to be an amalgam of the identity exception and the common plan, scheme or system exception. Watson v. State, 538 So.2d 1216 (Ala.Crim.App.1987) affirmed 538 So.2d 1226.

**Although the evidence of the sexual abuse of prosecutrix's sister** was admissible the fact of her pregnancy was inadmissible. Watson v. State, 538 So.2d 1216 (Ala.Crim.App.1987), affirmed 538 So.2d 1226.

298. Omission of instruction as to "totality of circumstances."

**Omission of instruction as to "totality of circumstances."** -- While an instruction as to a "totality of the circumstances" analysis for determining the existence of forcible compulsion may have assisted the jury, its omission from an otherwise adequate instruction was not error. Parks v. State, 565 So.2d 1265 (Ala.Crim.App.1990).

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

299. Use of phrase "a child 16 years of age" was harmless

**Use of phrase "a child 16 years of age"** was harmless. Trial court's use in its oral charge of the phrase "a child 16 years of age" was harmless, where defendant denied that the rape ever took place, and age and its effect upon consent, therefore, were not issues. Parks v. State, 565 So.2d 1265 (Ala.Crim.App.1990).

300. The prosecutor's repeated references to evidence which the judge had ruled inadmissible

**The prosecutor's repeated references to evidence which the judge had ruled inadmissible,** namely a large number of women's panties, pornographic material, a brown wig, and two driver's licenses of females other than the victim, constituted reversible error in a rape prosecution, where there was no evidence to show that the present crime, the rape of a named victim, was committed by the defendant as part of a system or plan begun by stealing the personal identifications and property of the other women. Allen v. State, 478 So.2d 326 (Ala.Crim.App.1985)

301. Venue proper even though rape took place in another county

**Venue proper even though rape took place in another county.** Where the appellant began his uninterrupted acts of getting the prosecutrix to a secluded area in order to rape her in the county, the fact that the rape took place in another county did not prevent the county from having venue to try appellant for rape. Cummings v. State, 518 So.2d 241 (Ala.Crim.App.1987).

302. Evidence held sufficient

**Evidence held sufficient** to support the jury's verdict of guilt of rape in the first degree. Sumpter v. State, 480 So.2d 608 (Ala.Crim.App.1985).

303. Sentence upheld

Conviction for rape in the first degree held proper, although two of codefendants were charged with first degree rape, yet the jury convicted them of second degree rape and another pleaded guilty to second degree rape. It is not the law, nor is it reasonable, that a jury should be bound in their determination of guilt or innocence by verdicts of other juries in trials of codefendants. Parker v. State, 516 So.2d 859 (Ala.Crim.App.1987).

**Sentence upheld.** Argument that a sentence of 25 years' imprisonment for 54-year-old defendant convicted of first-degree rape of a 10-year-old child constituted cruel and unusual punishment was without merit. Fisher v. State, 480 So.2d 6 (Ala.Crim.App.1985).

304. Question of "forcible compulsion" submitted to jury

**Question of "forcible compulsion" submitted to jury.** Victim's testimony to the effect that she had engaged in nonconsensual sexual intercourse with defendant and that she did so because she was afraid that he would beat her with a belt if she did not was sufficient evidence to permit the question of "forcible compulsion" to be submitted to the jury. Parks v. State, 565 So.2d 1265 (Ala.Crim.App.1990). Rape

305. Jury verdicts not mutually exclusive

**Jury verdicts not mutually exclusive.** Jury's verdicts finding defendant not guilty of burglary in the first degree, but guilty of rape and sodomy in the first degree, were not mutually exclusive; the jury could have reasonably found that the appellant did not break and enter the victim's home when he committed the offenses of rape and sodomy. Perry v. State, 568 So.2d 873 (Ala.Crim.App.1990). Criminal Law

306. Jury must sort out evidence, and appellate court will not substitute its decision for jury's

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

**Jury must sort out evidence, and appellate court** will not substitute its decision for **jury's.** Where there is evidence of lack of intercourse, as well as evidence of guilt, it is for the jury to sort out the evidence and give it just such weight as they believe it deserves. The court of criminal appeals will not substitute its decision for that of the jury. Parker v. State, 516 So.2d 859 (Ala.Crim.App.1987).

307. Circumstantial evidence held sufficient

**Circumstantial evidence held sufficient.** Where defendant was charged with first degree rape and first degree assault, even though most of evidence presented was circumstantial, there was sufficient evidence placed before jury to sustain defendant's convictions, since description of the assailant given by victim matched characteristics of defendant, victim identified ski mask worn by assailant as being same one taken from defendant's home by officers, semen of assailant was found to be blood type A secretor, PGM type 2-1, and emitting no sperm, blood type of defendant was blood type A secretor, PGM type 2-1, and defendant had a vasectomy and had been found to emit no sperm. South v. State, 533 So.2d 729 (Ala.Crim.App.1989).

308. Waiver of right to appeal

**Waiver of right to appeal.** Defendant, who fled after being convicted of rape and sodomy, but before sentencing, waived his right to appeal from the convictions and his appeal was properly dismissed. Subel v. State, 567 So.2d 404 (Ala.Crim.App.1990), opinion withdrawn on rehearing 671 So.2d 124, certiorari denied.

309. Section 13A-6-62(a)(1) and subdivision (a)(3) are mutually exclusive

**Section 13A-6-62(a)(1) and subdivision (a)(3)** are mutually exclusive. There was no need to remand this case for the trial court to determine whether, under the facts of this case, § 13A-6-62(a)(1) was a lesser included offense of subdivision (a)(3). These two offenses are mutually exclusive. Glover v. State, 649 So.2d 216 (Ala.Crim.App.1994).

310. Misnomer in caption does not affect validity of indictment

**Misnomer in caption does not affect validity of indictment.** Despite the fact that the case appeared to have been treated since the date of the offense as a case of attempted rape, the indictment charged the appellant with rape in the first degree. The body of the indictment, which "is the vital portion of the indictment," clearly tracked the language of § 13A-6-61(a)(1), which defines rape in the first degree. A misnomer in the caption of the offense sought to be charged does not in any wise affect the validity of the indictment. Wesson v. State, 644 So.2d 1302 (Ala.Crim.App.1994), rehearing denied, certiorari denied.

311. No requirement indictment specify defendant attempted to commit substantive offense

**No requirement indictment specify defendant attempted to commit substantive offense.** Where appellant contended that the indictment charged him with first degree rape, but was amended at trial without his consent to charge attempted rape in the first degree, there was no improper amendment of the indictment. An attempt may be a lesser included offense of the charged offense. Consequently, there is no requirement that an indictment specify that a defendant attempted to commit a particular substantive offense for that defendant to be convicted of attempting to commit the offense. The concept of a lesser included offense does not involve either an amendment of the indictment or a variance between the pleading and the proof. Wesson v. State, 644 So.2d 1302 (Ala.Crim.App.1994), rehearing denied, certiorari denied.

312. Conviction for attempted rape based solely on uncorroborated testimony

**Conviction for attempted rape based solely on uncorroborated testimony.** A conviction for attempted rape may be based solely on the victim's uncorroborated testimony. Wesson v. State, 644 So.2d 1302 (Ala.Crim.App.1994), rehearing denied, certiorari denied.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

313. Evidence of clothing removal or penetration not necessary for attempt

**Evidence of clothing removal or penetration not necessary for attempt.** Where defendant was convicted of **attempted rape**, in support of his argument that the evidence was not sufficient to show an overt act on his part, the appellant pointed to the absence of any evidence that he "never removed any portion of his own clothing or even attempted to do so" and to the absence of "evidence of any attempt at penetration." However, **such evidence was not necessary to establish an overt act toward the commission of a forcible rape.** Wesson v. State, **644 So.2d 1302 (Ala.Crim.App.1994)**, rehearing denied, certiorari denied.

314. Sole province of jury to determine degree of intoxication

**Sole province of jury to determine degree of intoxication.** Where appellant maintained that the element of intent was negated by the uncontroverted evidence that he was intoxicated, while the witnesses who were present at the party testified that the appellant was intoxicated, no one testified that he was unable to walk, talk, or otherwise function. As in all cases involving the issue of a defendant's intoxication, it was within the sole province of the jury to determine the degree to which the appellant was intoxicated. Wesson v. State, **644 So.2d 1302 (Ala.Crim.App.1994)**, rehearing denied, certiorari denied.

315. No error in failing to instruct on lesser included offenses where intercourse admitted

**No error in failing to instruct on lesser included offenses where intercourse admitted.** Where appellant was convicted of rape in the first degree and sodomy in the first degree, and where he stated that he did have sex with victim but his defense was that she consented, the trial court did not err in failing to instruct the jury on the lesser included offenses of assault in the third degree, menacing, and harassment. The appellant admitted that he had had sexual intercourse with victim. Thus he was either guilty of the offense or not guilty of anything. Instructions on any lesser included offenses were not consistent with the appellant's defense. Powell v. State, **644 So.2d 1279 (Ala.Crim.App.1994)**, rehearing denied, certiorari denied.

316. Evidence defendant committed another sex crime after date of charged offense

**Evidence defendant committed another sex crime after date of charged offenses.** Trial court did not err in allowing the state to present evidence that the defendant had committed another sex crime after the date of the offenses with which he was charged in this case. The evidence of the collateral act against sister of victim was relevant in this case to prove what the prosecution contended was defendant's motive, to gratify sexual desires by having sex with young girls living in his household, and it was not unduly prejudicial. Hatcher v. State, **646 So.2d 676 (Ala.1994)**, on remand 646 So.2d 680.

317. Prosecutor's use of terms "rape kit" or "sexual abuse kit."

**Prosecutor's use of terms "rape kit" or "sexual abuse kit."** Where the appellant contended that the prosecutor's use of the terms "rape kit" or "sexual abuse kit" invaded the province of the jury and prejudiced the jury against him, the appellant failed to show how the use of the term "rape kit" prejudiced him. In order to warrant reversal of a conviction, an appellant must show that the error complained of has probably injuriously affected his substantial rights. Stokes v. State, **648 So.2d 1179 (Ala.Crim.App.1994)**, certiorari denied.

318. State presented prima facie case of attempted rape and sodomy

**State presented prima facie case of attempted rape and sodomy** where evidence established that the defendant tore the victim's nightgown off her body, removed her underwear, placed her down, and put his penis in her face. Howell v. State, **659 So.2d 132 (Ala.Crim.App.1994)**, rehearing denied, certiorari quashed.

319. Refusal to accept jury verdict was error;

**Refusal to accept jury verdict was error;** man's conviction for first degree rape was affirmed, but verdict

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

finding his wife guilty of sexual misconduct reinstated and her conviction for aiding and abetting first degree rape was reversed. Ward v. State, 653 So.2d 1003 (Ala.Crim.App. 1994) rehearing denied, certiorari quashed.

320. There was sufficient evidence of both kidnapping and attempted rape

**There was sufficient evidence of both kidnapping** and attempted rape to present the case to the jury for their determination and the trial court did not err in denying defendant's motion for a judgment of acquittal. **Matthews v. State,** 654 So.2d 66 (Ala.Crim.App.1994), rehearing denied, certiorari denied

321. Evidence was sufficient to support convictions

**Evidence was sufficient to support convictions** for sodomy in the first degree, attempted rape in the first degree, and attempted sodomy in the first degree. Victim testified that defendant was armed with a knife and that he forced her to have sexual intercourse, attempted to have anal sex with her, but had performed oral sex on her, and attempted to have sexual intercourse with her again. Rowe v. State, 652 So.2d 1227 (Ala.Crim.App.1995).

322. Trial court lacked jurisdiction to accept guilty pleas

**Trial court lacked jurisdiction to accept** guilty pleas to second degree rape and sodomy where defendant was indicted for first degree rape and sodomy. The second degree charges were not lesser included offenses of their first degree counterparts because the victim was over age 16. Hall v. State, 655 So.2d 51 (Ala.Crim.App.1995).

323. State proved prima facie case of rape

**State proved prima facie case of rape** in first degree involving sex between a male of at least 16 and a female under 12, even though nine-year-old victim was "poor" witness due to her failure to remember details; defendant had admitted having sex on two occasions, the second being in victim's bedroom, and there was blood, semen and grease on victim's sheets. Phillips v. State, 668 So.2d 881 (Ala.Crim.App.1995), rehearing denied, certiorari denied. Rape ⬤➡️▮

324. Defendants could be given

**Defendants could be given** consecutive life terms for committing burglary, robbery, rape and sodomy, in connection with an incident occurring in victim's apartment; each of the crimes involved proofs of facts not required for other crimes. Dawson v. State, 675 So.2d 897 (Ala.Crim.App. 1995) on rehearing, certiorari denied, affirmed 675 So.2d 905. Sentencing And Punishment ⬤➡️▮

325. Victim's uncorroborated testimony

**Victim's uncorroborated testimony** was sufficient to support rape conviction. Myers v. State, 677 So.2d 807 (Ala.Crim.App.1995), rehearing denied, certiorari denied. Rape ⬤➡️▮

326. Defendant who was convicted of rape

**Defendant who was convicted of rape** in first degree was entitled to evidentiary hearing on issue of whether his counsel was ineffective by failing to advise him of his right to appeal, and on whether there was time limit within which to file notice of appeal, that defendant raised in his petition for post-conviction relief. Mancil v. State, 682 So.2d 501 (Ala.Crim.App.1996), opinion after remand 682 So.2d 502. Criminal Law ⬤➡️▮ 

327. Under facts of case

**Under facts of case,** jury was properly instructed on assault in first degree as lesser included offense of rape in first degree, despite claim that first-degree assault could not be lesser offense included in first-degree rape, as assault in first degree required proof of serious physical injury, whereas rape in first degree did not require proof

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

of any injury; jury found that sexual intercourse between victim and defendant was consensual, but also determined that defendant subsequently assaulted victim. Anderson v. State, 686 So.2d 381 (Ala.1996), on remand 686 So.2d 385.  Assault And Battery 

### 328. Rape defendant failed to preserve

**Rape defendant failed to preserve** for appellate review his claim that trial court erred in its **refusal to further define** term "penetration" at request of jury during its deliberations; defendant did not object to trial court's supplemental instruction, and earlier, at conclusion of trial court's original jury charge, only objections made by defendant's counsel pertained to court's refusal to charge jury on several lesser included offenses.  **Boyd v. State, 699 So.2d 967 (Ala.Crim.App.1997),** rehearing denied.

### 329. Inconsistency in jury charges

**Inconsistency in jury charges** on first-degree rape and sexual misconduct, which made forcible compulsion an element of both, was harmless;  since error placed higher burden on prosecution, defendant, who was convicted of sexual misconduct, was not "injuriously affected."  D.A.D.O. v. State, 706 So.2d 1160 (Ala.1997).  Criminal Law

### 330. Trial counsel did not provide ineffective assistance

**Trial counsel did not provide ineffective** assistance by advising defendant that if he went to **trial rather than** pleading guilty he could be found guilty of both first-degree and second-degree rape, inasmuch as **defendant could have been convicted on both counts.**  Burtram v. State, 733 So.2d 921 (Ala.Crim.App.1998), rehearing denied.  **Criminal Law**

### 331. Trial court was without jurisdiction to accept plea

**Trial court was without jurisdiction to** accept plea on offense of second-degree rape because indictment charging defendant with first-degree rape did not encompass, as lesser-included offense, charge of second-degree rape.  R.J.K. v. State, 782 So.2d 851 (Ala.Crim.App.2000).  Criminal Law

### 332. Evidence was sufficient to support conviction of rape

**Evidence was sufficient to support conviction of** rape;  evidence showed that defendant did not get along with victim, that defendant had been looking for victim on day of crime, that defendant's semen was found on vaginal swab taken from victim, and that defendant fled the state when he discovered that he was wanted in connection with the rape.  A.C.M. v. State, 2002 WL 31399458 (Ala.Crim.App.2002).  Rape

### 333. Defendant's indictments

**Defendant's indictments** which charged him with first degree rape and first degree sodomy were not required to allege the victim's age in order to be facially valid, defendant was charged with rape and sodomy by forcible compulsion, which did not require establishing the victim's age as an element of the crime.  Bearden v. State, 825 So.2d 868 (Ala.Crim.App.2001).  Rape

Ala. Code 1975 § 13A-6-61, AL ST § 13A-6-61

Current through End of 2003 Organizational, Regular and 1st Special Session

Copr © 2003 by State of Alabama. All rights reserved.

**END OF DOCUMENT**

IN THE SUPREME COURT OF ALABAMA
June 21, 2005

1041209

Ex parte George A. Brumfield. PETITION FOR WRIT OF MANDAMUS:
CRIMINAL (In re: George A. Brumfield v. State of Alabama)
(Tuscaloosa Circuit Court: CC-81-1).

<u>ORDER</u>

The petition for a writ of mandamus to be directed to the
Honorable Thomas S. Wilson, Judge of the Circuit Court of
Tuscaloosa County, Alabama, having been duly filed and
submitted to the Court,

IT IS ORDERED that the petition for a writ of mandamus is
denied.

Nabers, C.J., and Lyons, Woodall, Smith, and Parker, JJ.,
concur.

I Robert G. Esdale, Sr., as Clerk of the Supreme Court
of Alabama, do hereby certify that the foregoing is
a full, true and correct copy of the instrument(s)
herewith set out as same appear(s) of record in said
Court.
Witness my hand this 21st day of June, 20 05

*Robert D. Esdale, Sr.*
Clerk, Supreme Court of Alabama

Supreme Court Alabama

STATE OF ALABAMA
ALABAMA SUPREME COURT
JUDICIAL BUILDING, 300 DEXTER AVENUE
MONTGOMERY, ALABAMA 36104-3741

STATE OF ALABAMA
GEORGE A. BRUMFIELD

VERSUS

BURL CAIN & STATE OF ALABAMA
WARDEN, LOUISIANA STATE PRISON
CURRENT CUSTODIAL RESPONDENT ET AL.,
& ALABAMA DETAINER, ALABAMA
DEPARTMENT OF CORRECTIONS

## HABEAS CORPUS APPLICATION

# MOTION TO CORRECT AN ILLEGAL SENTENCE AND MOTION FOR EVIDENTIARY HEARING

TUSCALOUSA COUNTY CASE NO:
6TH JUDICIAL COURT CC-81-1

AFFIXED TO THIS MOTION:
OFFICIAL FORMA PAUPERIS APPLICATION
FOR SUPREME COURT OF ALABAMA

Respectfully Submitted:
George Brumfield, Pro Se Litigant
#89824, Camp C Bear 4
Louisiana State Penitentiary
Angola, Louisiana 70712

State of Alabama
George A. Brumfield

versus

Burl Cain & State of Alabama
Warden, Louisiana   State Prison
Current Custodial Respondent et al
& Alabama Detainer; Alabama
Department of Corrections

State of Alabama
Supreme Court
300 Dexter Avenue
Montgomery, Ala.36104-3741

Docket No. CC-81-1-Ala.

## Motion to Correct an Illegal Sentence and Motion for Evidentiary Hearing

To the Honorable Judges presiding in and for the Supreme Court in and for the State of Alabama: Judges Nabers, Lyons, Woodall. Smith and Parker;

NOW COMES George Brumfield, Petitioner herein, related to this petition and Habeas Corpus Application with Motions as Defendant in Case no. CC-81-1 under the authorities supported in compliance with the Rules of the Supreme Court of Alabama and the Criminal Code of Procedure of the State of Alabama  and all state laws and statutes passed by the Legislative system in the State of Alabama.

Petitioner is also addressing Court under the United States Constitution, legal law guides set up by our Forefathers  of this Nation and Country which guarantees all people a fair and partial trial and due process rights as citizens of this country.

Petitioner is before this Court for the 2nd time in less than two months. Petitioner is before this Court as a pro se and indigent prisoner in the custody of the Warden and the State of Louisiana, based on a out of state detainer of said State of Alabama and Alabama Department of Corrections with Louisiana being the current custodial respondent of said prisoner.

Petitioner filed  this Motion with District Court. Motions were denied by the Honorable Judge Thomas S. Wilson on  October 20, 2004.

-1-

Petitioner then filed Motion with respective Court of Criminal Appeals in January, 2005. The Honorable Court returned my writ and motion on February 7, 2005. I wrote the respective Clerk of Court, who said I only had 42 days to appeal Judge Thomas' order of October 20, 2004 for their respective Court to accept it.

So I filed a Writ of Mandamus with a Court Order, asking the Supreme Court of Alabama to grant me a time extension and to order the Criminal Court of Appeals to grant me due process of law entry into their courts.

The Supreme Court denied my Writ of Mandamus and Court Order on the 21st of June, 2005, so this bars my Application and Writ officially from the Alabama Criminal Court of Appeals.

My next judicial step in State law is the Alabama Supreme Court.

I come to this Court with this Application under United States Constitutional law. This Writ not only shows neglect, but constitutional rights of Petitioner where State and Federal Guidelines were out right ignored. State statutes and Judges' decree and Order were ignored by Trial Judge.

This greatly shows by fault the State of Alabama did in fact not give Petitioner Defendant a fair and impartial trial and his due process rights were ignored by trial Court.

This not only went against Alabama State Laws but the United States Constitutional law when State statutes and Judges decrees and Orders were ignored and Petitioner got the burning rod of justice put upon him.

Petitioner George A. Brumfield, Case no. CC-81-1, Alabama, has shown good faith and jurisprudence and tried to go through State Court levels diligently and has now entered his last State step and level by asking this Honorable Court to hear his claims and motions and to examine his Court documents and exhibits and see where Defendant Petitioner Brumfield is telling the truth, with Court evidence records and State law backing up his claims.

-2-

This is why he is entering the Supreme Court, State of Alabama now.

## STATEMENT OF THE CASE

Petitioner was charged by the State of Alabama for the crime of rape, which is a felony in the State of Alabama.

(1) Arraignment proceedings were held in open Court in the Sixth Judicial District Circuit Court before the Honorable Judge Baird, presiding for the State of Alabama on January 20, 1981 for cases CC-81-1 and CC-81-2. Both cases concerning Petitioner, defendant George Brumfield. Petitioner's attorney, Michael C. Cornwell was present that day in Court also.

The Honorable Judge Baird presiding for the State of Alabama handled both cases (CC-81-1 & CC-81-2) that day in Court for arraignment proceedings. These cases are enclosed as official Court papers duly signed by Court Judge Baird, defendant-petitioner and Court appointed attorney Mr. Michael C. Cornwell all signed by parties present at this arraignment proceedings on January 21, 1981.

(2) the Honorable Judge Baird stated at the arraignment proceedings in open Court and made this arraignment part of due process of law for defendant - Petitioner George A. Brumfield and legal counsel Mr. Michael C. Cornwell at the time. The Honorable Judge Baird not only stated the following words in case CC-81-1 but also in case CC-81-2, not once but twice on the courts records on January 20, 1981.

Judge Baird stated in both cases:

> "You have been indicted in this case by the Grand Jury of Tuscaloosa County Alabama of the charge of rape which is a felony offense. If you plead guilty to said crime, or if the jury finds you guilty of said crime, the law provides for punishment in the penitentiary for not less than 10 years nor more than 99 years or life up to 20,000 for such offense..."

Judge Baird after stating this asked Court appointed counsel, Mr. Cornwell and

-3-

Defendant/Petitioner Mr. Brumfield, did they both understand the charge and state statute he just read off in open Court. Counsel, Mr. Cornwell and Defendant/Petitioner Mr. Brumfield both told the Honorable Judge Baird they understood.

He then   asked Defendant/Petitioner Mr. Brumfield how he plead to said charges. Defendant/Petitioner Mr. Brumfield plead not guilty. The Honorable Judge Baird went through this whole process not  once, but twice with cases CC-81-1 and CC-81-2.

The Honorable Judge Baird remanded both case to jury trial dates.

Judge Baird officially signed the Court arraignment papers and had Mr. Michael C. Cornwell, Court appointed Attorney and Defendant/Petitioner Mr. Brumfield also sign these Court papers on January 20, 1981, making these papers official Court papers dutifully recorded in open Court and part of due process of law.

These became official court records for January 20, 1981, a binding contract. Judge Baird remanded both cases to trial.

The Honorable Judge Baird in and for the Sixth Judicial District Court, Tuscaloosa County, Alabama was arraignment Judge. But Trial Court Judge was the Honorable Judge Claude Harris, also a Sixth Judicial District Court Judge. The Honorable Judge Claude Harris would handle both trial and cases CC-81-1 and CC-81-2 in his Court room and official Court.

Case no. CC-81-2 went to trial before a jury of peers. Defendant/Petitioner Brumfield was found guilty by a twelve member jury and recommended by jury for a sentence of 20 years. Judge Harris imposed the 20 year sentence on Petitioner which was legal.

Defendant/Petitioner then proceeded to trial in case CC-81-1 in November of 1981 before the Honorable Judge Harris. Defendant/Petitioner was once again tried before a twelve member jury panel. The jury found Defendant/Petitioner Brumfield guilty and recommended 150 years, signed by

-4-

the jury foreman, Mr. Douglas S. Garret.

The Honorable Judge Claude Harris accepted the verdict and sentenced Defendant/Petitioner Mr. Brumfield to the recommended 150 year sentence.

This is the illegal sentence complained of herein recommended by the jury members and imposed by the Court.

The jury was not advised by Trial Court of the state law and state statutes regarding sentencing for the crime of rape or a Class A felony.

Judge Baird the Arraignment Judge stated state law that rape carried not less than ten years nor more than 99 years up to life with 20,000 fine.

150 years clearly stepped out of the binding agreement and state statutes at arraignment proceedings set forth by the Honorable Judge Baird for Sixth Judicial District Court.

Judge Baird, the Arraignment Judge, he himself stated not only to me, Defendant/Petitioner George A. Brumfield, but also to my Attorney, Legal Counsel Mr. Michael Cornwell, the charge and state law statute I was being charged with and tried under.

He made this official on January 20, 1981 and affixed his signature to said Court documents, not only in Case CC-81-1 but also case CC-81-2.

So Judge Baird made this official record and set guide lines for trial by affixing his signature to these official 6th Judicial Court Records.

Trial Court Judge Claude Harris did not abide with official Court records or papers and he did not instruct the jury panel in case CC-81-1 to these facts.

If he had, the would of said 99 years or life even. But not 150 years. They would of stayed in Court's instructions and trial Court Judge Claude Harris could not change his counterpart, the Honorable Judge Baird's ruling anyway.

-5-

So this 150 year sentence is illegal and has to be overturned and remanded back to the 6th Judicial District Court.

## MEMORANDUM OF LAW

Lester Wilson Reed v. State of Alabama, 1 Div. 418, June 30, 1987, 512 So.2d 804 *808. Reed used Deacon, supra, at 1005-1006 (quoting from Watkins v. State, 36 Ala.App. 711, 63 So.2d 293 (1953) (emphasis added), quote:

> "There was no guidance or explanation given whatsoever to the jury regarding the purpose of the admission of these five incidents.
> "Because what occurred in this case is exactly what the Supreme Court condemned in Deacon, supra, we hold that an election should have been compelled. For this reason the appellant's conviction is due to be and is reversed and remanded. See also Coffer v. State, 440 So.2d 1121 (Ala. 1983) and Grissell v. State, 507 So.2d 969 (Ala. Crim. App. 1986) aff'd. Ex Parte State, 507 So.2d 972 (Ala. 1987).

This case, Reed v. State, was basically overturned because of failing to charge the 12 men and women jury panel thoroughly and properly.

Tryllus Brown Hannon v. State (Ala.) CR-95-0713, Court of Criminal Appeals of Alabama, April 19, 1986. The Court of Criminal Appeals, Long, J., held that prisoners failure to raise claim at trial Court exceeded its jurisdiction when imposing sentence. Opinion after remand, Ala. Cr.App. 682 So.2d 504.

1. Criminal law key 998(3):
Prisoner's failure to raise claim at trial that trial Court exceeded its jurisdiction in imposing prison sentence which was in excess of statutory maximum did not procedurally bar prisoner from raising such claim in subsequent post conviction relief petition. Rules Crim. Proc. Rule 32.

2. Criminal law key 1208.3(1):
When Court imposes sentence in excess of that authorized by statute, it exceeds its jurisdiction and sentence is consequently void.

3. Criminal law key 998(3):

Claim of lack of jurisdiction to render judgment or to impose sentence is not precluded as basis for post conviction relief even though question could have been but was not raised at trial or on appeal. Rules Crim. Proc. Rule 32.

Long, Judge, states in case Thylus Brown Hannon v. State, CR-95-0713; 1-2, "When the Court imposes sentence in excess of that authorized by statute, it exceeds its jurisdiction and the sentence is consequently void." Ferguson v. State, 565 So.2d 1171, 1173 (Ala. Crim.App. 1990).

3. In it's response to the Appellant's petition, the state did not specifically refute the appellant's allegations, but instead asserted that the appellants claim was procedurally barred. The trial Court denied the appellant's petition by simply saying stating the appellant's claim could have been, but was not raised at trial. However,

(A) Claim of lack of jurisdiction to render judgment or to impose sentence is not precluded as a basis for relief by rule 20.2 (now rule 32) even though the question of jurisdiction could have been, was not raised at trial or on appeal. Lancaster v. State, 638 So.2d 1370, 1373 (Ala. Cr. App. 1993); quoting Ferguson, supra, at 1173. The appellant has alleged facts that if true, entitle him to relief. Court remanded with instructions to said Court.

The above case was overturned basically because by law, if said trial steps out of its boundaries and periodically sentences Petitioner to more time than state statute carries for said crime, trial Court has absolutely stepped outside of its jurisdiction by state law.

Also, Criminal Code of Proc. Rule 32, states you can not bar Petitioner for Petitioner's failure to raise claim at appeal or post conviction relief. By Court's judgment.

## CONCLUSION

This sentence of 150 years is null and void clearly violating due process and law and Petitioner's constitutional rights because the sentence and conviction is null and void it should be

remanded back to trial Court as such, because jury set time limit and Court and judge concurred.

## PRAYER

This Honorable Federal Court will see that Petitioner / Defendant has supplied the Federal Courts and judges with absolute proof from Court documents and records in cases CC-81-1 and CC-81-2.

That case no. CC-81-1 be completely overturned the 150 year sentence due to judicial error, and that Case no. CC-81-2 with the sentence of twenty (20) years has been served day for day and has been satisfied as Petitioner / Defendant has served well over twenty years now.

## CERTIFICATE OF SERVICE

I, George Brumfield hereby certify that the foregoing is true and correct to the best of my knowledge and belief and has been served on counsel of all parties.

Respectfully Submitted;

George Brumfield #89824
Camp C Bear 4
Louisiana State Prison
Angola, Louisiana 70712

cc: file copy

# Court of Criminal Appeals

### State of Alabama
### Judicial Building, 300 Dexter Avenue
### P. O. Box 301555
### Montgomery, AL 36130-1555

February 24, 2005

**H. W. "BUCKY" McMILLAN**
**Presiding Judge**
**SUE BELL COBB**
**PAMELA W. BASCHAB**
**GREG SHAW**
**A. KELLI WISE**
**Judges**

**Lane W. Mann**
**Clerk**
**Sonja McKnight**
**Assistant Clerk**
**(334) 242-4590**
**Fax (334) 242-4689**

Mr. George A. Brumfield
#89824 Camp C. Tiger 4L #8
Louisiana State Prison
Angola, Louisiana 70712

RE:    Your letter of inquiry

Dear Mr. Brumfield:

  This is in response to your letter requesting addresses of various courts.  The following is a list of courts and addresses:

  Alabama Supreme Court
  300 Dexter Avenue
  Montgomery, AL 36104-3741

  United States District Court
  P. O. Box 711
  Montgomery, AL 36101

  United States Supreme Court
  One First Street, Northeast
  Washington, D.C. 20543

  You advised that the Tuscaloosa Circuit Court denied your Rule 32 petition on October 22, 2004. To have appealed that decision to this Court, you should have filed your notice of appeal with the Tuscaloosa Circuit Court within 42 days from October 22, 2004 (by December 3, 2004).  If your notice of appeal is not filed on time, this Court will lack jurisdiction to consider the appeal.

Sincerely yours,

Lane W. Mann, Clerk
Court of Criminal Appeals

LWM/jz

Court Crimmo Appeals

# COURT OF CRIMINAL APPEALS
## STATE OF ALABAMA
JUDICIAL BUILDING, 300 DEXTER AVENUE
### P. O. BOX 301555
### MONTGOMERY, AL 36130-1555

H.W. "Bucky" McMILLAN
Presiding Judge
SUE BELL COBB
PAMELA W. BASCHAB
GREG SHAW
A. KELLI WISE
Judges

February 7, 2005

Lane W. Mann
Clerk
Sonja McKnight
Assistant Clerk
(334) 242-4590
FAX (334) 242-4689

George Brumfield
DOC #89824 Camp C Tiger 4/L/8
Louisiana State Penitentiary
Angola, LA 70712

Re:    Filing of Motion to Correct an Illegal Sentence
       and Motion for Evidentiary Hearing

Dear Mr. Brumfield:

Please be advised that you have no appeal pending before this Court and the proper filing of the above referenced motion is with the circuit court. We are, therefore, returning the motion to you herewith.

Sincerely yours,

Lane W. Mann, Clerk
Court of Criminal Appeals

LWM

**FILED**

FEB 0 2 2005

CLERK
ALA COURT CRIMINAL APPEALS

STATE OF ALABAMA
COURT OF CRIMINAL APPEALS
P.O. BOX 351
MONTGOMERY, ALABAMA, 36101

STATE OF ALABAMA
GEORGE A. BRUMFIELD

Versus

BURL CAIN & STATE OF ALABAMA
Warden Louisiana State Prison
Current Custodial Respondent
Et. At. & Alabama Detainer
Alabama Department of Correction

## *MOTION TO CORRECT AN ILLEGAL SENTENCE AND MOTION FOR EVIDENTIARY HEARING*

Tuscaloosa County Case No:
6th Judicial Court CC-81-1

Affixed to this motion:
Official Forma Pauperis Application
For Alabama Criminal Court of Appeals.

*Respectfully Submitted;*
*George Brumfield, Pro Se Litigant*
*DOC# 89824 Camp C Tiger 4/L/8*
*Louisiana State Penitentiary*
*Angola, La. 70712*

STATE OF ALABAMA
GEORGE A. BRUMFIELD

      Versus

BURL CAIN & STATE OF ALABAMA
Warden Louisiana State Prison
Current Custodial Respondent
Et. At, & Alabama Detainer
Alabama Department of Correction

STATE OF ALABAMA
COURT OF CRIMINAL APPEALS
P.O. BOX 351
MONTGOMERY, ALABAMA, 36101

Docket No: CC-81-1 ALA.

*MOTION TO CORRECT AN ILLEGAL SENTENCE AND
MOTION FOR EVIDENTIARY HEARING*

    To the Honorable Judges, presiding in and for the Criminal Court of Appeals in and for the

State of Alabama.

May it please this Honorable Court;

    Now comes, George Brumfield petitioner herein related to the petition as defendant in case

no. CC-81-1 under authorities supported in compliance with the rules of the Supreme Court of

Alabama and the Criminal Code of Procedures for the State of Alabama.

    Petitioner is before this Court as a Pro Se and indigent prisoner in custody of the Warden and

the State of Louisiana based on an out of state detainer, of said state of Alabama and Alabama

Department of Corrections, whith Louisiana being the current custodial respondent of said petitioner.

*Petitioner filed motion with District Court, Motion was Denied 10/22/2004*    STATEMENT OF THE CASE

    Petitioner herein was charged by the State of Alabama, for the crime of rape, which is a felony

in the State of Alabama.

    (1) Arraignment proceedings were held in open court, in the Sixth Judicial District Court,

before the Honorable Judge Baird presiding for the State of Alabama on January 20, 1981, for cases

CC-81-1 and case no. CC-81-2. Both cases concerning petitioner - defendant George A. Brumfield.

Petitioner's attorney Michael C. Cornwell was present that day in court also.

    The Honorable Judge Baird presiding for the State of Alabama handled both cases CC-81-1

and CC-81-2, that day in court for arraignment. Copies of these court arraignment proceedings are

enclosed as official court papers duly signed by court Judge Baird, defendant - petitioner and court

appointed attorney Mr. Michael C. Cornwell all signed January 21, 1981.

    (2) The Honorable Judge Baird stated at the arraignment proceedings in open court and made

this arraignment part of due process of law for defendant - petitioner George A. Brumfield and legal

counsel at the time.

1

The Honorable Judge Baird not only stated the following words in case no. CC-81-1 but also in case no. CC-81-2, not once but twice on the record on January 20, 1981.

Judge Baird stated in both cases:

"You have been indicted in this case by the grand jury of Tuscaloosa County Alabama of the charge of 'rape' which is a felony offense. If you plead guilty to said crime, or if the jury finds you guilty of said crime, the law provides for punishment in the penitentiary for not less than 10 years nor more than 99 years or life up to $20,000 for such offense.

The Honorable Judge Baird after stating this asked court appointed counsel Mr. Cornwell did he fully understand the crime and state statue he just read off in open court. Counsel said he understood.

Judge Baird officially signed the court arraignment papers and had Mr. Cornwell and petitioner sign the same arraignment papers. Theses became official court records for January 20, 1981, a binding contract. Judge Baird remanded both cases to trial.

The Honorable Judge Claude Harris for the Sixth Judicial District Court, State of Alabama presided in both cases no. CC-81-1 and CC-81-2. Case no. CC-81-2 went to trial first. Petitioner was found guilty by a twelve member jury and recommended sentence by the jury to a term of 20 years. Judge Harris imposed the 20 year sentence on petitioner which was legal.

Petitioner then proceeded to trial in case no. CC-81-1 in November of 1981 before the Honorable Judge Harris. Petitioner was once again tried before a twelve member jury. The jury found petitioner guilty and recommended a sentence of 150 years, signed by the jury foreman Mr. Douglas S. Garret.

The Honorable judge Claude Harris excepted the verdict and sentenced petitioner to the recommended 150 years. This is the illegal sentence complained of herein recommended by the jury and imposed by the trial court. The jury was not advised of the state law or state statutes regarding sentencing for the crime of rape or a class a felony.

Judge Baird, the arraignment judge stated not less than 10 years or up to 99 years or life and/or a $20,000 fine. One hundred and fifty years clearly stepped out of the binding contract law set down by Judge Baird, who is also a Sixth Judicial District judge.

## CONCLUSION

This sentence of 150 years is null and void clearly violating due process and law and petitioner's constitutional rights. Because the sentence and conviction is null and void it should be remended back to the trial court as such.

## PRAYER

This Honorable Court will see that petitioner is correct and that case no. CC-81-1 be competently overturned due to judicial error. Case no. CC-81-2 with the sentence of twenty years has been satisfied as petitioner has served twenty years.

## CERTIFICATE OF SERVICE

I, George Brumfield, hereby certify that the foregoing is true and correct to the best of my knowledge and has been served on counsel of all parties.

Respectfully Submitted;

George Brumfield, # 89824
Camp C Tiger 4/L/8
Louisiana State Penitentiary
Angola, La. 70712

3

"Memorandum of Law"

Lester Wilson Reed vs State Alabama
1 Div. 418 June 30, 1987 (Cite as
512 So. 2d 804 *808  Reed used Deason
supra at 1005-1006 (quoting from Watkins
us. State 36 Ala. App. 711, 63 So. 2d 293 (1953)
(emphasis added) [2] Quote

There was no guidance or explanation
given, whatsoever, to the jury Regarding
the purpose of the admission of these five
incidents.

Because what occured in this case is
exactly what the Supreme Court condemned in
Deason, supra we hold that an election
should have been compelled. For this Reason
the appellants conviction is due to be and is
Reversed and Remanded. See also
(Coffer vs. State 440 So. 2d 1121 (Ala. 1983)
and Grizzell vs. State 507 So. 2d 969
(Ala. Crim. App. 1986) Affd. Ex Parte State
507 So. 2d 972 (Ala. 1987).

This case Reed vs. State was basically
over turned because of failing to charge
the 12 men and women jury panel
thouroughly and properly....

Tryllus Brown Hannon vs. State (Alabama)
CR.-95-0713. Court of Criminal Appeals of
Alabama April 19, 1996.

The Court of Criminal Appeals, Long, J.
held that prisoners failure to raise claim at
trial court exceeded its jurisdiction when
imposing sentence. Opinion after
Remand Ala. Cr. App. 682 So. 2d 504

Page (2)

1. Criminal Law 998 (3)

Prisoners Failure to Raise claim at trial
that trial court exceeded its jurisdiction in
imposing prison sentence which was in excess
of statutory maximum did not procedurally
bar prisoner from raising such claim in
subsequent postconviction Relief Petition.
Rules. Crim. Proc. Rule 32.

2. Criminal Law 1208.3 (1)

When court imposes sentence in excess
of that authorized by statue, it exceeds
its jurisdiction, and sentence is consequently
void.

3. Criminal Law 998 (3)

Claim of lack of jurisdiction to render
judgement or to impose sentence is not
precluded as basis for postconviction Relief
even though question could have been but was
Not Raised at trial, or on appeal. Rules
Crim. Proc. Rule 32

Long Judge, states in case Thyllus
Brown Hannon vs State CR-95-0213
1-2 "When the court imposes sentence
in excess of that Authorized by statue,
it exceeds its jurisdiction, and the sentence
is consequently void." Ferguson vs. State
565 So.2d. 1172, 1173 (Ala, Cr.App. 1990).

3. In its Response to the Appellants
petition, the state did not specifically
Refute the appellants allegations, but instead
asserted that the appellants claim was
procedurally barred. The trial Court
denied the appellants petition by simply
saying stating the appellants claim could

Page (3)

have been, but was not Raised at trial.
However:

(A) Claim of Lack of jurisdiction to Render judgment or to impose sentence is not precluded as a basis for Relief by Rule 20.2 (Now Rule 32) even though the question of jurisdiction could have been, was not Raised at trial or on Appeal. Lancaster Vs. State 638. So 2d. 1370, 1373, (Ala. Cr. App. 1993). quoting Ferguson, supra at 1173. The appellant has alleged facts, that if true, entitle him to Relief.

Court Remanded with instructions to said court...

The above case was overturned basically because by Law, if said trial steps out of its boundries. And periodically sentences petitioner to more time than state statue carrys for said crime. Trial court has absolutely stepped outside of its jurisdiction by state Law.

Also Criminal Code of Proc. Rule 32. states you can not bar petitioner for petitioners failure to Raise claim at appeal or post conviction Relief. By Courts judgement...

AL R RCRP Rule 32 App.

IN FORMA PAUPERIS DECLARATION

*STATE OF ALABAMA*

*Court of Criminal Appeals*

[Insert appropriate court]

*George R. Brumfield # 89824 - Louisiana Number*

(Petitioner)

*Burl Cain Warden - Louisiana State Prison*

*At Angola, LA. 70712*

(Respondent(s))

DECLARATION IN SUPPORT OF REQUEST TO PROCEED IN FORMA PAUPERIS

I, *George Brumfield* declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1.  Are you presently employed? Yes [ ] No [ ]
    a.  If the answer is "yes," state the amount of your salary or wages per month, and give the name and address of your employer.

    _____

    b.  If the answer is "no," state the date of last employment and the amount of the salary and wages per month which you received.

    *1972-78 - Been in Prison*
    *All these years --*

2.  Have you received within the past twelve months any money from any of the following sources?
    a.  Business, profession, or other form of self-employment?
        Yes [ ] No [✔]
    b.  Rent payments, interest, or dividends?
        Yes [ ] No [✔]
    c.  Pensions, annuities, or life insurance payments?
        Yes [ ] No [✔]
    d.  Gifts or inheritances?
        Yes [ ] No [✔]
    e.  Any other sources?
        Yes [ ] No [✔]

    If the answer to any of the above is "yes," describe each source of money and state the amount received from each during the past twelve months.

    *N/A*

3.  Do you own cash, or do you have money in a checking or savings account?
    Yes [ ] No [✔]

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

AL R RCRP Rule 32 App

(Include any funds in prison accounts.)
If the answer is "yes," state the total value of the items owned.

*NONE*

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other
    valuable property (excluding ordinary household furnishings and
    clothing)?
    Yes [ ]  No [ ✓ ]
    If the answer is "yes," describe the property and state its approximate
    value.

    *N/A*

5.  List the persons who are dependent upon you for support, state your
    relationship to those persons, and indicate how much you contribute
    toward their support.  *NONE*


    I declare (or certify, verify, or state) under penalty of perjury that the
foregoing is true and correct. Executed on *JAN. 20, 2005* (date).

    *George A. Brownfield*
    Signature of Petitioner       *#898824*

                            Certificate

I hereby certify that the petitioner herein has the sum of $ *.15* on account to
his credit at the *LSP* institution where he is confined. I further
certify that petitioner likewise has the foregoing securities to his credit
according to the records of said _____ institution:

Savings    -0-
drawing    .15

                                    *Kathy Calvert*
                              AUTHORIZED OFFICER OF
DATE          DATE               INSTITUTION
          JAN 2 5 2005
            CERTIFIED
Rule 32

Rules Crim. Proc., Rule 32 App.
AL R RCRP Rule 32 App
END OF DOCUMENT


Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

THE STATE OF ALABAMA  VS.  BRUMFIELD GEORGE

BRUMFIELD GEORGE                          CASE NUMBER: CC 1981 000001.60
CAMP C JAG-3L-4 AIS89824
LOUISIANA STATE PRISON                    PARTY NUMBER: DEFD
ANGOLA  LA  70712 0000

INSPECTED
12

PLEASE SEE ATTACHED

NOTICE ISSUED ON: 10/22/2004                CLERK: FRANCES BRAZEAL

(10/22/2004)   CHH

DISTRICT COURT ALABAMA

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

STATE OF ALABAMA,           §
                            §
        PLAINTIFF,          §
                            §
VS.                         §        CC1981-1.60
                            §
GEORGE BRUMFIELD,           §
                            §
        DEFENDANT.          §

## ORDER

The petitioner files his first Rule 32 petition.  The grounds raised in the petition are as follows:

1.      The Constitution of the United States and the State of Alabama requires a new trial.

2.      The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.

3.      Newly discovered material facts exist, which requires that the conviction or sentence be vacated.

4.      The petitioner failed to appeal within the prescribed time and that failure was without fault on the petitioner's fault.

The facts evidenced from the court records are that: the petitioner was charged with Rape I.  He was indicted on June 29, 1979(pre-criminal code charge), and was arraigned January 20, 1981.  The defendant's sanity was evaluated by Bryce Hospital.

The defendant was tried and found guilty of Rape I on November 4, 1981.  At that time, the jury determined the sentence, and the defendant was sentenced to 150 years in prison.  The defendant appealed his conviction, and the public defender's office was

appointed to represent the defendant on appeal. The petitioner's conviction was affirmed on appeal. The certificate of final judgment was dated July 16, 1984. The Court of Criminal Appeals case number was 6 DIV 737.

Rule 32.2(c) states:"... the court shall not entertain any petition for relief from a conviction or sentence on grounds specified in Rule 32.1(a) (constitutional grounds) 32.1(f)(failure to appeal) unless the petition is filed: (1) In the case of a conviction appealed to the Court of Criminal Appeals within 1 year after the certificate of judgment by the court Criminal Appeals under Rule 41, Ala.R.App.P; or (2) In the case of a conviction not appealed to the Court of criminal Appeals, within 1 year after the time for filing an appeal lapses."

Therefore, petitioner's grounds 1 and 4 are precluded by Rule 32.2(c), since it is filed almost 20 years after the last statute of limitations had expired.

Ground 3 of the petitioner's petition alleges newly discovered evidence. However, in petitioner's statement of the case, he fails to set forth what the newly discovered evidence is, or when the evidence was discovered.

Ground 2 of the petition alleges that the 150-year sentence exceeds the maximum authorized by law.

~~The time was a pre-existing Code offense and former Code of Alabama 13-1-~~ ~~130 applied.~~ That code section provided: "Any person who is guilty of the crime of rape shall on conviction be punished by imprisonment for not less that 10 years, or as otherwise specified by law."

Contrary to petitioner's argument, the maximum sentence was not 99 years, in that; there was no maximum sentence, and therefore no merit to petitioner's argument.

For the foregoing reasons, the petitioner's petition is overruled and denied.  Costs taxed to petitioner.

ORDERED this 20 day of October 2004.

THOMAS S. WILSON
CIRCUIT JUDGE

Citation                    Search Result          Rank 12 of 81          Database
AL R RCRP Rule 32 App.                                                    AL-RULES
  Rules Crim.Proc., Rule 32 App.

WEST'S ALABAMA RULES OF COURT
ALABAMA RULES OF CRIMINAL PROCEDURE
RULE 32. POST-CONVICTION REMEDIES
Copr. © West, a Thomson business 2004.
Current with amendments received through 5-1-2004

APPENDIX TO RULE 32

FORM FOR USE IN STATE COURT FOR PETITIONS FOR RELIEF FROM CONVICTION OR SENTENCE
IMPOSED IN STATE COURT (RULE 32, ALABAMA RULES OF CRIMINAL PROCEDURE)


[This form is not to be used to challenge loss of good time deductions from
sentence, changes in custody classification, or jail or prison conditions.]

   READ THESE INSTRUCTIONS CAREFULLY BEFORE YOU BEGIN PREPARING THE PETITION

   (1) This petition must be legibly handwritten or typewritten, and must be
signed by the petitioner or petitioner's attorney under penalty of perjury. Any
false statement of a material fact may serve as the basis for prosecution and
conviction for perjury.  All questions must be answered completely in the proper
space on the form or on additional sheets submitted with the form.  This form
may be obtained from the librarian or other authorized officer of the
corrections institution where you are confined.
   (2) Additional pages are permitted.  No citation of authorities need be
furnished.  If briefs or arguments are submitted, they should be submitted in
the form of a separate memorandum and not as part of this form.
   (3) Only the judgments entered in a single trial may be challenged in a
particular petition.  If you seek to challenge judgments entered in different
trials, either in the same county or in different counties, you must file
separate petitions.
   (4) YOU MUST INCLUDE IN THIS PETITION ALL GROUNDS FOR RELIEF.  FAILURE TO
INCLUDE A GROUND FOR RELIEF IN THIS PETITION MAY RESULT IN YOUR BEING BARRED
FROM PRESENTING IT IN A FUTURE PETITION.
   (5) YOU MUST INCLUDE ALL FACTS SUPPORTING EACH GROUND FOR RELIEF AND YOU MUST
BE AS SPECIFIC AS POSSIBLE AS TO THE FACTS.
   (6) Upon receipt of the appropriate fee, your petition will be filed if it is
in proper order.  If you do not know the amount of the fee, ask the librarian or
other authorized officer of the corrections institution where you are confined
to give you this information.
   (7) If you do not have the necessary fee, you may request permission to
proceed in forma pauperis, in which event you must complete the declaration at
the end of this form, setting forth information establishing your inability to
pay the fees and costs or give security therefor.  Your declaration must include
financial information relating to the twelve (12) months preceding the filing of
this petition.

          Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

AL R RCRP Rule 32 App.

   If you wish to proceed in forma pauperis, you must have an authorized officer
at the corrections institution where you are confined complete the certificate
at the end of your in forma pauperis declaration as to the amount of money and
securities on deposit to your credit in any account in the institution.
   (8) Complete all applicable items in the petition.  When the petition is fully
completed, the ORIGINAL AND TWO (2) COPIES must be mailed to the Clerk of the
Court in which you were convicted.
   (9) You must comply with these instructions in order to have your petition
promptly considered.

                                                          Case Number

                                                    ___  ___  _____
                                                    ID   YR    NUMBER
                                                    (To be Completed
                                                     by Court Clerk)


        PETITION FOR RELIEF FROM CONVICTION OR SENTENCE (Pursuant to Rule 32,
                        Alabama Rules of Criminal Procedure)

                                              *State of ALABAMA*
IN THE *6th* COURT OF *Tuscaloosa*, ALABAMA      *AND*
*George A. Brumfield*            v.  *Burl Cain WARDEN*
Petitioner (Full Name)              Respondent  *(Louisiana)*
                                    [Indicate either the "State" or,
                                    if filed in municipal court, the
                                    name of the "Municipality"]

Prison Number *89824* Place of Confinement *Louisiana State Prison (Angola)*
County of Conviction *Tuscaloosa Ala.*
NOTICE: BEFORE COMPLETING THIS FORM, READ CAREFULLY THE ACCOMPANYING
   INSTRUCTIONS.
   1.  Name and location (city and county) of court which entered the judgment of
       conviction or sentence under attack *Tuscaloosa, Alabama*
       *Tuscaloosa County, State of Alabama*
   2.  Date of judgment of conviction *11/4/1981*
   3.  Length of sentence *One hundred and Fifty years*
   4.  Nature of offense involved (all counts) _____
       _____*Rape*_____
       _____

   5.  What was your plea? (Check one)        *Not Guilty Period!*
       (a)  Guilty        ____
       (b)  Not Guilty    ✓
       (c)  Not Guilty by reason of mental disease or defect ✓
       (d)  Not Guilty and not guilty by reason of mental disease or defect ✓
       If you entered a guilty plea to one count or indictment, and a not guilty
       plea to another count or indictment, give details:
       _____
       _____

       Copr. © West 2004 No Claim to Orig. U.S. Govt. Works
*Lawyer at arraignment plead me Not Guilty
By reason of insanity. But Court changed that later!*

AL R RCRP Rule 32 App.

_____

6. Kind of trial: (Check one)
   (a) Jury _✓___         (b) Judge only _____
7. Did you testify at the trial?
   Yes ___✓___           No _____
8. Did you appeal from the judgment of conviction?
   Yes _✓_ *VERBALLY* No _____
9. If you did appeal, answer the following:
   (a) As to the state court to which you first appealed, give the following
       information:
       (1) Name of court *HAD VERBAL Appeal FiLED in Court*
           *11/6/1981   Do Not iKNow of Any Appeals*
       (2) Result *FiLed to Any Court in ALABAMA. BECause*
           *I WAS sent BACK to Louisiana PRisons.*
       (3) Date of result _____

   (b) If you appealed to any other court, then as to the second court to
       which you appealed, give the following information:
       (1) Name of court _____*N/A*_____

       (2) Result _____

       (3) Date of result _____

   (c) If you appealed to any other court, then as to the third court to
       which you appealed, give the following information:
       (1) Name of court _____*N/A*_____

       (2) Result _____

       (3) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence,
    have you previously filed any petitions, applications, or motions with
    respect to this judgment in any court, state or federal?
    Yes _____          No _✓_
11. If your answer to Question 10 was "yes," then give the following
    information in regard to the first such petition, application, or motion
    you filed:
    (a) (1) Name of court _____*N/A*_____
        (2) Nature of proceeding _____
        (3) Grounds raised _____
            _____
            _____
            _____
            (attach additional sheets if necessary)
        (4) Did you receive an evidentiary hearing on your petition,
            application, or motion?

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

Page 4

AL R RCRP Rule 32 App.

                    Yes _____        No ✓
    (5)   Result _____
    (6)   Date of result _____
(b)   As to any second petition, application, or motion, give the same
      information:
    (1)   Name of court _____N/A_____
    (2)   Nature of proceeding _____
    (3)   Grounds raised _____
          _____
          _____
          _____
          _____
          (attach additional sheets if necessary)
    (4)   Did you receive an evidentiary hearing on your petition,
          application, or motion?
                    Yes _____        No ✓
    (5)   Result _____
    (6)   Date of result _____
(c)   As to any third petition, application, or motion, give the same
      information (attach additional sheets giving the same information
      for any subsequent petitions, applications, or motions):
    (1)   Name of court _____N/A_____
    (2)   Nature of proceeding _____
    (3)   Grounds raised _____
          _____
          _____
          _____
          _____
          (attach additional sheets if necessary)
    (4)   Did you receive an evidentiary hearing on your petition,
          application, or motion?
                    Yes _____        No ✓
    (5)   Result _____
    (6)   Date of result _____
(d)   Did you appeal to any appellate court the result of the action taken
      on any petition, application, or motion?
    (1)   First petition, etc.              Yes ___    No ✓
    (2)   Second petition, etc.             Yes ___    No ✓
    (3)   Third petition, etc.              Yes ___    No ✓
          ATTACH ADDITIONAL SHEETS GIVING THE SAME INFORMATION
            FOR ANY SUBSEQUENT PETITIONS, APPLICATIONS, OR
            MOTIONS.
(e)   If you did not appeal when you lost on any petition, application, or
      motion, explain briefly why you did not:
      I was held in Louisiana Prison, Tuscaloosa Public
      Defender said he was going to Appeal.
      No Court or Anyone has Ever Contacted me in Louisiana
12.   Specify every ground on which you claim that you are being held _PERiod._

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

AL R RCRP Rule 32 App.

unlawfully by placing a check mark on the appropriate line(s) below and
providing the required information. Include all facts. If necessary, you
may attach pages stating additional grounds and the facts supporting
them.

GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the
ground(s) that apply in your case, and follow the instruction under the
ground(s):

✔ A.    The Constitution of the United States or of the State of Alabama
        requires a new trial, a new sentence proceeding, or other relief.
     For your information, the following is a list of the most frequently
     raised claims of constitutional violation:
     (1)    Conviction obtained by plea of guilty which was unlawfully
            induced or not made voluntarily with understanding of the
            nature of the charge and the consequences of the plea.
     (2)    Conviction obtained by use of coerced confession.
     (3)    Conviction obtained by use of evidence gained pursuant to an
            unconstitutional search and seizure.
     (4)    Conviction obtained by use of evidence obtained pursuant to an
            unlawful arrest.
     (5)    Conviction obtained by a violation of the privilege against
            self-incrimination.
     (6)    Conviction obtained by the unconstitutional failure of the
            prosecution to disclose to the defendant evidence favorable to
            the defendant.
     (7)    Conviction obtained by a violation of the protection against
            double jeopardy.
     (8)    Conviction obtained by action of a grand or petit jury which was
            unconstitutionally selected and impaneled.
     (9)    Denial of effective assistance of counsel.
     This list is not a complete listing of all possible constitutional
        violations.
  If you checked this ground of relief, attach a separate sheet of paper
  with this ground listed at the top of the page. On this separate sheet
  of paper list each constitutional violation that you claim, whether or
  not it is one of the nine listed above, and include under it each and
  every fact you feel supports this claim. Be specific and give details.
____ B.    The court was without jurisdiction to render the judgment or to
        impose the sentence.
  If you checked this ground of relief, attach a separate sheet of paper
  with this ground listed at the top of the page. On this separate sheet
  of paper list each and every fact you feel supports this claim. Be
  specific and give details.
✔ C.    The sentence imposed exceeds the maximum authorized by law, or is
        otherwise not authorized by law.
  If you checked this ground of relief, attach a separate sheet of paper

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

AL R RCRP Rule 32 App.

    with this ground listed at the top of the page. On this separate sheet
of paper list each and every fact you feel supports this claim. Be
specific and give details.

D.    Petitioner is being held in custody after his sentence has expired.
If you checked this ground of relief, attach a separate sheet of paper
with this ground listed at the top of the page. On this separate sheet
of paper list each and every fact you feel supports this claim. Be
specific and give details.

E.    Newly discovered material facts exist which require that the
conviction or sentence be vacated by the court, because:
The facts relied upon were not known by petitioner or petitioner's
counsel at the time of trial or sentencing or in time to file a
post-trial motion pursuant to Rule 24, or in time to be included in
any previous collateral proceeding, and could not have been
discovered by any of those times through the exercise of reasonable
diligence; and
The facts are not merely cumulative to other facts that were known;
and
The facts do not merely amount to impeachment evidence; and
If the facts had been known at the time of trial or sentencing, the
result would probably have been different; and
The facts establish that petitioner is innocent of the crime for
which he was convicted or should not have received the sentence
that he did.
If you checked this ground of relief, attach a separate sheet of paper
with this ground listed at the top of the page. On this separate sheet
of paper list each and every fact you feel supports this claim. Be
specific and give details.

F.    The petitioner failed to appeal within the prescribed time and that
failure was without fault on petitioner's part.
If you checked this ground of relief, attach a separate sheet of paper
with this ground listed at the top of the page. On this separate sheet
of paper list each and every fact you feel supports this claim. Be
specific and give details.

13.  IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO
ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:
"Successive Petitions. The court shall not grant relief on a second
or successive petition on the same or similar grounds on behalf of
the same petitioner. A second or successive petition on different
grounds shall be denied unless the petitioner shows both that good
cause exists why the new ground or grounds were not known or could
not have been ascertained through reasonable diligence when the
first petition was heard, and that failure to entertain the
petition will result in a miscarriage of justice."

A.    Other than an appeal to the Alabama Court of Criminal Appeals or the
Alabama Supreme Court, have you filed in state court any petition
attacking this conviction or sentence?
Yes _____ No _____

B.    If you checked "Yes," give the following information as to earlier

Copr © West 2004 No Claim to Orig. U.S. Govt. Works

Page

AL R RCRP Rule 32 App.

petition attacking this conviction or sentence:
- (a) Name of court ___N/A_____
- (b) Result _____
- (c) Date of result _____
  (attach additional sheets if necessary)

C.  If you checked the "Yes" line in 13A, above, and this petition
contains a different ground or grounds of relief from an earlier
petition or petitions you filed, attach a separate sheet or sheets
labelled: "EXPLANATION FOR NEW GROUND(S) OF RELIEF."
On the separate sheet(s) explain why "good cause exists why the new
ground or grounds were not known or could not have been ascertained
through reasonable diligence when the first petition was heard, and
[why the] failure to entertain [this] petition will result in a
miscarriage of justice."

14.  Do you have any petition or appeal now pending in any court, either state
or federal, as to the judgment under attack?
Yes _____      No __✓__

15.  Give the name and address, if known, of each attorney who represented you
at the following stages of the case that resulted in the judgment under
attack:
- (a) At preliminary hearing _MR. Mike Cornwell Public_
  _DEFenders OFFice TUSCALOOSA_
- (b) At arraignment and plea _MR. Michel Cornwell_
  _Public DEFENDERS OFFice Tuscaloosa_
- (c) At trial _ARDEN Hollingsworth AND MIke Cornwell_
  _Public DEFENDERS OFFice Tuscaloosa_
- (d) At sentencing _ARDEN Hollingsworth AND MiLL Cornwell_
  _Public DEFENDERS OFFice of Tuscaloosa_
- (e) On appeal _N/A None that I know Anything_
  _About_
- (f) In any post-conviction proceeding _N/A_
  _NONE EVER FiLed that I KNOW Anything_
  _About._
- (g) On appeal from adverse ruling in a post-conviction proceeding _____
  _N/A_

16.  Were you sentenced on more than one count of an indictment, or on more
than one indictment, in the same court and at the same time?
Yes _____      No __✓__

17.  Do you have any future sentence to serve after you complete the sentence
imposed by the judgment under attack?
Yes _____      No __✓__
- (a) If so, give name and location of court which imposed sentence to be
  served in the future: _NoNE_____
- (b) And give date and length of sentence to be served in the future: _None_
- (c) Have you filed, or do you contemplate filing, any petition attacking
  the judgment which imposed the sentence to be served in the future?
Yes _____      No __✓__

18.  What date is this petition being mailed?

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

AL R RCRP Rule 32 App.

---

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

PETITIONER'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that the foregoing is true and correct. Executed on _9/1/2004_ (Date).

_George A. Burnfield_
Signature of Petitioner

SWORN TO AND SUBSCRIBED before me this the _1st_ day of _Sept_, _2004_.

_ORVAN Massante #58049_
Notary Public

_EX-OFFICIO Notary DEPARTMENT OF
SAFETY AND Corrections LOUISIANA_
OR [FN*] _STATE PRISON..._

ATTORNEY'S VERIFICATION UNDER OATH SUBJECT TO PENALTY FOR PERJURY

I swear (or affirm) under penalty of perjury that, upon information and belief, the foregoing is true and correct. Executed on _____ (Date).

Signature of Petitioner's Attorney

SWORN TO AND SUBSCRIBED before me this the _____ day of _____, 19_____.

Notary Public

Name and address of attorney representing petitioner in this proceeding (if any)

_I do Not have
an attorney_

_____
_____
_____
_____

FN* If petitioner is represented by counsel, Rule 32.6(a) permits either petitioner or counsel to verify the petition.

Case Number

| ID | YR | NUMBER |
|---|---|---|

(To be Completed by Court Clerk)

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

State of ALABAMA                    6th Judicial Court
George A. Brumfield                 County of Tuscaloosa
                                    State of ALABAMA
        Versus                      Case Number CC81-1

Burl Cain + State of ALABAMA
WARDEN Louisiana State Prison
Current Custodial Respondent
Et. Al. + ALABAMA Detainer

        "Motion to Correct an Illegal Sentence
        and Motion for Evidentiary Hearing"

        To the honorable Judge, presiding Judge,
in and for the 6th Judicial District Court
in the county of Tuscaloosa, State of ALABAMA.

        May it Please the Honorable Court;

        Comes the petitioner here in related to
the petition as defendant in Case CC-81-1,
as authorities supported in the compliance
with the Rules of the Supreme Court of
ALABAMA. And the Criminal Code of Procedures
for the state of ALABAMA.
        As a PRO Se and Indigent Prisoner.
In custody of the WARDEN and state of Louisiana.
With an out of state detainer, of said state
of ALABAMA, and ALABAMA Dept. of Corrections.
When Louisiana is the currently the custodial
Respondent, of said petitioner.
        Petitioner, was arrested and detained
in Louisiana on August 26, 1978. Petitioner
had charges in the state of Louisiana and
ALABAMA.

Page (2)

Petitioner was taken from the Louisiana state prison, back to the state of Alabama on a two state governor's extradition warrant in 1981. Signed by both respective governors of both Louisiana and Alabama.

Petitioner was brought and delivered to 6th Judicial District Courts, and its respective jurisdiction, for the state of Alabama.

On a arrest warrant for said petitioner, for said crime of Rape in that jurisdiction. Arrest warrant for petitioner, had been issued in that jurisdiction and court and by the state of Alabama on July 2, 1979.

"Statement of the Case"

Petitioner herein was charged by the state of Alabama, for the crime of Rape. Which is a felony in said state. He was held in the Tuscaloosa County Jail, in Tuscaloosa Alabama, for said charge.

Public Defender Michael C. Cornwell, attorney for public defenders office, came to jail and interviewed petitioner.

Attorney Michael C. Cornwell, told petitioner he could waive arraignment proceedings in court. If petitioner so desired. Petitioner agreed to waive arraignment proceedings.

Public Defender attorney Michael C. Cornwell would go to arraignment proceedings in petitioners behalf...

Page (3)

Petitioner, was arraigned in open court of the 6th Judicial District Court, state of ALABAMA. The honorable Judge BAIRD presiding.

Petitioner had two not one case of felony Rape, Case Numbers CC-81-1 and Case Number CC-81-2. Respectfully.

Petitioner had waived proceedings, so public defender attorney Michael C. Cornwell, set in petitioner's behalf.

The honorable Judge BAIRD READ OFF each inditement and arrest warrant by respective court and grand jury foreman for the state of ALABAMA and Tuscaloosa County.

Judge BAIRDS words was this Quote:

You have been idicted in this case by the GRAND JURY of Tuscaloosa County, ALABAMA on the charge of RAPE, which is a felony offense. IF you plead guilty to said crime, or if the jury finds that you are guilty of said crime, the law provides for punishment by imprisonment in the penitentiary FOR NOT LESS THAN 10 YEARS, NOR MORE THAN 99 YEARS OR LIFE up to 20,000 for such offense...

Judge BAIRd. asked MR. Michael C. Cornwell, public defender attorney did he fully understand this. And did his client MR. BRUMFIELD, petitioner fully understand, He said yes.

Then the honorable Judge Baird, asked how we would plead.

Page (4)

Mr. Michael C. Cornwell entered a plea of not guilty, in both cases CC 81-1 and CC 81-2 in petitioners behalf. Jan. 20, 1981.

The honorable court excepted said plea's on both cases and Remanded the cases to be set for trial.

Copy of this court day and proceeding is attached to this motion as exhibit. Duly signed by petitioner himself and his attorney Mr. Michael C. Cornwell and the Honorable Judge Baird, of 6th judicial court, part of official transcript and official court records.

Trial on case CC 81-1, was officially set for November 1981 in the Honorable Claude Harris court, Judge presiding for the county and state of Alabama, 6th Judicial Court.

On November 3rd or 4th another attorney was appointed to help defend petitioner, a Mr. Arden Hollingsworth. So now Petitioner had Mr. Michael C. Cornwell and Mr. Arden Hollingsworth as attorneys. The state of Alabama, brought in a Special Prosecutor for state to represent it. The honorable Mr. Bruce Maddox, presiding for state. He was a attorney from Alabama Attorney Generals office.

Attorneys polled the Respective jury members.

A twelve man and woman jury panel was selected to hear case.

Page(s)

The Honorable Judge Claude Harris, presideing in court for the state of Alabama, 6th Judicial District Court. Read official indictment and charge to the respectiv jury members.

But the honorable Judge did not read the official state of Alabama statue on Rape to respective jury. Either at the begining or chaseing arguments of trial.

The petitioners attorneys said a few words. And chased and state attorney Mr. Bruce Maddox explained to jury they shode find defendant guilty and set time limit of incarceration at what ever they wanted. He stated I shoud be kept off streets period.

The Honorable Judge Harris explained and instructed Respective jury panel. They had to find me guilty or not guilty. Plus they had to set time limit of years also if they found me guilty...

Again Judge Claude Harris failed to properly address court and official 12 man jury panel. On the official state criminal code of Rape or its maximum or minimum terms. Which is state law and statues.

Jury deliberated. Found Petitioner, or Defendant Guilty as charged.

The jury foreman was Mr. Douglas S. Garrett. He also stated the jury set my time to be served in state prison at 150 years.

Page (6)

The Honorable Judge Claude Harris, presiding for 6th Judicial District Court, Tuscaloosa County, state of Alabama.

Excepted jury members verdict of Guilty and time limit of 150 years set by jury.

→ Copys of those Official Court Records or Attached to this motion.

This is clearly an Illegal Sentence !! When the state statue for Rape in the state of Alabama. Clearly Reads.

Quote;

Not less than 10 years, Nor more than 99 years or life up to $ 20,000. This state statue and law is governed by the state of Alabama. And its Official Criminal Code of Procedures. Which is state law officially set down by respective law makers of said state.

The Honorable Judge Claude Harris 4th Judicial District Judge. Presiding for said court. Did not properly explain charge to Respective jury panel or state law governing the crime of Rape.

So state court officially[15] in error concerning this trial and case CC-89-1.

Page (7)

"Memorandum of Law"

Lester Wilson Reed vs. State of Alabama
1 Div. 418 June 30, 1987 (Cite as 512 So. 2d.
804 #808.

Reed used Deacon supra at 1005-1006
(quoting from Watkins vs. state 36 Ala. App.
711, 63 So. 2d 293 (1953) emphasis added
[2] Quote

There was no guideance or explanation
given what so ever, to the jury regarding
the purpose of the admission of these five
incidents.

Because what happened and occured in
this case is exactly what the Supreme Court
condemned in Deacon, supra we hold that an
election should have been compelled. For this
reason the appellants conviction is due to be
and is reversed and remanded. See also
Coffer vs state 440 So. 2d. 1121 (Ala. 1983)
and Grizzell vs. state 507 So. 2d. 969
(Ala. Crim App. 1986). Aff'd Ex Parte State
507 So. 2d. 972 (Ala. 1987).

This case Reed vs. State was basically
overturned because of failing to charge
the 12 man and woman jury panel
thouroughly and properly...

Thyllus Brown Hannon vs. State of Alabama
CR-95-0713 Court of Crimminal Appeals.
Justice Long J. held that prisoners failure
to raise claim at trial court exceeded its

Page (8)

jurisdiction when imposing sentence.
Opinion after Remand ALA. CR. App. 682
So. 2d. 504.

1. Criminal Law 998 (3)
Prisoner failure to Raise claim at trial
that trial court exceeded its jurisdiction in
imposing sentence which _was in excess_ of
statutory maximum _did NOT procedurally
bar prisoner_, from raising such claim in
subsequent post conviction relief petition.
Rules Criminal Procedure Rule 32 ...

2. Criminal Law 1208.3 (1)
When court impose sentence in excess
of that authorized by statue, it exceeds
its jurisdiction, and sentence is consequently
void.

3. Criminal Law 998 (3)
Claim of lack of jurisdiction to Render
judgement or to impose sentence is not
precluded as basis for post conviction
Relief. Even though question could have
been but was not Raised at trial, or on
appeal. Rules Criminal Procedure Rule 32.

Justice Long, states in case Thyllus
Brown Hannon vs. State of Alabama
CR-95-0713.
[1-2]
"When the court imposes sentence in
excess of that authorized by statue, it
exceeds its jurisdiction, and the sentence
is consequently void."

Page (9)

FERGUSON vs. STATE OF ALABAMA 565 So. 2d. 1172, 1173 (ALABAMA CRIMINAL Appeal 1990.

(3) In its Response to the appellants petition, the State did not specifically Refute the appellants allegations, but instead asserted that the appellants claim was procedurally barred. The trial court denied the appellants petition by simply saying stateing the appellants claim could have been, but was not Raised at trial.

However:

(A.) Claim, of Lack of jurisdiction to render judgement or to impose sentence is not precluded as a basis for Relief by Rule 20.2 (Now Rule 32) even though the question of jurisdiction could have been, but was not Raised at trial or on appeal.

LANCASTER vs. STATE OF ALABAMA 638 So. 2d. 1370, 1373, (ALABAMA CRIMINAL Appeal 1993.)

Quoteing: Ferguson, Supra at 1173. The Appellant has Alleged Facts, that if True, Does entitle him to Relief... Court Remanded with instructions to said district court....

The above cases was all overturned basically because by Law. if said trial court steps out of its boundries.

Page (9)

AND periodically sentences petitioner to more time than the state law statue carrys for said crime. Trial Court has absolutely stepped outside of its jurisdiction by state law, AND state statue guide lines.

Also Criminal Code of Procedure Rule 32. states you can not bar petitioner for petitioners failure to Raise claim at appeal or post conviction Relief. By courts judgement.

"Conclusion"

Consistent with the Rules of the Alabama Supreme Court and the Alabama Criminal Code and the Respective Alabama state statues of law, in and for the honorable state of Alabama.

Anyone can see, that the Honorable Judge Baird in and for the 6th Judicial Court, state of Alabama. Did in fact read and actually write down the states statue concerning crime of Rape. At the arraignment proceedings in open court on Jan-20th 1981. Judge Baird signed this document and made it official record of court that particular day. Judge Baird did abide by state law and guide lines. By properly Quoting and writing down state statue for Rape...

Page (1)

The Honorable Judge BAIRD, presideing in open court.

READ OFF CHARGE OF RAPE. AND Quote: stated...

He plainly stated to all partys. Rape CARRIED. Not less than 10 YEARS, OR MORE than 99 YEARS, LIFE AND OR 30,000 Fine...

He plainly asked all partys did they UNDERSTAND CHARGE Fully. ALL concurred they did. STATE AND DEFENDANT OR Petitioners ATTORNEY.

SAID Judge excepted Not Guilty Plea. REMANDED to TRIAL in Respective court system.

TRIAL WAS held in TUSCALOOSA COUNTY, Tuscaloosa, ALABAMA. IN the 6th Judicial Court Room, The HONORABLE Judge CLAUDE HARRIS presideing.

The HONORABLE Judge HARRIS, states ATTORNEY (special prosecutor) MR. BRuce Maddox ATTORNEY, (From state attorney generals office) AND both attorneys For defendant or petitioner in this case. Were all present in open court. November 4th/1981 and Nov. 3RD.

Respective jury was polled and dutifully selected by all partys.

TRIAL started and proceeded FORWARD; in Respective court Room and the HONORABLE Judge Claude HARRIS presideing...

Page(12)

The Honorable Judge Claude Harris, Never did out Right Read at any given time, the actual state statue OF Rape and its guide lines. To the Respective 12 man and woman Jury panel in case CC 81-1. state OF Alabama vs. George A. Brumfield.

The Honorable Judge did instruct the Jury panel on a Guilty or Not guilty verdict. And did in fact tell the Jury panel they had the Resposibility to also set time limit on petitioner, or defendant in this case.

Well Respective Jury panel, did in fact FIND petitioner Guilty as charged. But set time at 150 year sentence.

This is an Illegal Sentence in the State of Alabama. Its more than 10 years. But more than 99 years perscribed by state law statues and guidelines.

Court documents or Attached to this motion as exhibits. To plainly show this travesty of law. Did in fact actually take place in open court in Judge Claude Harris Respective court... And said state of Alabama, did in fact loose jurisdiction by over stepping Official state statues and guide lines. That day Nov. 4, 1981-- in open court ---

Page (3)

"PRAYER"

I pray honestly and dillantgently, that this Honorable Court. GRANT me this motion to correct an Illegal Sentence. By granting me an Evidentuary Hearing in this matter, Where conviction and Illegal Sentence, should be set aside and made Void as Alabama state Law and courts has proven in other cases just like mine.

Respectfully Submitted

~~George A. Burnfield~~
Petitioner...

CC/File Copy
Copy to Clerk of Court 6th Judicial Court
Copy to Senior Judge 6th Judicial Court
Copy to Alabama Attorney Generals Office
Copy to Public Defenders Office 6th J.DC.

## IN FORMA PAUPERIS DECLARATION

United States District Court For The ___6 th___ District

of ~~ALABAMA~~

GeoRge ARthuR BRumffield
_____
(Petitioner)

v.                                    DECLARATION IN SUPPORT OF REQUEST

State of ALaBama Courts              TO PROCEED IN FORMA PAUPERIS
_____
(Respondent(s)

I, George A. BRumfield, declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without pre-paying fees, costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give se-curity therefor; that I believe I am entitled to relief.

1.  Are you presently employed?  Yes ( )    No (✓)

    a.  If the answer is "yes," state the amount of your salary or wages per month, and give the name and address of your employer.

        _____N/A_____

        _____

    b.  If the answer is "no," state the date of last employment and the amount of the salary and wages per month which you received.

        1978 - Been in prison sense August 1978.

        _____

2.  Have you received within the past twelve months any money from any of the following sources?

    A.  Business, profession or form of self-employment?                        Yes ( )      No (✓)

    B.  Rent payments, interest or dividends?        Yes ( )      No (✓)

    C.  Pensions, annuities or life insurance payments?                               Yes ( )      No (✓)

d.  Gifts or inheritances?                Yes  ( )      No  (✓)

e.  Any other sources?                    Yes  ( )      No  (✓)

If the answer to any of the above is "yes," describe each source of money and state the amount received from each during the past twelve months.

_____ N/A _____

_____

_____

3.  Do you own cash, or do you have money in checking or savings account? Yes  ( )  (No) (include any funds in prison accounts.)  If the answer is "yes," state the total value of the items owned.

_____ N/A _____

_____

_____

4.  Do you own any real estate, stocks, bonds, notes, automobiles or other valuable property (excluding ordinary household furnishings and clothing)?

Yes  ( )  No  (✓)

If the answer is "yes," describe the property and state its approximate value.

_____ N/A _____

_____

5.  List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_____ NONE _____

_____

_____

2

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed On: _April 27, 2004_

_George R. Burnfield_
Signature of Petitioner

# 89824
State of Louisiana Prison

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _4.51_ on account to his credit at the _LSP_ institution where he is confined. I further certify that petitioner likewise has the following securities to his credit according to the records of said _____ institution _____

| | | |
|---|---|---|
| DRAWING: | 0.46 | |
| SAVINGS | 4.05 | |

DATE

APR 3 0 2004
CERTIFIED

_Kathy Calvert_
Authorized Officer Of
Institution

3

```
DATE: 08/26/02           DPS&C CORRECTIONS SERVICES          TIME: 12:15
AMENDED: 08/26/02              MASTER RECORD                 PAGE 1
```

---------------------------- D E S C R I P T I O N ----------------------------

```
DOC NUMBER: 00089824      CURRENT LOC: LA STATE PEN
NAME: BRUMFIELD, GEORGE A              W/M    DOB........: 06/08/1950

SID NUMBER: 001003375     FBI NUMBER: 458521 V6      SOC.SEC.#..: 439704507
HGT.......: 6'00          WEIGHT....: 185            HAIR.......: BROWN
COMPLEXION: FAIR/LIGHT    SHOE SIZE.: 105            EYES.......: BROWN
```

******************* R E L E A S E     I N F O R M A T I O N *******************

```
OFFENDER CLASS: 01        GT ACT.: ACT 138            Discharge
      Act 790    DN                                    Date
PED: 08/26/1998          GTD....: 03/25/2007   FTD: 08/25/2028
                         ADJ.TO.: 09/21/2007   Louisiana

PB ACTION..: Denied      MS ON TOTAL LOSS OF GT              TOTAL SENTENCE
                         TO DATE: 0180              050YRS/ 00MTH/ 00DAYS
TYPE ACTION:
ACTION DATE: 2/16/01     ED.GT.CREDIT: 0   DAYS

COMMENTS: LOSS OF GT ON 8/3/02.


DETAINER: Y   DETAINER INFO: OUT-OF-STATE
```

-------------------- O F F E N S E     I N F O R M A T I O N --------------------

```
                                            SEX OFFENDER..: Y
```

| DOCKET NUMBER | PAR CON | HW CR | SENTENCE DATE | MOD | STATUTE | CN | TERM YYYMMDD | HW CR | REV FLG | GT ACT | APP JCR |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 43452 | TAN | NA | 08/15/79 | | ARMED ROBBERY | 01 | 0500000 | NA | | 665 | 354 |
| 43454 | TAN | CC | 08/15/79 | | AGGRAVATED BURGLARY | 01 | 0300000 | NA | | 665 | 354 |
| 43455 | TAN | CC | 08/15/79 | | AGGRAVATED RAPE | 01 | 0500000 | NA | | 665 | 354 |
| 43456 | TAN | CC | 08/15/79 | ATTEM | SIMPLE KIDNAPPING | 01 | 0020600 | NA | | 665 | 354 |
| 43457 | TAN | CC | 08/15/79 | ATTEM | ARMED ROBBERY | 01 | 0490600 | NA | | 665 | 354 |
| 43458 | TAN | CC | 08/15/79 | | AGGRAVATED BURGLARY | 01 | 0300000 | NA | | 665 | 354 |

Louisiana Rap Sheet

```
DOC #..: 00089824   NAME..: BRUMFIELD, G                    PG  2

----------------------------- A L I A S -----------------------------------
              NONE FOUND
********************* E M E R G E N C Y   C O N T A C T *********************

EMERGENCY CONTACT: MARVIN STEFFINS       RELATION.......: FRIEND
EMERGENCY ADDRESS: 22 OAK SPRING DR      EMER.CITY/ST: WEST MONROE      LA
EMERGENCY ZIPCODE:                       EMERGENCY PHONE: (318) 397-1767

------------------- P E R S O N A L   D A T A ----------------------------
ADDRESS..:
BIRTH CITY: TYLERTOWN        ,MISSISSIPPI      CITIZEN..: YES
MARITAL ST: MARRIED       CHILDREN: 01        RELIGION..: PROTESTANT
DRIVER LIC:              -                         JSEP..:
OCCUPATION: ENGINEERING                       EDUCATION.: 14 YRS.
MOTHER'S NAME: DECEASED  STETLA LEE     FATHER'S NAME: DECEASED BRUMFIELD

----------------- S C A R S - M A R K S - T A T T O O S --------------------

MARK/INFIRMITY.1: TAT RU ARM       LITERAL: EAGLE
MARK/INFIRMITY.2: TAT LU ARM       LITERAL: U S M C
MARK/INFIRMITY.3: SC LF ARM        LITERAL: COLORED SHIP
MARK/INFIRMITY.4: SC ABDOM         LITERAL: OPERAT SCAR
MARK/INFIRMITY.5: SC LF ARM        LITERAL: NUMEROUS SCAR

----------------- T R A N S F E R   I N F O R M A T I O N -----------------
                                       FROM     TYPE
                                       DATE     SUPV
ASSIGNED  LOCATION       PHYSICAL  LOCATION   =======  ====
====================     ====================
LA STATE PEN             LA STATE PEN          03/10/82   A
LA STATE PEN             NEW ORLEANS CHARITY   10/01/91   A
LA STATE PEN             LA STATE PEN          10/02/91   A
LA STATE PEN             NEW ORLEANS CHARITY   03/13/98   A
LA STATE PEN             LA STATE PEN          03/14/98   A
WASHINGTON CORR INST     WASHINGTON CORR INST  04/19/99   A
LA STATE PEN             LA STATE PEN          04/26/99   A
LA STATE PEN             BATON ROUGE CHARITY   04/13/01   A
LA STATE PEN             LA STATE PEN          04/17/01   A

   M WILSON
   -------------------------
     PRINTED BY                              08/26/02
```

RELEASE DATE COMPUTATION INFORMATION          PG 1

NAME: BRUMFIELD, GEORGE                                    DOC #: 000898
                              RELEASE DATES
                                  ACT.790                        GT.
           FTD: 08252028       PED: 8/26/98    ORIGINAL DS DT: 03252007
                                               ADJUSTED DS DT: 09212007
CONTROLLING
SEQUENCE #:           02                02                      02
                                               TOTAL LOSS
EDUCATIONAL GOOD TIME CREDITED: 000 DAYS       OF GT (MS)  : 0180

Listed below is the information used to calculate your release dates. Your dat
are computed by the statutory laws applicable to your case. If all the infor
-mation listed is correct, your release dates are correct. If the listed infor
-mation is incorrect, please contact the arresting agency and request that the
provide us with the correct information. The Good Time Act shown is the Good
Time Act that was in effect when your case was sentenced. If you qualify for
conversion to another Good Time Act, your release dates have been adjusted.

_____
                  ESCAPE,APPEAL BOND, COURT RELEASE INFORMATION
_____
                        SENTENCING INFORMATION
PARISH & DKT: TAN 43452                           OFFENSE SEQ#: 001
GT ACT: 0665    OFFENDER CLASS: 01   PAROLE ELIG.: N  CS PTR:
OFFENSE:  14:64        01                          SENTENCE LENGTH: 05000
DATE COMMITTED: 11111977

ARREST AND RELEASE INFORMATION:
-------------------------------------
   ARRESTED              08261978
   SENT DATE             08151979
   SENT START            08151979
                        SENTENCING INFORMATION
PARISH & DKT: TAN 43455                           OFFENSE SEQ#: 002
GT ACT: 0665    OFFENDER CLASS: 01   PAROLE ELIG.: N  CS PTR:
OFFENSE:  14:42        01                          SENTENCE LENGTH: 05000
DATE COMMITTED: 11111977

ARREST AND RELEASE INFORMATION:
-------------------------------------
   ARRESTED              08261978
   SENT DATE             08151979
   SENT START            08151979
_____

NAME: BRUMFIELD, GEORGE                              DOC #: 00089824

                                                                    PAGE 2
                        SENTENCING INFORMATION
PARISH & DKT: TAN 43457                           OFFENSE SEQ#: 003
GT ACT: 0665        OFFENDER CLASS: 01    PAROLE ELIG.: Y   CS PTR:
OFFENSE: A14:64             01                     SENTENCE LENGTH: 04906
DATE COMMITTED: 11101977

ARREST AND RELEASE INFORMATION:
-------------------------------------------------
ARRESTED                          08261978
SENT DATE                         08151979
SENT START                        08151979
                        SENTENCING INFORMATION
PARISH & DKT: TAN 43458                           OFFENSE SEQ#: 004
GT ACT: 0665        OFFENDER CLASS: 01    PAROLE ELIG.: Y   CS PTR:
OFFENSE: 14:60             01                     SENTENCE LENGTH: 03000
DATE COMMITTED: 11101977

ARREST AND RELEASE INFORMATION:
-------------------------------------------------
ARRESTED                          08261978
SENT DATE                         08151979
SENT START                        08151979
                        SENTENCING INFORMATION
PARISH & DKT: TAN 43456                           OFFENSE SEQ#: 005
GT ACT: 0665        OFFENDER CLASS: 01    PAROLE ELIG.: Y   CS PTR:
OFFENSE: A14:45             01                     SENTENCE LENGTH: 00206
DATE COMMITTED: 11101977

ARREST AND RELEASE INFORMATION:
-------------------------------------------------
ARRESTED                          08261978
SENT DATE                         08151979
SENT START                        08151979
                        SENTENCING INFORMATION
PARISH & DKT: TAN 43454                           OFFENSE SEQ#: 006
GT ACT: 0665        OFFENDER CLASS: 01    PAROLE ELIG.: Y   CS PTR:
OFFENSE: 14:60             01                     SENTENCE LENGTH: 03000
DATE COMMITTED: 11111977

ARREST AND RELEASE INFORMATION:
-------------------------------------------------
ARRESTED                          08261978
SENT DATE                         08151979
SENT START                        08151979

LOSS OF GT ON 8/3/02.

COMPUTED BY: F FOSTER                 DATE: 08/13/02

PRINTED BY.: F FOSTER                 DATE: 08/13/02

            M. Wilson  8/26/02

LOUISIANA STATE PENITENTIARY

ANGOLA, LOUISIANA

# CONDUCT REPORT

**NAME:**      George Brumfield
**REG. NO:**   89824
**DATE:**      January 18, 1980

| REPORT | BOARD ACTION |
|---|---|
| 1.  1-11-80   Contraband | 10 days isolation suspended 90 days. |
| 2.  3-31-80   Unsanitary Practices | 1 weeks store privileges. |
| 3.  10-8-80   Defiance, Disrespect | Combine 2 reports.  10 days isolation. |
| 4.  10-9-80   Theft | Combine 2 reports.  10 days isolation. |
| 5.  11-10-80  )Contraband( | 5 days isolation. |
| 6.  :11-14-80 )Aggravated Disobedience | 5 days isolation(credit for 3 days in Administrative lockdown) 21 days isolation, suspended 90 days. |
| 7.  5-21-82 ~~Malingering~~ | ~~Combine 2 reports, 10 days isolation and loss 15 days goodtime suspended 90 days.  dh~~ |
| 8.  5-22-82 ~~Malingering~~ | ~~Combine 2 reports, 10 days isolation and loss 15 days goodtime suspended 90 days.  dh~~ |
| 7.  11-23-82  Threat to Security | Return to quarters.  Incident Report.  dnj |
| 8.  12-14-82  Unauthorized Transaction | No action taken, return to quarters Incident Report.  dnj |
| 9.  2-19-83  Aggravated Disobedience | 4 days extra duty, suspended for 90 days.  dnj |
| 10.  3-24-83  Favoritism | 10 days isolation.    dnj |
| 11.  4-15-83  Threat to Security | Loss of 4 weeks plasma and transfer to Camp D Eagle #3, Orderly. Incident Report.  dnj |
| 12.  1-6-84  Fighting | 4 days extra duty, credit for time served, no extra duty suspended 90 days and Transfer to Falcon Dormitory.  dnj |

Note on reports 7 and 8 (struck through): "INMATE REMOVED REPORT/PORB FOR 60 DAYS", "REPORT REMOVED FROM RECORD 10-13-82"

# LOUISIANA STATE PENITENTIARY

### ANGOLA, LOUISIANA

## C O N D U C T   R E P O R T

NAME:   George Brumfield
REG. NO:   89824
DATE:

| R E P O R T | B O A R D   A C T I O N |
|---|---|
| 13. 4-16-84  Theft-Attempted | Uphold low court's decision of los of 2 weeks yard.  dnj |
| 14. 6-22-84  Threat to Security | RTQ. Incident Report. dnj |
|  INMATE REMAINED REPORT-FREE FOR 90 DAYS. REPORT REMOVED FROM RECORD | 2 |
| 15. 9-9-85  Agg. Work Offense | Reprimand and Warned.  dnj |
| 16. 11-2-85 Disobedience, Agg. | Reprimand & Warn. sr |
| 17. 2-9-88 Theft by Fraud | 2 wks Store; Susp. 90 days. cp |
| 18. 3-29-89  Disob. | Reprimand  cp |

## LOUISIANA DEPARTMENT OF PUBLIC SAFETY & CORRECTIONS

### CONDUCT REPORT

NAME: George Bromfield

DOC. #: 85834

DATE:

| | REPORT | | | BOARD ACTION | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| NO. | INCIDENT DATE | RULE NO. | HEARING DATE | REPRI-MAND | EXTRA DUTY | ISOLA-TION | FTE | RECOMMEND CHANGE (JOB, QTRS., INST.) | LOSS OF PRIVILEGES |
| 19 | 3-17-53 | I R | 3-19-53 | | | | | | Camp A 2-21 |
| 20 | 5-19-93 | 1A | 5-24-53 | ✓ | | | | | ← |
| 21 | 10-26-93 | 1A | 10-20-53 | | 2 dr | | | | ← |
| 22 | 10-15-54 | 12 | 10-17-54 10-18-94 10-20-84 | | 2 dw | | | susp 40 dw | ← |
| 23 | 8-11-55 | 4 | 8-14-95 | | | | | susp 60 dr | 10 h canter ← |
| 24 | 5-27-58 | I R | 10-6-55 10-7-95 | ✓ | | | | | ← |
| 25 | 2-18-58 | 28 | 2-19-58 | susp 90 dr 4 dw | | | | | ← |
| 26 | 3-6-01 | 1 | 3-7-01 3-20-01 3-22-01 3-27-01 | | | | | ⌀ — ext u/p | ← |
| 27 | 4-12-01 | 1 | 4-16-01 4-17-01 | | | | | 15 dr cc | ← |
| 28 | 7-31-01 | 4 | 8-1-01 8-7-01 | ✓ | 2 dr | | | | ← |
| 29 | 3-14-02 | 3 | 3-20-02 | susp 4 dw | | | | susp 40 dr w/c/B | ← |
| 30 | 8-2-02 | 1 | 8-5-02 8-6-02 | | | | 180 dr | 30 dr cc | ← |
| 31 | 8-3-02 | 22-3440 | 8-5-02 8-6-02 | | | | 180 dr | S — ext u/p | ← |
| 32 | 5-27-03 | 5 | 5-29-03 | susp 30 dr 8 dr c73 | | | | | ← |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

1